| | |
|---|---|
| 1 | BUCHALTER |
| | A Professional Corporation |
| 2 | MICHAEL B. FISHER (SBN: 203620) |
| | ANITA BAROONI (SBN: 312091) |
| 3 | 1000 Wilshire Boulevard, Suite 1500 |
| | Los Angeles, CA 90017-1730 |
| 4 | Telephone: 213.891.0700 |
| | Fax: 213.896.0400 |
| 5 | Email:  mbfisher@buchalter.com |
| 6 | Attorneys for Defendants |
| 7 | BUCHALTER, P.C., ERIC KENNEDY, and ASHLEY MILNES |

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| JANE DOE, an individual, | Case No. 2:21-CV-09747 |
| Plaintiff, | **DEFENDANTS' BUCHALTER, P.C., ERIC KENNEDY, AND ASHLEY MILNES NOTICE OF MOTION AND MOTION TO DISMISS UNDER RULE 12(B)(6); MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF** |
| vs. | |
| CURTIS R. OLSON, an individual; LEONARD KYLE DYKSTRA, an individual; RYAN VOGT-LOWELL, an individual and in his capacity as an officer of the court; ERIC KENNEDY, an individual and in his capacity as an officer of the court; ASHLEY MILNES, an individual and in his capacity as an officer of the court; BUCHALTER, P.C., a California professional corporation; LAMDIEN LE, an individual and in his capacity as an officer of the court; SLAUGHTER, REAGAN & COLE, LLP, a Limited Liability Partnership: MARLENE BURRIS, an individual and in her judicial officer capacity as a court reporter; DEBRA RIVERA, an individual and in her judicial officer capacity as a court reporter; MICHAEL CONVEY, as an individual and in his official capacity as Justice of the Superior Court of Los Angeles County; EMILY SPEAR, as an individual and in her official capacity as Justice of the Superior Court of Los Angeles County and as Deputy District Attorney of Los Angeles County; CINDY KIM an individual and in her judicial officer capacity as Court Clerk; and Judicial Assistant; DEPUTY SHERIFF OFFICER DOE KOO an individual and his official Deputy Sheriff capacity and in DOES 1-40, inclusive, | Date:     February 15, 2022<br>Time:     10:00 a.m.<br>Court:    580<br>Judge:   Magistrate Judge<br>              Patricia Donahue |
| Defendants. | |

**TO THE COURT, TO THE PARTIES, AND TO THEIR COUNSEL OF RECORD:**

**PLEASE TAKE NOTICE** that on Tuesday, February 15, 2022 at 10:00 a.m. in Courtroom 580 of the above captioned court, located at 255 East Temple Street, 5th Floor, Los Angeles, CA 90012, Defendants ERIC KENNEDY, ASHLEY MILNES, and BUCHALTER, P.C. (collectively the "Buchalter Defendants") will and hereby do move this Court as follows:

**To dismiss each and all of the following claims pursuant to Code of Civil Procedure Section 12(b)(6):**

(a) The first cause of action for fraud;

(b) The second cause of action for deprivation of civil rights under 42 U.S.C. § 1983;

(c) The third cause of action for conspiracy to violate civil rights under 42 U.S.C. § 1983;

(d) The eighth cause of action for misprision of felony under 18 U.S.C. § 4;

(e) The ninth cause of action for obstruction of justice under 18 U.S.C. §1503 and Cal. Penal Code §132, §134, and § 135;

(f) The eleventh cause of action for retaliation;

(g) The twelfth cause of action for stalking;

(h) The thirteenth cause of action for intrusion into private affairs;

(i) The fourteenth cause of action for negligent infliction of emotional distress;

(j) The fifteenth cause of action for intentional infliction of emotional distress;

(k) The sixteenth cause of action for conspiracy;

(l) The seventeenth cause of action for witness tampering;

(m) The eighteenth cause of action for unjust enrichment;

(n) The nineteenth cause of action for sexual harassment.

1  Defendants move to dismiss each of these claims on the grounds that they do not state
2  a claim on which relief can be granted.
3      Pursuant to Local Rule 16-12 this Motion is exempt from the conference of
4  counsel required by Local Rule 7-3 because Plaintiff is appearing pro se and is not
5  an attorney.
6      This Motion is based on this Notice of Motion, the attached Memorandum of
7  Points and Authorities, and all the pleadings, records and documents on file in this
8  action, and such additional written and oral argument as may be presented prior to or
9  at the hearing on this Motion.

