1  ANDREW J. WAXLER (SBN 113682)
   ROBERT S SILVER (SBN 159405)
2  KAUFMAN DOLOWICH & VOLUCK LLP
   11755 Wilshire Blvd., Ste. 2400
3  Los Angeles, California 90025
   Telephone:  (310) 775-6511
4  Facsimile:  (310) 575-9720
   Email:  awaxler@kdvlaw.com
5  Email:  rsilver@kdvlaw.com

6  Attorneys for Defendants
   LAMDIEN LE and SLAUGHTER, REAGAN & COLE LLP
7

8              UNITED STATES DISTRICT COURT

9              CENTRAL DISTRICT OF CALIFORNIA

10 JANE DOE, an individual,                    )  Case No.
                                               )  2:21-CV-09747-SB-PD
11              Plaintiff,                      )
                                               )  [Assigned to
12      vs.                                     )  Magistrate Judge Patricia
                                               )  Donahue]
13 CURTIS R. OLSON, an individual; LEONARD     )
   KYLE DYKSTRA, an individual; RYAN           )  **DEFENDANTS LAMDIEN**
14 VOGT-LOWELL, an individual and in his       )  **T. LE'S AND SLAUGHTER,**
   capacity as an officer of the court; ERIC   )  **REAGAN & COLE, LLP'S**
15 KENNEDY, an individual and in his capacity as )  **NOTICE OF MOTION AND**
   an officer of the court; ASHLEY MILNES, an  )  **SPECIAL MOTION TO**
16 individual and in his capacity as an officer of the )  **STRIKE PLAINTIFF'S**
   court; BUCHALTER, P.C., a California         )  **FIRST AMENDED**
17 professional corporation; LAMDIEN LE, an     )  **COMPLAINT PURSUANT**
   individual and in his capacity as an officer of the )  **TO CODE OF CIVIL**
18 court; SLAUGHTER, REAGAN & COLE, LLP,       )  **PROCEDURE SECTION**
   a Limited Liability Partnership; MARLENE     )  **425.16; MEMORANDUM**
19 BURRIS, an individual and in her judicial officer )  **OF POINTS AND**
   capacity as a court reporter; DEBRA RIVERA,  )  **AUTHORITIES IN**
20 an individual and in her judicial officer capacity )  **SUPPORT THEREOF**
   as a court reporter; MICHAEL CONVERY, as    )
21 an individual and in his official capacity as  )  [Filed concurrently with
   Justice of the Superior Court of Los Angeles  )  Declarations of Lamdien T. Le
22 County; EMILY SPEAR, an individual and in    )  and Guillermo Partida; Request
   her official capacity as Justice of the Superior )  for Judicial Notice]
23 Court of Los Angeles County and as Deputy    )
   District Attorney of Los Angeles County;     )
24 CINDY KIM an individual and in her judicial   )  Date:     February 4, 2022
   officer capacity as Court Clerk; and Judicial )  Time:     8:30 a.m.
25 Assistant; DEPUTY SHERIFF OFFICER DOE       )  Court:    580
   KOO an individual and his official Deputy     )
26 Sheriff capacity and in DOES 1-40, inclusive, )
                                               )
27              Defendants.                     )
   _____ )
28

                                    1
─────────────────────────────────────────────────────────

**PLEASE TAKE NOTICE** that on February 4, 2022, at 8:30 a.m., or as soon thereafter as counsel may be heard in Dept. 580 of the above-entitled Court located at 350 West 1st Street, Los Angeles, California, Defendants LAMDIEN T. LE ("Le") and SLAUGHTER, REAGAN & COLE LLP ("SRC", separately and collectively with "Le") will, and hereby do, bring a special motion to strike the FAC ("FAC") of Plaintiff Jane Doe ("Plaintiff" or "Doe") pursuant to California *Code of Civil Procedure* section 425.16.

This motion is made on the ground, among others, that the FAC, as directed to SRC, is premised entirely on the "right of petition or free speech" in connection with SRC's litigation activity on behalf of clients. Accordingly, the allegations of the FAC fall squarely within the ambit of Section 425.16, shifting the burden to Doe to demonstrate a probability of prevailing on her claims against SRC. Doe will be unable to meet her burden because: (1) SRC's conduct is absolutely protected by California's litigation privilege, embodied in Civil Code section 47(b); (2) Doe lacks standing to bring her claims against SRC; (3) Doe fails to state a cause of action against SRC; and (4) Doe failed to comply with the pre-filing requirements of Civil Code Section 1714.10.

In addition to dismissal with prejudice, SRC hereby requests an award of attorneys' fees and costs incurred in bringing this motion against Doe, as is mandated by California *Code of Civil Procedure* section 425.16(c), with the amount of such award to be determined by a separate noticed motion.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

This special motion to strike pursuant to section 425.16 is based upon this Notice of Motion, the attached Memorandum of Points and Authorities, the concurrently filed Declarations of Lamdien T. Le and Guillermo Partida, the concurrently filed Request for Judicial Notice, the records and files herein, and on such oral and documentary evidence as may be presented at the hearing of this motion.

Dated: December 30, 2021          KAUFMAN DOLOWICH & VOLUCK LLP


By:       /s/ Andrew J. Waxler
          ANDREW J. WAXLER
          ROBERT SCOTT SILVER
          Attorneys for Defendants
          LAMDIEN T. LE and
          SLAUGHTER, REAGAN & COLE, LLP

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

TABLE OF CONTENTS

I.      INTRODUCTION .......................................................................... 9

II.     ALLEGATIONS OF THE FAC AND FACTUAL
        BACKGROUND ........................................................................ 10

        A. Backgound Allegations……………………………………….10.

        B. Doe Files Her "Sex Abuse Lawsuit"in 2016.……………………….11.

        C. SRC is Hired to Defend the HOA and Le Allegedly Threatens Doe…….11

        D. Olson's Cross-FAC……………………………………………….12

        E. Enter Dykstra………………………………………………….12

        F. Doe Allegedly Stalked and Doe Files for a Restraining Order…………..12

        G. Le Testifies as a Witness in Does Restraining Order Trial…………...13

        H. Doe's Difficulties with Judge Spear………………………………….13

III.    THE DISTRICT COURT HAS AUTHORITY TO RULE ON
        SRC'S ANTI-SLAPP MOTION ................................................ 14

IV.     LEGAL STANDARDS GOVERNING ANTI-SLAPP
        MOTIONS ................................................................................... 15

V.      DOE'S CLAIMS AGAINST SRC/LE ARISE FROM
        PROTECTED ACTIVITY .......................................................... 16