DATED:  December 23, 2021        BUCHALTER
                                 A Professional Corporation


                                 By:  /s/ Michael B. Fisher
                                      MICHAEL B. FISHER
                                      ANITA BAROONI
                                      Attorneys for Defendants
                                      BUCHALTER, P.C., ERIC KENNEDY,
                                      and ASHLEY MILNES

# TABLE OF CONTENTS

Page

I. INTRODUCTION ........................................................................................... 1

II. STATEMENT OF FACTS ............................................................................. 1

III. LEGAL STANDARD ..................................................................................... 2

IV. ARGUMENT .................................................................................................. 3

    A. Plaintiff's Fraud Claim Against the Buchalter Defendants Fails Because It Is Not Plead with Requisite Particularity .......................... 3

    B. Plaintiff's Section 1983 Claims Fail Because the Buchalter Defendants are Not State Actors ...................................................... 4

    C. Plaintiff's Causes of Action Under the Cited Federal Statues Fail Because Neither 18 U.S.C. § 4 Nor U.S.C. § 1503 Create Private Rights of Action .............................................................................. 5

    D. Plaintiff's Causes of Action Under the Cited California Penal Code Sections Also Fail Because the Statues Do Not Create Private Rights of Action .............................................................................. 6

    E. Plaintiff's Cause of Action for Retaliation Under the Fair Housing and Employment Act Fails Because the Buchalter Defendants are Not and Have Never Been Plaintiff's Landlord .................................. 6

    F. Plaintiff's Causes of Action for Stalking and Intrusion into Private Affairs Fail .................................................................................... 7

    G. Plaintiff Has Failed to Allege Negligence Giving Rise to a Claim for Negligent Infliction of Emotional Distress .................................. 7

    H. Plaintiff Has Failed to Allege Facts Supporting a Claim for the Intentional Infliction of Emotional Distress .......................................... 8

    I. Plaintiff Has Failed to Allege Facts Supporting a Claim for Conspiracy .................................................................................... 9

    J. Unjust Enrichment is Not a Cause of Action ...................................... 9

    K. Plaintiff Has Failed to Allege Sexual Harassment ............................ 10

V. CONCLUSION ............................................................................................ 10

# TABLE OF AUTHORITIES

Page(s)

**Federal Cases**

*Apollo v. Peake*,
　306 F. App'x 584 (Fed. Cir. 2009) ................................................................. 5

*Ashcroft v. Iqbal*,
　129 S.Ct. 1937 (2009) ..................................................................................... 5

*Ashcroft v. Iqbal*,
　556 U.S. 662 (2009) .................................................................................. 2, 7

*Bell Atl. Corp. v. Twombly*,
　550 U.S. 544 (2007) .................................................................................. 2, 5

*Desaigoudar v. Meyercord*,
　223 F.3d 1020 (9th Cir. 2000) ....................................................................... 3

*Duste v. Chevron Prods. Co.*,
　738 F.Supp.2d 1027 (N. D. Cal. 2010) .......................................................... 8

*Forsyth v. Humana, Inc.*,
　114 F.3d 1467 (9th Cir.1997), judgment aff'd, 525 U.S. 299 S.Ct.
　710 (1999) ...................................................................................................... 5

*In re Gilead Scis. Sec. Litig.*,
　536 F.3d 1049 (9th Cir. 2008) ....................................................................... 2

*Gompper v. VISX, Inc.*,
　298 F.3d 893 (9th Cir. 2002) ......................................................................... 2

*Jackson v. Metro. Edison Co.*,
　419 U.S. 345 (1974) ....................................................................................... 4

*Lacey v. Maricopa Cty.*,
　693 F.3d 896 (9th Cir.2012) (en banc) .......................................................... 5

*Opera Plaza Residential Parcel Homeowners Ass'n v. Hoang*,
　376 F.3d 831 (9th Cir. 2004) ......................................................................... 5

**Table of Authorities continued**

Page

*Ove v. Gwinn*,
    264 F.3d 817 (9th Cir. 2001) .................................................................................. 10