        A. Le's Telephone Call with Doe was Protected Activity ........................... 17

        B. Le's Testifying as a Witness Was Protected Activity .............................. 18

VI.     PLAINTIFF CANNOT SUSTAIN HER BURDEN OF
        SHOWING A PROBABILITY OF PREVAILING ON HER
        CLAIMS ...................................................................................... 19

        A. Doe's Claims Are Conclusively Barred by the Litigation Privilege…….19

        B. Doe's FAC Violates *Civil Code* Section 1714.10 .................................... 21

        C. Doe's Claims are Barred by Statutes of Limitations ................................ 22

            1. Negligent/Intentional Infliction of Emotional Distress .................. 22

            2. Discrimination Under the Government Code ................................. 22

            3. Sexual Harassment………………………………………………….23

4

D. SRC Did Not Act Under Color of State Law……………………………...23

E. Doe Fails to State Facts to Support the Causes of Action……………... 25

VII.   CONCLUSION .............................................................................................25

DEFENDANTS' LAMDIEN T. LE AND SLAUGHTER, REAGAN & COLE, LLP'S NOTICE OF MOTION
AND MOTION TO STRIKE PLAINTIFF'S FIRST AMENDED COMPLAINT PURSUANT TO C.C.P. 425.16

1

## TABLE OF AUTHORITIES

2

**<u>Cases</u>**

3

*Action Apartment Assn., Inc. v. City of Santa Monica,*

4

    41 Cal.4th 1232 (2007)........................................................................20

5

*Berg & Berg Enterprises, LLC v. Sherwood Partners, Inc.,*

6

    131 Cal.App.4th 802, 821 (2005) ....................................................21

7

*Brentwood Acad. v. Tennessee Secondary Sch. Athletic Ass'n.,*

8

    531 U.S. 288 (2001) ........................................................................23

9

*Copple v. Astrella & Rice, P.C.,*

10

    442 F. Supp. 2d 829 (N.D. Cal. 2006) ...........................................24

11

*Dennis v. Sparks,*

12

    449 U.S. 24 (1980) ....................................................................23, 24

13

*Doctors' Co. Ins. Services v. Superior Court,*

14

    49 Cal.3d 39 (1990)..........................................................................20

15

*Edwards v. Centex Real Estate Corp.,*

16

    53 Cal.App.4th 15 (1997)................................................................19

17

*Equilon Enterprises, LLC v. Consumer Cause, Inc.,*

18

    29 Cal.4th 53 (2002).......................................................................16

19

*Flately v. Mauro,*

20

    39 Cal.4th 299 (2006)................................................................18, 19

21

*Harris v. King,*

22

    60 Cal.App.4th 1185 (1998)...........................................................19

23

*Kashian v. Harriman,*

24

    98 Cal.App.4th 892 (2002)........................................................19, 20

25

*Kibler v. Northern Inyo County Local Hosp. Dist.,*

26

    39 Cal.4th 192 (2006)......................................................................15

27

*Lee v. Katz*, 276 F.3d 550

28

    (9th Cir. 2002) .................................................................................23

1   *Likeness Licensing Litigation,*
2        724 F.3d 1268 (9th Cir. 2013) ........................................................................ 14
3   *Malin v. Singer*,
4        217 Cal.App.4th 1282 (2013) ......................................................................... 18
5   *Maloney v. T3Media, Inc.*,
6        94 F.Supp.3d 1128 (C.D. Cal. 2015) .............................................................. 14
7   *Mansell v. Otto,*
8        108 Cal.App.4th 265 (2003) .................................................................... 19, 21
9   *Mattco Forge, Inc. v. Arthur Young & Co.*,
10       5 Cal.App.4th 392 (1992) ............................................................................... 20
11  *Naffe v. Frey*,
12       789 F.3d 1030 (9th Cir. 2015) ........................................................................ 24
13  *Nguyen v. Proton Technology Corp.*,
14       69 Cal.App.4th 140 (1999) ............................................................................. 20
15  *Polk County v. Dodson*,
16       454 U.S. 312 (1981) ........................................................................................ 24
17  *Premier Medical Mgmt. Systems, Inc. v. California Ins. Guar. Ass'n*.,
18        136 Cal.App.4th 464 (2006) ........................................................................... 19
19  *Rubin v. Green,*
20       4 Cal.4th 1995 (1993) ..................................................................................... 20
21  *Rusheen v. Cohen*
22       37 Cal.4th 1047 (2006) ................................................................................... 16
23  *Schucker v. Rockwood*,
24       846 F.2d 1202 (9th Cir. 1988) ........................................................................ 24
25  *Silberg v. Anderson,*
26       50 Cal.3d 205 (1990) ............................................................................... 19, 20
27  *Soukup v. Law Offices of Herbert Hafif*,
28       39 Cal.4th 260 (2006) ..................................................................................... 17

7

*Thayer v. Kabateck Brown Kellner LLP,*

   207 Cal.App.4th 141 (2012)............................................................ 16

*Thomas v. Fry's Electronics, Inc.,*

   400 F.3d 1206 (9th Cir. 2005)........................................................ 13

*TRW, Inc. v. Superior Ct.,*4

   25 Cal. App. 4th 1834 (1994)......................................................... 25

*West v. Atkins,*

   487 U.S. 42 (1988) ......................................................................... 23

**Statutes**

18 U.S.C. § 4 ........................................................................................ 14

18 U.S.C. 1503 ..................................................................................... 14

42 U.S.C. 1983 ............................................................................... 14, 24

Cal. Penal Code 132 ............................................................................ 14

*Civil Code* section 1714.10.............................................................*passim*

*Civil Code* section 47(b) ........................................................................ 9

*Code of Civil Procedure* section 425.16...........................................*passim*

*Gov't. Code* § 12927 ............................................................................ 22

*Gov't. Code* § 12989 ............................................................................ 22

Gov't. Code § 12955 ............................................................................ 14

**Other Authorities**

5 *Witkin,* Summary of California Law, *Torts* § 131 (10th Ed. 2005)...................... 19

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.   INTRODUCTION

As to Defendants Slaughter, Reagan & Cole, LLP and Lamdien T. Le (collectively, "SRC"[1]), the Court may properly and promptly dispose of the operative First Amended FAC ("FAC") of Jane Doe[2].  Doe's FAC stands as an object lesson of a "strategic lawsuit against public participation," or SLAPP. California *Code of Civil Procedure* section 425.16 (the "Anti-SLAPP statute") was enacted to specifically protect those involved in constitutionally protected activity from meritless litigation such as Doe's.

Doe's FAC as it pertains SRC is focused solely on SRC's representation of Curtis R. Olson ("Olson"), Olson's homeowners association, and other HOA members and management, in two still-pending underlying matters that, collectively, have been litigated for over half a decade and have spawned related legal proceedings.  Discontented with how the underlying matters have unfolded over the years, Doe has seen fit to sue her adversary's attorneys (e.g., SRC), along with various sitting Judges and their staff.  An attorney's representation of a client in litigation is constitutionally protected activity, and section 425.16 acts to protect SRC in the event Doe cannot establish a probability of prevailing on her claims.