*Schwenk v. Hartford*,
    204 F.3d 1187 (9th Cir. 2000) ................................................................................ 10

*Steele v. City of San Diego*,
    726 F.Supp. 2d 1172 (S. D. Cal. 2010) ................................................................... 8

*Swartz v. KPMG LLP*,
    476 F.3d 756 (9th Cir. 2007) ................................................................................... 2

*Thompson v. Davis*,
    295 F.3d 890 (9th Cir. 2002) ................................................................................... 2

*Thompson v. Thompson*,
    484 U.S. 174 (1988) ................................................................................................ 5

*Vess v. Ciba-Geigy Corp. USA*,
    317 F.3d 1097 (9th Cir. 2003) ................................................................................. 3

*Webber v. First Student, Inc.*,
    928 F. Supp. 2d 1244 (D. Or. 2013) ........................................................................ 4

*Wolotsky v. Huhn*,
    960 F.2d 1331 (6th Cir. 1992) ................................................................................. 4

**California Cases**

*Choate v. County of Orange* (2000)
    86 Cal.App. 4th 312 ................................................................................................ 9

*Christensen v. Sup. Ct.*,
    54 Cal. 3d 868 (1991) ............................................................................................. 7

*Dinosaur Development, Inc. v. White* (1989)
    216 Cal. App. 3d 1310 .......................................................................................... 10

*Khan v. Shiley*,
    217 Cal.App.3d 848 (1990) ..................................................................................... 7

**Table of Authorities continued**

BUCHALTER
A PROFESSIONAL CORPORATION
LOS ANGELES

MOTION TO DISMISS UNDER RULE 12(B)(6)
BN 48746788v4

Case No. 2:21-CV-09747

| | Page |
|---|---|
| *Lauriedale Associates, Ltd. v. Wilson* (1992)<br>7 Cal.App.4th 1439 | 9 |
| *Moon v. Guardian Postacute Servs.*,<br>95 Cal. App. 4th 1005 (2002) | 7 |
| *Potter v. Firestone Tire and Rubber Co.*,<br>6 Cal. 4th 965 (1993) | 7 |
| *Robbins v. Hamburger Home for Girls* (1995)<br>32 Cal.App.4th 671 | 4 |

**Federal Statutes**

18 U.S.C.
§ 1503 .......................................................................................................... 5

42 U.S.C.
§ 1983 ................................................................................................. 3, 4, 5

Fair Housing and Employment Act ............................................................. 6

**California Statutes**

California Civil Code
§ 1708.7 ....................................................................................................... 7
§ 1708.7(a) ................................................................................................... 7

California Government Code
§ 12955(f) .................................................................................................... 6
§ 12966 ........................................................................................................ 6

California Penal Code
§§ 132, 134, 135 and 136.1 ........................................................................ 6

**Other Authorities**

Federal Rule of Civil Procedure 9(b) .......................................................... 3

Federal Rule of Civil Procedure 12(b)(6) ................................................... 2

Restatement of Torts .................................................................................... 8

BUCHALTER
A PROFESSIONAL CORPORATION
LOS ANGELES

iii

MOTION TO DISMISS UNDER RULE 12(B)(6)    Case No. 2:21-CV-09747
BN 48746788v4

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

Even accepting all of Plaintiff's fanciful allegations as true, Plaintiff's Complaint fails to allege any viable causes of action against Defendants Eric Kennedy, Esq. ("Attorney Kennedy") and Ashley Milnes, Esq. ("Attorney Milnes") of Buchalter, P.C. (collectively the "Buchalter Defendants")[1]. Plaintiff's Complaint is rife with ambiguous and often unintelligible legal conclusions. The present Complaint is nothing more that Plaintiff's frantic effort to continue her campaign of litigation against Defendant Curtis R. Olson ("Defendant Olson").

## II. STATEMENT OF FACTS

Although Plaintiff has initiated this action under the pseudonym "Jane Doe," she has an extensive history of litigation with Curtis R. Olson ("Defendant Olson") dating back to 2015 (*see* Los Angeles County Superior Court Case Nos. SC126806, 17SMRO00308, SC128027). Plaintiff is a serial litigant who, over the course of five years, has unleashed a legal barrage against Defendant Olson. She has filed two administrative actions (which she lost), two restraining order actions (one of which she lost, the other of which was dismissed), and three civil actions.