As discussed below, Doe cannot establish a probability of prevailing on her claims. SRC's conduct is privileged under *Civil Code* section 47(b). This privilege creates an absolute bar to Doe's claims. And even if the privilege did not apply (and

---

[1] Because the FAC refers to alleged conduct committed by Le, SRC and Le are occasionally referred to separately for purposes of context.

[2] Defendants are unsure of why the "Jane Doe" convention is used in this matter, as the legal name of Plaintiff is well known the parties given that Doe has been in litigation with most of the parties named here in one capacity or another for over half a decade, and has testified in court in related matters using her legal name (e.g., the restraining order trial which Doe purports to describe in detail in the instant FAC).  That said, SRC will refer to Plaintiff as Jane Doe for purposes of this motion.

it plainly does), Doe cannot satisfy the elements necessary to sustain her claims. The sparse factual allegations of SRC's supposed conduct -- a "threatening" phone call from Le from over four years ago in connection with SRC's representation of its clients, and Le briefly testifying as a witness in a related restraining order hearing over three years ago – create a time bar to Doe's few stated tort claims. The claims Doe attempts to assert under various Penal Codes and federal statutes are all non-actionable by Doe as a private plaintiff in state civil suit. The balance of the Doe's claims (and really, the entire FAC) is grounded in an alleged "conspiracy" between SRC and its client(s) for which Doe failed to meet the mandatory pre-filing requirements under *Civil Code* section 1714.10, which further requires the striking of this FAC.

SRC is entitled to an award of the attorneys' fees and costs incurred in making this motion, the amount of which shall be determined by separate motion brought pursuant to *Code of Civil Procedure* section 425.16(c).

## II.   ALLEGATIONS OF THE FAC AND FACTUAL BACKROUND

The current FAC comes after half a decade of ongoing litigation by Doe against Olson and others. A detailed history of the actions and related proceedings is too long for the confines of a straightforward special motion to strike. Fortunately, despite Doe's extensive litigation history and the verbose FAC, the current allegations against SRC are sparse indeed and will prove dispositive here.

### A.  Background Allegations

Doe opens her FAC with a diatribe against the judicial system – in particular, the Family Law courts -- which Doe believes to be plagued by various systemic biases, and subject to corruption by judges, judicial officers, court reporters, and the like, who flout the law and alter official transcripts of proceedings to victimize women and minorities such as Doe. FAC, ¶¶ 1-4.

Doe goes on to provide a summary of her contentious relationship with her former landlord, Olson, and Olson's friend (and former professional baseball player)

Lenny Dykstra, and how Olson and Dykstra conspired with judges, attorneys, and court staff to victimize Doe over the course of various lawsuits and related legal proceedings, resulting in "financially ruinous" judgements against Doe. FAC, ¶¶ 5-20.

Doe explains that the purpose of this action is to undo the rulings, findings and judgements issued by Judges Convey, Spear, Weingart and Wilcox (and to dismiss Olson's suit pending before Judge Beaudet) as they are all the product of the previously described conspiracy and/or corruption.  She further seeks relief from various torts and other discriminatory conduct committed by Olson, Dykstra and others. FAC, ¶¶ 21-22.

**B.  Doe Files her "Sex Abuse Lawsuit" in 2016**

Doe alleges how she met Olson back in 2002, and the development of an abusive relationship with him, centering around the residential property development (the "HOA") where they both intermittently resided FAC, ¶¶ 44-58, culminating with Doe filing a "Sex Abuse Suit" against Olson "and his co-conspirators" on December 9, 2016. FAC, ¶59; FAC in *Doe v. Olson*, LASC Case No. SC126806, Exhibit A to SRC's concurrently filed Request for Judicial Notice ("RJN").

**C.  SRC Is Hired to Defend the HOA and Le Allegedly Threatens Doe**

Twenty pages into the FAC, and we finally have a substantive mention of SRC and Le: "The insurance company representing the Property's HOA engaged attorney Lamdien Le ('Le') of Slaughter Regan [sic] and Cole to represent Olson."[3] FAC, ¶ 61.  Doe goes on to allege that on March 8, 2017 – over four years ago – Le contacted Doe (who was representing herself in the lawsuit) by telephone and told her that, since Doe was concerned about Olson "hurting her," it was more likely that

---

[3] SRC was in fact retained to represent *all* defendants in SC126806, not just Olson. (Declaration of Guillermo Partida, ¶ 3.)

DEFENDANTS' LAMDIEN T. LE AND SLAUGHTER, REAGAN & COLE, LLP'S NOTICE OF MOTION AND MOTION TO STRIKE PLAINTIFF'S FIRST AMENDED COMPLAINT PURSUANT TO C.C.P. 425.16

1 Olson might somehow hurt Doe if she did not dismiss her lawsuit.  FAC, ¶ 62.
2 According to Doe, shortly thereafter Le met Doe in the hallway of the Santa Monica
3 Courthouse and downplayed his alleged threat, saying it was said jokingly and
4 criticizing Doe for her lack of humor. FAC, ¶63.   Le recalls the telephone
5 conversation with Doe, and expressly denies making any threat to Doe, and denied
6 threatening that Olson or any other person would harm Doe if she did not dismiss
7 her lawsuit.  Declaration of Lamdien T. Le ("Le Decl."), ¶ 5.

8 **D.  Olson's Cross-FAC**

9 Olson hired attorney Eric Kennedy ("Kennedy") of the Buchalter firm, who
10 filed a cross-FAC in the Sex Abuse Lawsuit in 2017, and Doe goes on to allege
11 various actions undertaken by Kennedy in the litigation. FAC, ¶¶ 64-70.  Le is
12 mentioned as offering Doe a settlement, but then reneging, claiming that Kennedy
13 controlling the litigation.  FAC, ¶71.

14 **E.  Enter Dykstra**

15 For over 30 paragraphs, Doe describes how, beginning in May 2017, Lenny
16 Dykstra began "infiltrating" Doe's life, and Doe eventually learning that Dykstra
17 was secretly acting at the behest of Olson to victimize Doe and undermine her Sex
18 Abuse Lawsuit. FAC, ¶¶ 72 – 103.  Neither SRC nor Le are mentioned in this saga.