In order to defend himself from Plaintiff's multiple suits, Defendant Olson retained Defendants Eric Kennedy, Esq. ("Attorney Kennedy") and Ashley Milnes, Esq. ("Attorney Milnes") of Buchalter, P.C. (collectively the "Buchalter Defendants"). Plaintiff has pursued Defendant Olson with allegations of stalking, harassment, invasion of privacy, and assault for years. This has resulted in damage to Defendant Olson's personal and professional reputation and relationships, and caused him to waste immeasurable hours and tens of thousands of dollars defending himself.

---

[1] Though Plaintiff's Complaint names Buchalter, P.C., it does not contain any independent allegations as to Buchalter. All claims against Buchalter are derivative of the claims against Defendants Eric Kennedy and Ashley Milnes by virtue of their employment at the firm.

Apparently dissatisfied with her endless litigation against Defendant Olson, and undaunted by her consistent defeats, Plaintiff has now initiated the present action, which names a sitting judge, a court reporter, and Defendant Olson's attorneys at Buchalter, P.C. as defendants.

## III. LEGAL STANDARD

To survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), the complaint "must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A party cannot avoid dismissal if a pleading merely "tenders naked assertions devoid of further factual enhancement." *Id*. (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557 (2007)).

Although a court must assume the truth of factual allegations in the complaint, *Thompson v. Davis*, 295 F.3d 890, 895 (9th Cir. 2002), this requirement does not apply to legal conclusions. *Iqbal*, 556 U.S. at 678-79. "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Id*. at 679. A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement." *Id*. at 557. The court need not accept "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *In re Gilead Scis. Sec. Litig*., 536 F.3d 1049, 1055 (9th Cir. 2008).

In ruling on a 12(b)(6) motion, a court may generally consider only "allegations contained in the pleadings, exhibits attached to the complaint, and matters properly subject to judicial notice" as well as a writing referenced in and relied upon in a complaint. *Swartz v. KPMG LLP*, 476 F.3d 756, 763 (9th Cir. 2007). When it is clear that "the complaint could not be saved by any amendment," a court may dismiss a claim with prejudice. *Gompper v. VISX, Inc.*, 298 F.3d 893, 898 (9th Cir. 2002).

BUCHALTER
A PROFESSIONAL CORPORATION
LOS ANGELES

2

MOTION TO DISMISS UNDER RULE 12(B)(6)
BN 48746788v4

Case No. 2:21-CV-09747

## IV. ARGUMENT

### A. Plaintiff's Fraud Claim Against the Buchalter Defendants Fails Because It Is Not Plead with Requisite Particularity

A heightened pleading standard applies to Plaintiff's fraud cause of action. Under Federal Rule of Civil Procedure 9(b), "[i]n all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity." As the Ninth Circuit puts it, fraud must be pled "with a high degree of meticulousness." *Desaigoudar v. Meyercord*, 223 F.3d 1020, 1022-1023 (9th Cir. 2000). In other words, "[a]verments of fraud must be accompanied by 'the who, what, when, where, and how' of the misconduct charged ..." *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1106 (9th Cir. 2003).

Plaintiff's Complaint fails to meet the particularity standard requisite for a cause of action for fraud. Indeed the Complaint is wholly silent as to the "who, what, when, where, and how" of Attorney Milnes' alleged misconduct. The Complaint merely concludes, without more, that Attorney Milnes aided and abetted the remaining defendants to alter court transcripts. (*See* Complaint ¶ 192.) The Complaint is devoid of when or how Attorney Milnes undertook this alleged wrongdoing, and per the Complaint, Attorney Milnes was not even present at the hearing in question. (*See* Complaint ¶¶ 115-130.)

The Complaint is equally devoid of when or how Attorney Kennedy aided in the alleged alteration of court transcripts. (*See* Complaint ¶ 126.) Plaintiff points to the occurrence of an "extra-long break" to somehow construe that Attorney Kennedy conspired with the remaining defendants to counterfeit the official court transcript. Glaringly absent is how this was achieved and who specifically undertook the action. Plaintiff has failed to specify who in particular was responsible for the alleged transcript alteration.