19 **F.  Doe Allegedly Stalked and Doe Files for a Restraining Order**

20 Does alleges how suspicious "men in black" and other various men stalked
21 her around and outside of the HOA in 2017, acting under the instruction of Olson
22 and/or Dykstra. FAC, ¶¶ 104-106.  SRC and Le are not mentioned, but Doe claims
23 "the HOA attorneys" opposed Doe's efforts during the course of discovery to obtain
24 the HOA's surveillance footage.   The footage ultimately produced was
25 altered/tampered with. FAC, ¶ 107.   Doe proceeded to file a "civil harassment
26 restraining order" against Olson on September 6, 2017, followed by a counter
27 restraining order filed by Olson, and Olson's appeal of Doe's successful anti-
28 SLAPP.  FAC, ¶¶ 111-113.

### G.  Le Testifies as a Witness in Doe's Restraining Order Trial

The FAC contains Doe's version of the trial of the cross-restraining orders of Doe and Olson over November 14 - 19, 2018, before Judge Michael Convey of the Los Angeles Superior Court (Van Nuys).  Doe felt there was an "old boys' club" feeling between Olson, Dykstra, attorney Kennedy and Judge Convey, with Doe perceiving biases and unfair rulings coming from the bench in face of false testimony from Olson and Dykstra. FAC, ¶¶ 115-123.

Doe alleges that during a break in the trial, she believes "Judge Convery, court reporter Marlene Burris, Kennedy, [attorney] Vogt-Lowell, Le and possibly others conspired to counterfeit the official court transcript."  FAC, ¶126.

Doe complains that Le was allowed to testify a witness in the trial, and that Le committed perjury by denying that he threatened her in their March 8, 2017, phone telephone call described previously in the FAC. FAC, ¶135.

The balance of the allegations pertaining to the restraining order trial address various perceived miscarriages of justice committed by Judge Convey, along with Kennedy and Olson.  No further mention is made of Le/SRC. FAC, ¶¶ 138-155.

### H.  Doe's Difficulties with Judge Spear

The balance of Does charging allegations in the FAC concern Doe's extreme displeasure with Judge Emily Spear, who presided over post-trial motions and related hearings after the restraining order trial, and Doe's charge that Judge Spear conspired with Olson (and his attorney, Kennedy, among others) to alter court transcripts and otherwise engage in unethical and/or criminal conduct to harm Doe. FAC, ¶¶ 156 – 184.  SRC and Le are not mentioned.

So, over the course of over 50 pages and almost 200 paragraphs describing a vast conspiracy headed by Olson, and involving a broad range of co-conspirators, including multiple sitting Superior Court Judges and their staff in various legal proceedings, Doe asserts essentially **two charging allegations against SRC**: (1) upon being retained to defend the HOA and Olson in 2017, Le allegedly threatened

plaintiff in a March 8, 2017 phone call (FAC, ¶¶ 61-62); and (2) Le testified as a witness in the collateral November 2017 restraining order trial, and allegedly lied about threatening Plaintiff in the aforementioned phone call.[4] FAC, ¶ 135.

From these two charging allegations, Plaintiff purports to assert causes of action against SRC for fraud upon the court, deprivation of Civil Rights (42 U.S.C. 1983), conspiracy to violate civil rights (42 U.S.C. 1983), misprison felony (18 U.S.C. § 4), obstruction of justice (18 U.S.C. 1503, Cal. Penal Code 132, 134, 135), discrimination (Gov't. Code § 12955); retaliation (Gov't. Code § 12955), Stalking (as against Le, not SRC), intrusion into private affairs/stalking (against Le, not SRC), negligent infliction of emotional distress, intentional infliction of emotional distress, civil conspiracy, witness tampering, unjust enrichment, and sexual harassment (against Le, not SRC).  As explained below, all of the foregoing claims fail as matter of law.

## III.  THE DISTRICT COURT HAS AUTHORITY TO RULE ON SRC'S ANTI-SLAPP MOTION

Although the anti-SLAPP statute is a California statute, codified at *Code of Civil Procedure* section 425.16, federal courts have authority to rule on motions brought pursuant to it. *In re NCAA Student-Athlete Name & Likeness Licensing Litigation,* 724 F.3d 1268, 127 (9th Cir. 2013) ("[T]he anti-SLAPP statute is available in federal court"); *Maloney v. T3Media, Inc.*, 94 F.Supp.3d 1128, 1132, (C.D. Cal. 2015), *aff'd* in 853 F.3d 1004 (9th Cir. 2017) ("Although framed as a rule of state procedure, California's anti-SLAPP statute protects substantive rights and thus applies in federal court"); see also *Thomas v. Fry's Electronics, Inc.*, 400 F.3d 1206 (9th Cir. 2005).

---

[4] In fairness, Doe also throws in a conclusory allegation Le that was part of the conspiracy between Olson, Judge Convey and others to alter the reporter's transcript of restraining order trial as noted above.  But there are no facts alleged as to Le's conduct in this regard. (FAC ¶ 126.)

DEFENDANTS' LAMDIEN T. LE AND SLAUGHTER, REAGAN & COLE, LLP'S NOTICE OF MOTION
AND MOTION TO STRIKE PLAINTIFF'S FIRST AMENDED COMPLAINT PURSUANT TO C.C.P. 425.16

## IV. <u>LEGAL STANDARDS GOVERNING ANTI-SLAPP MOTIONS</u>

"Strategic lawsuits against public participation," or SLAPP suits, are civil lawsuits aimed at preventing citizens from exercising their constitutional rights. In order to protect parties from such abusive lawsuits, California's "anti-SLAPP" statute provides in relevant part:

> "A cause of action against a person arising from any act of that person in furtherance of the person's right of petition or free speech under the United States or California Constitution in connection with a public issue shall be subject to a special motion to strike, unless the court determines that the plaintiff has established that there is a probability that the plaintiff will prevail on the claim."

Cal. *Code of Civ. Proc.* § 425.16(b)(1).

In enacting the anti-SLAPP statute, the California Legislature noted the "disturbing increase in lawsuits brought primarily to chill the valid exercise of constitutional rights of freedom of speech and petition for the redress of grievances," and "that it is in the public interest to encourage participation in matters of public significance" such that "this participation should not be chilled through abuse of the judicial process." See Cal. *Code of Civ. Proc.* § 425.16(a). "Because these meritless lawsuits seek to deplete the defendant's energy and drain his or her resources [citation], the Legislature sought to prevent SLAPPs by ending them early and without great cost to the SLAPP target [citation]." See *Kibler v. Northern Inyo County Local Hosp. Dist.,* 39 Cal.4th 192, 197 (2006) (internal citations omitted).

Section 425.16 provides a two-pronged approach to be taken by courts reviewing a special motion to strike:

> "First, the court decides whether the defendant has made a threshold showing that the challenged cause of action is one arising from protected activity. The moving defendant's burden is to demonstrate that the act or acts of which the plaintiff complains were taken 'in furtherance of the [defendant's] right of petition or free speech under the United States or California Constitution in connection with a public issue' as defined in the statute. If the court finds such a

1
2

  showing has been made, it then determines whether the plaintiff has demonstrated a probability of prevailing on the claim."