//
//

## B. Plaintiff's Section 1983 Claims Fail Because the Buchalter Defendants are Not State Actors

"[P]rivate parties ordinarily are not subject to suit under [section 1983], unless, sifting the circumstances of the particular case, the state has so significantly involved itself in the private conduct that the private parties may fairly be termed state actors. Among the factors considered are whether the state subsidized or heavily regulated the conduct, or compelled or encouraged the particular conduct, whether the private actor was performing a function which normally is performed exclusively by the state, and whether there was a symbiotic relationship rendering the conduct joint state action." *Robbins v. Hamburger Home for Girls*, 32 Cal. App. 4th 671, 683, (1995) internal citations omitted.) State action exists if, based on history and tradition, the government has been the only entity to perform the function or wield the power at issue. (*Jackson v. Metro. Edison Co.*, 419 U.S. 345 (1974).

To demonstrate state action through conspiracy, there must be a meeting of the minds to violate federally protected rights. Plaintiffs must specifically show: (1) a common goal to violate federally protected rights; and (2) overt actions in furtherance of that goal. (See *Webber v. First Student, Inc.*, 928 F. Supp. 2d 1244, 1258-59 (D. Or. 2013) (citing *Franklin v. Fox*, 312 F.3d 423, 441 (9th Cir. 2002)).) Willful participation in a government action to deprive federal rights requires active, voluntary participation which is more than a private party's use of statutorily authorized government processes or assistance (*Wolotsky v. Huhn*, 960 F.2d 1331, 1335 (6th Cir. 1992).)

Plaintiff's second cause of action is based on 42 U.S.C. §1983, and her third cause of action alleges conspiracy to deprive her of her civil rights. These claims must fail because they fail to allege how the Buchalter Defendants are state actors or how they willfully participated in a deprivation of Plaintiff's rights.

Though attorneys are licensed under state law, this does not automatically

BUCHALTER
A PROFESSIONAL CORPORATION
LOS ANGELES

4

MOTION TO DISMISS UNDER RULE 12(B)(6)
BN 48746788v4

Case No. 2:21-CV-09747

make them state actors. Attorneys Kennedy and Milnes are private parties who were retained by Defendant Olson to represent him in litigation. The complaint suggests that Attorney Kennedy and Attorney Milnes should be deemed state actors because they conspired with state actors such as the state court judges. But the allegations of conspiracy or joint action are either conclusory or speculative and thus fail to satisfy the pleading requirements under *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), and *Ashcroft v. Iqbal*, 129 S.Ct. 1937 (2009). Plaintiff's causes of action based on 42 U.S.C. §1983 should be dismissed.

### C. Plaintiff's Causes of Action Under the Cited Federal Statues Fail Because Neither 18 U.S.C. § 4 Nor U.S.C. § 1503 Create Private Rights of Action

There is no private right of action to enforce a criminal statute unless the intent to create a private right of action is expressed in the statute or clearly implied. *Thompson v. Thompson*, 484 U.S. 174, 179 (1988). The plaintiff has the burden to establish that a criminal statute confers a private right of action. *Opera Plaza Residential Parcel Homeowners Ass'n v. Hoang*, 376 F.3d 831, 835 (9th Cir. 2004).

Plaintiff has failed to provide any authority that supports a private right of action under 18 U.S.C. § 4. See *Apollo v. Peake*, 306 F. App'x 584, 586-87 (Fed. Cir. 2009) ("We are aware of no authority for the proposition that an alleged violation of the federal misprision of felony statute gives rise to a private right of action.").

Plaintiff has similarly failed to identify any precedential decision holding that Congress created a private cause of action under any obstruction-of-justice statute under U.S.C. § 1503, and there is ample persuasive authority to the contrary. A Ninth Circuit panel plainly held, in a published decision overruled on unrelated grounds, "18 U.S.C. § 1503 is a criminal statute that does not provide for a private right of action." *Forsyth v. Humana, Inc.*, 114 F.3d 1467, 1482 (9th Cir.1997), judgment aff'd, 525 U.S. 299, 119 S.Ct. 710 (1999), overruled o.g. by *Lacey v.*

5

BUCHALTER
A PROFESSIONAL CORPORATION
LOS ANGELES

MOTION TO DISMISS UNDER RULE 12(B)(6)
BN 48746788v4

Case No. 2:21-CV-09747

*Maricopa Cty.*, 693 F.3d 896 (9th Cir.2012) (en banc). Accordingly, these causes of action should be dismissed.