3
4

*Equilon Enterprises, LLC v. Consumer Cause, Inc.*, 29 Cal.4th 53, 67 (2002); see also Cal. *Code of Civ. Proc.* § 425.16(b)(1).

5
6
7
8
9

  SRC and Le satisfy their burden on the first prong. Doe's claims arise out of Le's (and thus, SRC's) constitutionally protected communications on behalf of a client in connection with a matter under judicial review. As to prong two, Doe is unable to sustain her burden of proving a probability of prevailing. The Special Motion to Strike must be granted.

10
11

## V.  DOE'S CLAIMS AGAINST SRC/LE ARISE FROM PROTECTED ACTIVITY

12
13
14
15
16
17
18
19
20
21
22
23

  The activity of Le/SRC is protected activity "arising from any act of that person in furtherance of the person's right of petition or free speech under the United States of California Constitution in connection with a public issue." See Cal. *Code of Civ. Proc*. § 425.16(b)(1). An "act in furtherance of a person's right of petition or free speech under the United States or California Constitution in connection with a public issue" expressly includes "any written or oral statement or writing made before a legislative, executive or judicial proceeding, or any other official proceeding authorized by law." See Cal. *Code of Civ. Proc.* § 425.16(e)(1). It also expressly includes "any written or oral statement or writing <u>made in connection with an issue <u>under consideration or review</u> by a legislative, executive or judicial body, or other official proceeding authorized by law." See Cal. *Code of Civ. Proc.* § 425.16(e)(2).

24
25
26
27
28

  A claim against an attorney arising out of his litigation activity is in furtherance of the Constitutional right to petition and falls within the protections of section 425.16. See *Thayer v. Kabateck Brown Kellner LLP,* 207 Cal.App.4th 141 (2012); see also *Rusheen v. Cohen* 37 Cal.4th 1047, 1056 (2006) ["A cause of action 'arising from' defendant's litigation activity may appropriately be the subject of a

section 425.16 motion to strike…'Any act' includes…qualifying acts committed by attorneys in representing clients in litigation."]; and *Soukup v. Law Offices of Herbert Hafif*, 39 Cal.4th 260, 291 (2006) ["The filing of lawsuits is an aspect of the First Amendment right of petition."].

Each of Doe's causes of action against SRC and Le is premised on liability related to their representation of Olson and other defendants in the underlying and so-called Sex Abuse Lawsuit. FAC, ¶ 61. Setting aside the overarching theme and conclusory allegations of conspiracy (addressed below), there are only two factual, charging allegations made by Doe against SRC and Le: that Le threatened plaintiff in connection with a call discussing the underlying Sex Abuse Case (FAC, ¶ 61), and that Le testified untruthfully about that call in Doe's collateral restraining order trial (FAC ¶ 135). Both fall within the protection of section 425.16.

### A.    Le's Telephone Call with Doe was Protected Activity

Le's alleged remarks in the telephone call with Doe undisputedly amounts to "oral statement[s] or writing[s] <u>made in connection with</u> an issue <u>under consideration or review</u> by a … judicial body." (Emphasis added.) See Cal. *Code of Civ. Proc.* § 425.16(e)(2). The FAC acknowledges that, at the time of the call, Le/SRC had been retained to defend Olson and the HOA in Doe's underlying Sex Abuse Lawsuit and were acting as the underlying defendants' attorneys during the call. FAC, ¶ 61; see also Declaration of Guillermo Partida ("Partida Decl."), ¶ 3, and Le Decl., ¶¶ 4-5.   Further, even under Doe's allegations, it is clear that the conversation between Doe and Le pertained *directly* to an existing litigated matter, the underlying Sex Abuse Lawsuit. FAC ¶¶ 61-62; see also, Le Decl., ¶¶ 4-5. Communications about an existing litigated matter by an attorney representing clients in that matter is protected activity, and thus Does's FAC alleges conduct by Le/SRC that is protected by the anti-SLAPP statute as a matter of law. Cal. *Code of Civ. Proc.* § 425.16(e)(2).

DEFENDANTS' LAMDIEN T. LE AND SLAUGHTER, REAGAN & COLE, LLP'S NOTICE OF MOTION
AND MOTION TO STRIKE PLAINTIFF'S FIRST AMENDED COMPLAINT PURSUANT TO C.C.P. 425.16

It is true that the anti-SLAPP statute "cannot be invoked by a defendant whose assertedly protected activity is illegal as a matter of law." *Flately v. Mauro*, 39 Cal.4th 299, 317 (2006). However, Plaintiff cannot squeeze into the very rare exception. Under *Flatley* and its progeny, anti-SLAPP protection will apply to the petitioning activity **unless the defendant concedes, or the evidence conclusively establishes,** that the conduct was criminal as a matter of law. *Id.,* at 316-317; see also *Malin v. Singer*, 217 Cal.App.4th 1282, 1299 (2013) [anti-SLAPP protection afforded where evidence did not conclusively establish extortion by attorney].

Here, the exception carved out by *Flately* does not apply. The subject activity – Le's remarks during the March 8, 2017, telephone call – is not conceded to be criminal. On the contrary, Le expressly denies threatening or extorting Doe in any way, and further denies threatening that Olson (or anyone else) would harm Plaintiff if she did not dismiss her Sex Abuse Suit. Le Decl., ¶5. Further, no evidence has been presented by Plaintiff "conclusively establishing" that Le's conduct was criminal.

Here, Le unquestionably telephoned Doe in furtherance of his representation of his clients and therefore his conduct falls squarely within the type of activity that must be afforded protection under the SLAPP statute. Cal. *Code of Civ. Proc.* § 425.16(e)(2).

### B.    Le's Testifying as a Witness Was Protected Activity

The remaining charging allegation (again, aside from conclusory allegations of conspiracy) pertains to Le's testifying as a witness in the underlying restraining order trial. FAC, ¶ 135. There is no question that Le's testimony in the collateral legal proceeding falls within the ambit of section 425.16. Cal. *Code Civ. Proc.* § 425.16(e)(2).

And again, even though Doe alleges that Le lied in his witness testimony (regarding the March 8, 2017, phone call), Le attests to telling the truth in that proceeding (Le Decl., ¶ 6) – and further denies any effort to alter the transcript of

1  that proceeding (*Id.*) – so, Doe cannot take this protected activity of Le outside the

2  protection of section 425.16 under *Flately* or otherwise.