### D. **Plaintiff's Causes of Action Under the Cited California Penal Code Sections Also Fail Because the Statues Do Not Create Private Rights of Action**

Plaintiff alleges that the Buchalter Defendants violated California Penal Code Sections 132, 134, and 135, 136.1. Moving Party has found no authority permitting private rights of action under any of these criminal statutes. Absent any legislative authority permitting a private cause of action, Plaintiff cannot bring causes of action under these criminal statues. Accordingly, Plaintiff has failed to state a claim upon which relief may be granted, warranting dismissal of the causes of action alleged under the California Penal Code.

### E. **Plaintiff's Cause of Action for Retaliation Under the Fair Housing and Employment Act Fails Because the Buchalter Defendants are Not and Have Never Been Plaintiff's Landlord**

Plaintiff cites Cal. Govt. Code § 12955(f) to support a retaliation claim against the Buchalter Defendants. Section 12966 states that it shall be unlawful:

> For any **owner of housing accommodations** to harass, evict, or otherwise discriminate against any person in the sale or rental of housing accommodations when the owner's dominant purpose is retaliation against a person who has opposed practices unlawful under this section, informed law enforcement agencies of practices believed unlawful under this section, has testified or assisted in any proceeding under this part, or has aided or encouraged a person to exercise or enjoy the rights secured by this part. Nothing herein is intended to cause or permit the delay of an unlawful detainer action. (*Emphasis added.*)

Plaintiff has failed to allege, and in fact cannot truthfully allege, that Attorney Kennedy, Attorney Milnes, or Buchalter, P.C. are her landlords or otherwise own the housing accommodations in which she resides. This cause of action must be dismissed as to the Buchalter Defendants because a plain language

BUCHALTER
A PROFESSIONAL CORPORATION
LOS ANGELES

6

MOTION TO DISMISS UNDER RULE 12(B)(6)
BN 48746788v4

Case No. 2:21-CV-09747

reading of the statute confirms that as a threshold matter, this code section does not apply to them.

### F. Plaintiff's Causes of Action for Stalking and Intrusion into Private Affairs Fail

California Civil Code § 1708.7(a) requires Plaintiff to plead with "independent corroborating evidence" that the Buchalter Defendants (1) "engaged in a pattern of conduct the intent of which was to follow, alarm, . . . or harass" Plaintiff, resulting in reasonable fear for his or a family member's safety or substantial emotional distress; (2) intentionally "made a credible threat"; and (3) that Plaintiff "clearly and definitively" demanded that the Buchalter Defendants stop that pattern of conduct.

Plaintiff offers nothing beyond "conclusions" that "are not entitled to the assumption of truth." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). Plaintiff's Complaint is wholly devoid of facts explaining how or when Attorneys Kennedy and Milnes threatened or engaged in a pattern of conduct intended to follow or harass Plaintiff. Indeed Plaintiff's complaint suggests that the only time she ever saw Attorneys Kennedy and Milnes, was in court. Nothing in Plaintiff's Complaint amounts to a credible threat under the confines of section 1708.7.

### G. Plaintiff Has Failed to Allege Negligence Giving Rise to a Claim for Negligent Infliction of Emotional Distress

There is generally no duty to avoid negligently causing emotional distress to another and, accordingly, there is no independent tort of negligent infliction of emotional distress. *Potter v. Firestone Tire and Rubber Co.*, 6 Cal. 4th 965, 984 (1993); *Christensen v. Sup. Ct.*, 54 Cal. 3d 868, 882 (1991) ("When damages are sought for negligently inflicted emotional distress, the tort is negligence regardless of the specific name that may be used to describe the tort...."). Because negligent infliction of emotional distress is not an independent tort but merely a part of the law of negligence, the usual negligence elements of duty, breach of duty, damages,

BUCHALTER
A PROFESSIONAL CORPORATION
LOS ANGELES

7

MOTION TO DISMISS UNDER RULE 12(B)(6)
BN 48746788v4

Case No. 2:21-CV-09747

and causation apply. *Khan v. Shiley*, 217 Cal. App. 3d 848, 856 (1990); *Moon v. Guardian Postacute Servs.*, 95 Cal. App. 4th 1005, 1009 (2002).