3  **VI.**  **PLAINTIFF CANNOT SUSTAIN HER BURDEN OF SHOWING A**

4       **PROBABILITY OF PREVAILING ON HER CLAIMS**

5      Once it is established that a FAC falls within the purview of Section 425.16,

6  the burden shifts to the plaintiff to establish the ***probability*** that he/she will prevail

7  on the merits. See Cal. *Code of Civ. Proc.* § 425.16(b)(1); see also *Premier Medical*

8  *Mgmt. Systems, Inc. v. California Ins. Guar. Ass'n*., 136 Cal.App.4th 464, 476

9  (2006) [second step burden requires plaintiff to "demonstrate that the FAC is both

10  legally sufficient **and** supported by a sufficient prima facie showing of facts to

11  sustain a favorable judgment if the evidence submitted by the plaintiff is credited"]

12  (Emphasis added.).  Doe cannot meet this burden.

13      **A.**  **Doe's Claims Are Conclusively Barred by the Litigation Privilege**

14      Conduct that is otherwise tortious is not actionable if it is privileged.  (See 5

15  *Witkin,* Summary of California Law, *Torts* § 131 (10th Ed. 2005).)  *Civil Code*

16  section 47(b), the embodiment of California's litigation privilege, provides that the

17  privilege applies "to any communication (1) made in judicial or quasi-judicial

18  proceedings; (2) by litigants or other participants authorized by law; (3) to achieve

19  the objects of the litigation; and (4) that has some connection or logical relation to

20  the action." See *Silberg v. Anderson,* 50 Cal.3d 205, 212-213 (1990).  The privilege

21  is a complete defense to ***all torts*** except malicious prosecution.  See *Edwards v.*

22  *Centex Real Estate Corp.,* 53 Cal.App.4th 15, 29 (1997); see also *Harris v. King,* 60

23  Cal.App.4th 1185 (1998); and *Silberg*, supra, 50 Cal.3d at 212-213.

24      Thus, the litigation privilege applies even to cases in which the

25  communications are themselves "fraudulent, perjurious, unethical, or even illegal"

26  as alleged by Doe in the FAC.  See *Kashian v. Harriman,* 98 Cal.App.4th 892, 920

27  (2002); *Mansell v. Otto,* 108 Cal.App.4th 265, 278 (2003), fn. 47 [litigation

28  privilege presents a bar to actions, even when based on fraudulent representations].

1   Whether a given communication is within the privilege is an issue of law, not fact.

2   See *Nguyen v. Proton Technology Corp.,* 69 Cal.App.4th 140, 147 (1999).

3   Importantly, the privilege applies not only to communications made in court,

4   but to all communications and communicative conduct made to achieve the

5   objectives of the litigation, and which have some connection or logical relation to the

6   action. See *Silberg*, supra, 50 Cal.3d at 215-216; see also *Rubin v. Green,* 4 Cal.4th

7   1995 (1993); and, *Doctors' Co. Ins. Services v. Superior Court,* 49 Cal.3d 39 (1990).

8   In this action, each of Doe's claims against SRC is premised upon SRC's

9   representation of Olson (and other defendants) in the underlying – and still-pending –

10  actions. More specifically, and again aside from the overarching claim of conspiracy,

11  the charging allegations against SRC are limited to March 8, 2017, phone call (FAC

12  ¶¶ 61- 62), and Le's witness testimony at the collateral restraining order trial (FAC ¶

13  135), all of which were communicative conduct in furtherance of litigation

14  objectives, and which related logically to the pending matters. *Silberg*, supra, 50

15  Cal.3d at 215-216; *Action Apartment Assn., Inc. v. City of Santa Monica*, 41 Cal.4th

16  1232, 1241 (2007) [privilege applies to publications made as part of a judicial

17  proceeding]; *Mattco Forge, Inc. v. Arthur Young & Co.*, 5 Cal.App.4th 392, 402

18  (1992) [the privilege "protects attorneys, judges, jurors, and other court personnel."].

19  These two basic charging allegations are incorporated by reference into each of

20  Doe's subsequent causes of action asserted against SRC, and no new charging

21  allegations are made therein. FAC, ¶¶ 190, 200, 211, 235, 240, 246, 260, 271, 278,

22  285, 289, 296, 302, 306, and 309.

23  Even assuming, arguendo, that SRC's (Le's) communications in the

24  underlying matter(s) were fraudulent or unethical, as Doe claims, they were still

25  made to achieve the objectives of the underlying litigation and had some connection

26  or logical relation to that action. See *Silberg,* supra, 50 Cal.3d at 215-216. The

27  filings and communications are absolutely protected by the litigation privilege,

28  which provides a complete defense to all tort claims alleged by Doe. See *Kashian,*

1  supra, 98 Cal.App.4th at 920; see also *Mansell,* supra, 108 Cal.App.4th at 278, fn.

2  47. Accordingly, Doe cannot establish a probability of prevailing on any of her

3  claims as a matter of law and, on this ground alone, Doe's FAC should be stricken,

4  with prejudice.

5  ## B.  Doe's FAC Violates *Civil Code* Section 1714.10

6  The general theme repeated throughout the Complaint is that SRC/Le

7  engaged in some vast conspiracy with their client Olson, along with other

8  defendants, including judges and court staff, to generally victimize Doe. This theme

9  is found in the introductory paragraphs of the FAC (See FAC, ¶¶ 10, 20), and the

10  few times Le is referenced in the subsequent allegations regarding Judge Convey

11  and his staff altering the reporter's transcript. See, e.g., FAC, ¶¶ 117, 126. The

12  theme of conspiracy then follows into the causes of action asserted against SRC. See

13  e.g., FAC ¶¶ 191, 192, 211-219 ["Conspiracy" cause of action], 249 [conspiracy

14  orchestrated by Olson], 296-301 ["Civil Conspiracy" cause of action], and 310

15  [conspiracy orchestrated by Olson]. To the extent these allegations even pertain to

16  SRC (and the overwhelming majority do not), all such allegations relate to SRC's

17  legal representation of Olson and other underlying defendants, and alleged conduct

18  that took place between SRC and other representatives of those entities.

19  *Civil Code* section 1714.10(a) states:

20  "No cause of action against an attorney for a civil conspiracy with his
21  or her client arising from any attempt to contest or compromise a
   claim or dispute, and which is based upon the attorney's
22  representation of the client, shall be included in a complaint or other
   pleading unless the court enters an order allowing the pleading that
23  includes the claim for civil conspiracy to be filed after the court
   determines that the party seeking to file the pleading has established
24  that there is a reasonable probability that the party will prevail in the
   action. The court may allow the filing of a pleading claiming liability
25  based upon such a civil conspiracy following the filing of a verified
26  petition therefor accompanied by the proposed pleading and
27  supporting affidavits stating the facts upon which liability is based…"
28

Section 1714.10 <u>required</u> Doe to file a verified petition for court order, which was to be accompanied by the proposed complaint and supporting affidavits <u>before</u> actually filing the Complaint (and now, FAC) itself. Thereafter, the Court would have been charged with determining whether the proposed complaint fell within the coverage of section 1714.10 or, instead, within one of its stated exceptions. See *Berg & Berg Enterprises, LLC v. Sherwood Partners, Inc.,* 131 Cal.App.4th 802, 821 (2005). Because Doe failed to comply with the requirements of section 1714.10, Doe's FAC fails as a matter of law as to SRC and should be stricken by the Court.