Plaintiff has failed to allege that the Buchalter Defendants owed her any duty of care and has failed to allege breach any breach of duty. Instead, Plaintiff's Complaint merely concludes that Defendants' conduct was outrageous and "negligently caused Plaintiff's emotional distress." (*See* Complaint ¶ 287-88.) This cause of action should be dismissed.

**H.     Plaintiff Has Failed to Allege Facts Supporting a Claim for the Intentional Infliction of Emotional Distress**

The elements for a claim of intentional infliction of emotional distress are: (1) extreme and outrageous conduct by the defendant with the intention of causing, or reckless disregard of the probability of causing, emotional distress; (2) the plaintiff's suffering severe or extreme emotional distress; and (3) actual and proximate causation of the emotional distress by the defendant's outrageous conduct. For conduct to be outrageous, it must be so extreme as to exceed all bounds of that usually tolerated in a civilized community. *Duste v. Chevron Prods. Co.,* 738 F.Supp.2d 1027, 1039 (N. D. Cal. 2010) (internal citations omitted.) See also *Steele v. City of San Diego*, 726 F.Supp. 2d 1172, 1190 (S. D. Cal. 2010).

The *Duste* court added that, "For conduct to be considered outrageous, it must be so extreme as to exceed all bounds of that usually tolerated in a civilized community." *Duste*, 738 F.Supp.2d at 1039 (internal citations omitted). Moreover, "Severe emotional distress is described as emotional distress of such substantial quantity or enduring quality that no reasonable man in a civilized society should be expected to endure it." *Id*. at 1040 (omitting internal citations). In *Steele*, the court pointed to the Restatement of Torts, which instructs that it is not enough to show insults, indignities, threats, annoyances, petty oppressions, or other trivialities. *Steele*, 726 F.Supp.2d at 1190 (internal citations omitted).

Plaintiff's allegations are nothing more than legal conclusions. Plaintiff has

BUCHALTER
A PROFESSIONAL CORPORATION
LOS ANGELES

8

MOTION TO DISMISS UNDER RULE 12(B)(6)
BN 48746788v4

Case No. 2:21-CV-09747

failed to allege how the conduct of Attorney Kennedy and Attorney Milnes was so outrageous as to exceed all bounds of that tolerated in a civilized community. A sampling of Plaintiff's allegations regarding Attorney Kennedy demonstrate that his conduct was neither outrageous nor extreme. (*See* Complaint ¶ 67, ¶ 120.). As to Attorney Milnes, the Complaint is devoid of any factual allegations regarding her conduct. Plaintiff's cause of action for intentional infliction of emotional distress must be dismissed.

### I. Plaintiff Has Failed to Allege Facts Supporting a Claim for Conspiracy

"To support a conspiracy claim, a plaintiff must allege the following elements: '(1) the formation and operation of the conspiracy, (2) wrongful conduct in furtherance of the conspiracy, and (3) damages arising from the wrongful conduct.'" *AREI II Cases* 216 Cal. App. 4th 1004, 1022 (2013). "Because civil conspiracy is so easy to allege, plaintiffs have a weighty burden to prove it. They must show that each member of the conspiracy acted in concert and came to a mutual understanding to accomplish a common and unlawful plan, and that one or more of them committed an overt act to further it. It is not enough that the conspiring officers knew of an intended wrongful act, they had to agree—expressly or tacitly—to achieve it. Unless there is such a meeting of the minds, 'the independent acts of two or more wrongdoers do not amount to a conspiracy.'" *Choate v. County of Orange*, 86 Cal. App. 4th 312, 333 (2000).

Plaintiff's Complaint contains pages of narrative regarding systematic bias and corruption, but fails to allege specific facts as to how all defendants, including the Buchalter Defendants, acted in concert to accomplish an unlawful plan. Plaintiff's cause of action for conspiracy should be dismissed.