### C.    Doe's Claims are Barred by Statutes of Limitations

In addition to the fatal defects discussed above, many of Doe's purported causes of action are time-barred and fail as a matter of law:

#### 1.    Negligent/Intentional Infliction of Emotional Distress

Both of these torts are governed by the two-year statute of limitations set forth in *Code of Civil Procedure* section 335.1.  The conduct of SRC (Le) as alleged in the few factual allegations of the FAC took place in March 2017 and November 2018, far more than two years before the filing of the Complaint in this matter. Thus, the Fourteenth and Fifteenth Causes of Action of the SAC are time-barred.

#### 2.    Discrimination Under the Government Code

Doe's claims for discrimination under California's Fair Employment and Housing Act ("FEHA") are unsustainable against SRC.  First, SRC and Le are attorneys in private practice, representing clients in civil litigation, even per Doe. FAC, ¶ 61. As such, they do not meet the statutory definition of an "Owner" of real property as defined under FEHA and are not proper defendants for a claim under FEHA. Cal. *Gov't. Code* § 12927(e).

Moreover, a claim of discrimination under FEHA must be brought within two years of the alleged occurrence. Cal. *Gov't. Code* § 12989.1. Again, the alleged conduct of SRC (Le) took place in March 2017 (FAC, ¶¶ 61-62) and November

DEFENDANTS' LAMDIEN T. LE AND SLAUGHTER, REAGAN & COLE, LLP'S NOTICE OF MOTION
AND MOTION TO STRIKE PLAINTIFF'S FIRST AMENDED COMPLAINT PURSUANT TO C.C.P. 425.16

1  2018 (FAC ¶ 135), more than two years before Doe filed her instant Complaint.

2  Therefore, the purported FEHA claims in the Tenth and Eleventh Causes of Action

3  are fatally defective.

4  ### 3.   Sexual Harassment

5  In her Nineteenth Cause of Action, Doe purports to state a claim of sexual

6  harassment against Le (not SRC).  If viewed as a claim under FEHA, it fails for the

7  reasons stated above., and further because SRC/Le were obviously never employers

8  of Does.   If treated as a personal injury claim, the two-year statute of limitations

9  embodied in *Code of Civil Procedure* section 335.1 applies, and serves to bar this

10  purported causes of action since Le's alleged conduct took place in 2017 or, at the

11  latest, 2018, far more than two years before the filing of Doe's Complaint.

12  ### D.   SRC Did Not Act Under Color of State Law

13  Doe's Second, Third and Fourth Causes of Action seek to enforce various

14  constitutional rights under 42 U.S.C §1983.  It is indisputable that a plaintiff

15  asserting §1983 claims must demonstrate (1) a deprivation of a right secured by the

16  Constitution or laws of the United States and (2) that the defendant acted under

17  color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).  These claims are

18  generally not applicable to private parties unless that private party willfully

19  participates in joint conduct with the State or its agents. *Dennis v. Sparks*, 449 U.S.

20  24, 27 (1980).

21  A private party can only be deemed a state actor in one limited circumstance:

22  when there is such a close nexus between the State and the challenged action that

23  seemingly private behavior "may be fairly treated as that of the State itself." *Lee v.*

24  *Katz*, 276 F.3d 550, 554 (9th Cir. 2002).  The Supreme Court in *Brentwood Acad. v.*

25  *Tennessee Secondary Sch. Athletic Ass'n.*, 531 U.S. 288, 295-296 (2001), listed a

26  variety of tests to be applied in making this determination, none of which apply to

27  SRC.

28

DEFENDANTS' LAMDIEN T. LE AND SLAUGHTER, REAGAN & COLE, LLP'S NOTICE OF MOTION
AND MOTION TO STRIKE PLAINTIFF'S FIRST AMENDED COMPLAINT PURSUANT TO C.C.P. 425.16

First, an attorney does not act under color of state law sufficient to maintain a §1983 claim against him or her merely by "performing a lawyer's traditional functions as counsel" to a litigant. *Polk County v. Dodson*, 454 U.S. 312, 325 (1981) [attorney not acting under the color of state law, despite being a public defender representing the defendant in a criminal proceeding]. In *Naffe v. Frey*, 789 F.3d 1030, 1037 (9th Cir. 2015), a prosecutor published derogatory statements on his person social media accounts. Plaintiff asserted a claim against the prosecutor pursuant to 42 U.S.C. §1983. The Court held that dismissal of the §1983 claim was proper because the social media posts were not done on duty or pursuant to his duties as a prosecutor. *Naffe*, 789 F.3d 1030, 1037. In other words, there was no nexus to the prosecutor's governmental role.

Private attorneys, such as SRC, are undoubtedly even further removed from state action than a public defender or prosecutor. SRC is engaged in private practice, representing private clients. Le Decl., ¶ 3; Partida Decl., ¶¶ 3-4.  In *Copple v. Astrella & Rice, P.C.*, 442 F. Supp. 2d 829, 835-836 (N.D. Cal. 2006), a class member from an underlying antitrust litigation in state court brought a putative class action under 42 U.S.C. § 1983 against a group of attorneys. The class member alleged that the attorneys committed fraud and conspired with the state court judge to obtain an excessive fee award. The Court dismissed the case, with prejudice, holding that the class member would never be able to demonstrate that the attorneys sufficiently acted under color of state law merely by litigating the underlying case. *Id.* at 837.

SRC similarly cannot be held liable under any of Plaintiffs' causes of action when they are not alleged to have engaged in any conduct other than litigating the underlying matter on behalf of their private client. See *Dennis*, 449 U.S. at 28 ("merely resorting to the courts and being on the winning side of a lawsuit does not make a [private] party a joint actor with the judge"); *Schucker v. Rockwood*, 846 F.2d 1202, 1205 (9th Cir. 1988) ("invoking state legal procedures does not

1  constitute joint participation or conspiracy with state officials sufficient to satisfy
2  section 1983's state action requirement").

3       The same precedent has been set in California state courts, which have gone
4  further to hold that the entire purpose of the close nexus rule is so that constitutional
5  standards are invoked only when the State is *responsible* for the specific conduct
6  that plaintiff complains. *TRW, Inc. v. Superior Ct.,* 25 Cal. App. 4th 1834 (1994).