### J. Unjust Enrichment is Not a Cause of Action

There is no cause of action in California for unjust enrichment. "The phrase 'Unjust Enrichment' does not describe a theory of recovery, but an effect: the result

BUCHALTER
A PROFESSIONAL CORPORATION
LOS ANGELES

9

MOTION TO DISMISS UNDER RULE 12(B)(6)
BN 48746788v4

Case No. 2:21-CV-09747

of a failure to make restitution under circumstances where it is equitable to do so." *Lauriedale Associates, Ltd. v. Wilson*, 7 Cal .App. 4th 1439, 1448 (1992).  Unjust enrichment is "a general principle, underlying various legal doctrines and remedies," rather than a remedy itself. *Dinosaur Development, Inc. v. White*, 216 Cal. App. 3d 1310, 1315 (1989). It is synonymous with restitution. (Id. at p. 1314.)

Plaintiff's Complaint alleges unjust enrichment in order to seek all the attorney's fees, costs, and sanctions awarded to Defendant Olson. (*See* Complaint ¶¶ 306-08.) In addition to being improperly plead, Plaintiff's Complaint, by its own admission, is a thinly-veiled attempt to circumvent a motion for reconsideration of attorney's fees in other cases.

### K.  Plaintiff Has Failed to Allege Sexual Harassment

Plaintiff sets forth no facts in her Complaint that give rise to recovery for sexual harassment. Sexual harassment can constitute a viable constitutional claim, but only where there is an allegation of at least some form of physical contact or assault. (*Schwenk v. Hartford*, 204 F.3d 1187, 1198 (9th Cir. 2000). Plaintiff's conclusory allegations of law and unwarranted inferences are insufficient to defeat a motion to dismiss. (*Ove v. Gwinn*, 264 F.3d 817, 821 (9th Cir. 2001).

The Complaint is wholly devoid of any factual allegations regarding any form of physical contact by Attorney Kennedy. Moreover, leaving references to sexual harassment in the Complaint is extremely prejudicial to Attorney Kennedy, especially where there are no facts supporting such a charge. Plaintiff's cause of action for sexual harassment must therefore be dismissed.

### V.  CONCLUSION

For all the foregoing reasons, Plaintiff's enumerated causes of action should be dismissed for failure to state a claim upon which relief may be granted.

BUCHALTER
A PROFESSIONAL CORPORATION
LOS ANGELES

10

MOTION TO DISMISS UNDER RULE 12(B)(6)
BN 48746788v4

Case No. 2:21-CV-09747

| | | |
|---|---|---|
| 1 | DATED: December 23, 2021 | BUCHALTER<br>A Professional Corporation |
| 2 | | |
| 3 | | |
| 4 | | By: /s/ Michael B. Fisher<br>    MICHAEL B. FISHER |
| 5 | | ANITA BAROONI<br>Attorneys for Defendants |
| 6 | | BUCHALTER, P.C., ERIC KENNEDY,<br>and ASHLEY MILNES |

# PROOF OF SERVICE

**JANE DOE vs. CURTIS R. OLSON, et al**
**USDC CASE NO. 2:21-CV-09747**

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action. My business address is at BUCHALTER, A Professional Corporation, 1000 Wilshire Boulevard, Suite 1500, Los Angeles, California 90017

On the date set forth below, I served the foregoing document described as:

**DEFENDANTS' BUCHALTER, P.C., ERIC KENNEDY, AND ASHLEY MILNES NOTICE OF MOTION AND MOTION TO DISMISS UNDER RULE 12(B)(6); MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**

on all other parties and/or their attorney(s) of record to this action by ☐ email ☐ faxing and/or ☒ placing a true copy thereof in a sealed envelope as follows:

Jane Doe
9461 Charleville Blvd #259
Beverly Hills, CA 90212

☒       **BY MAIL**   I am readily familiar with the business' practice for collection and processing of correspondence for mailing with the United States Postal Service. The address(es) shown above is(are) the same as shown on the envelope. The envelope was placed for deposit in the United States Postal Service at Buchalter in Los Angeles, California on December 23, 2021. The envelope was sealed and placed for collection and mailing with first-class prepaid postage on this date following ordinary business practices.

☒       I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct to the best of my knowledge. Executed on December 23, 2021, at Los Angeles, California.

| Janet E. Gass | /s/ *Janet E. Gass* |
|---|---|
|  | (Signature) |