7       As Doe fails to allege that SRC acted under color of state law, she has no
8  probability of prevailing on her Second, Third and Fourth Causes of Action.

9       **E.**    **Doe Fails to State Facts to Support the Causes of Action**

10       Doe fails to state any factual allegations as to SRC for the balance of her
11  causes of action.  Again, the FAC contains only the few charging allegations against
12  SRC addressed above.  The FAC contains no factual allegations of any conduct by
13  SRC that support or relate in any way to Doe's Ninth Cause of Action (Obstruction
14  of Justice), Twelfth Cause of Action (Stalking), Thirteenth Cause of Action
15  (Intrusion into Private Affairs), Seventeenth Cause of Action (Witness Tampering),
16  Eighteenth Cause of Action (Unjust Enrichment).  Being without any factual
17  support, all of these causes of action fail.

18       Considering the foregoing, Doe cannot satisfy her burden of proving a
19  probability of prevailing on any of the causes of action asserted in the FAC, and the
20  Court should properly strike the pleading as to the SRC Defendants.

21  **VII.**  **CONCLUSION**

22       Doe's FAC is an ill-conceived pleading:  it is plainly derivative of pending,
23  underlying litigation, and makes outrageous attacks on Doe's opposing counsel in
24  those matters, to say nothing of the calumny directed against the various judges and
25  court staff with whom Doe has interacted over the last half decade.  Outrage aside,
26  Doe is simply prohibited from pursing these claims against SRC as SRC was at all
27  times engaging in activity protected by California *Code of Civil Procedure* section
28  425.16. Doe, as a matter of law, also cannot show a probability of prevailing on the

1   merits of her claims against SRC.  Therefore, the Court should grant SRC's anti-

2   SLAPP motion and dismiss Doe's FAC with prejudice.

3

4   Dated: December 30, 2021          KAUFMAN DOLOWICH & VOLUCK LLP

5

6

7                          By:        /s/ Andrew J. Waxler

                                   ANDREW J. WAXLER
8                                  ROBERT SCOTT SILVER

                                   Attorneys for Defendants
9                                  LAMDIEN T. LE and
10                                 SLAUGHTER, REAGAN & COLE, LLP

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# PROOF OF SERVICE

STATE OF CALIFORNIA        )
COUNTY OF LOS ANGELES )

      I am employed in Los Angeles County.  My business address is 11755 Wilshire Blvd., Suite 2400, Los Angeles, CA 90025, where this mailing occurred.  I am over the age of 18 years and am not a party to this cause.  I am readily familiar with the practices of KAUFMAN DOLOWICH & VOLUCK LLP for collection and processing of correspondence for mailing with the United States Postal Service.  Such correspondence is deposited with the United States Postal Service the same day in the ordinary course of business.

      On December 30, 2021, I served the foregoing documents on the interested parties in this action entitled as follows:

**DEFENDANTS LAMDIEN T. LE'S AND SLAUGHTER, REAGAN & COLE, LLP'S NOTICE OF MOTION AND SPECIAL MOTION TO STRIKE PLAINTIFF'S FIRST AMENDED COMPLAINT PURSUANT TO CODE OF CIVIL PROCEDURE SECTION 425.16; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**

[XX]  by placing [ ] the original [X] true copies thereof enclosed in sealed envelopes addressed as follows:

## SEE ATTACHED SERVICE LIST

[   ]  (BY MAIL)  I placed such envelope for collection and mailing on this date following ordinary business practices.

[   ]  (BY PERSONAL SERVICE)  I caused to be hand delivered such envelope t to the addressee so indicated.

**[XX] (BY THE COURT'S ECF SYSTEM)**:  I caused each such document(s) to be transmitted electronically by posting such document electronically to the ECF website of the United States District Court for the Central District of California, on all ECF-registered parties in the action.

**[XX] (BY FEDEX)**  I am "readily familiar with the firm's practice of collection and processing correspondence for mailing via Express Mail (or another method of delivery providing for overnight delivery pursuant to C.C.P. § 1005(b)).  Under that practice, it would be deposited with the United States Postal Service or other overnight delivery carrier (in this case, FedEx) on that same day with postage thereon fully prepaid at Los Angeles, California in the ordinary course of business.

**[XX] (FEDERAL)** I declare that I am employed in the office of a member of the bar of this court at whose direction the services was made.

      Executed on December 30, 2021, at Los Angeles, California.

                          */s/ Rosanne T. Gambogi*
                          Rosanne T. Gambogi

DEFENDANTS' LAMDIEN T. LE AND SLAUGHTER, REAGAN & COLE, LLP'S NOTICE OF MOTION AND MOTION TO STRIKE PLAINTIFF'S FIRST AMENDED COMPLAINT PURSUANT TO C.C.P. 425.16

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**SERVICE LIST**

*Jane Doe v. Curtis R. Olson, et al.*
**United States District Court Case No.2:21-cv-09747-SB-PD**

| | |
|---|---|
| ***Plaintiff in sui juris***<br><br>***Via FedEx***<br>Jane Doe<br>9461 Charleville Blvd. #259<br>Beverly Hills, C 90202<br>Phone: (310) 498-7975 | ***Attorneys for Defendants***<br>***Hon. Michael Convey and Hon. Emily Spear, Judges of the Superior Court of California, County of Los Angeles; Cindy Kim, Deputy Clerk of the Superior Court, County of Los Angeles; and***<br>***Marlene Burris and Debra Rivera, Certified Shorthand Reporters of the Superior Court, County of Los Angeles***<br><br>Sarah L. Overton, Esq.<br>CUMMINGS, MCCLOREY, DAVIS,<br>  ACHO & ASSOCIATES, P.C.<br>3801 University Avenue, Suite 560<br>Riverside, CA 92501<br>Phone:      (951) 276-4420<br>Fax:   (951) 276-4405<br>Email: soverton@cmda-law.com |
| ***Attorneys for Buchalter, P.C. , Eric Kennedy and Ashley Milnes***<br><br>Michael B. Fisher, Esq.<br>Anita Barooni, Esq.<br>BUCHALTER, A Professional Corporation<br>1000 Wilshire Blvd., Suite 1500<br>Los Angeles, CA 90017<br>Phone: (213) 891-0700<br>Fax:   (213) 896-0400<br>Email:  mbfisher@buchalter.com | |

4823-0252-3186, v. 1

DEFENDANTS' LAMDIEN T. LE AND SLAUGHTER, REAGAN & COLE, LLP'S NOTICE OF MOTION
AND MOTION TO STRIKE PLAINTIFF'S FIRST AMENDED COMPLAINT PURSUANT TO C.C.P. 425.16