Sarah L. Overton (CSB # 163810)
Lindsay N. Frazier-Krane (CSB # 251631)
Cummings, McClorey, Davis, Acho & Associates, P.C.
3801 University Avenue, Suite 560
Riverside, CA 92501
(951) 276-4420
(951) 276-4405 facsimile
soverton@cmda-law.com

Attorneys for Defendants,
the Honorable Michael Convey and
the Honorable Emily Spear,
Judges of the Superior Court of California,
County of Los Angeles;
Cindy Kim, Deputy Clerk of the
Superior Court of California,
County of Los Angeles; and
Marlene Burris and Debra Rivera,
Certified Shorthand Reporters of the
Superior Court of California,
County of Los Angeles

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JANE DOE, an individual,<br><br>             Plaintiffs,<br><br>v.<br><br>CURTIS R. OLSON, et al.;<br><br>             Defendants. | CASE:  2:21-CV-09747-SB-PD<br><br>**NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES;** [F.R. Civ. P. Rules 12(b)(1) and (6)]<br><br>**REQUEST FOR JUDICIAL NOTICE; DECLARATION OF LINDSAY N. FRAZIER-KRANE AND EXHIBITS**<br><br>**[PROPOSED] ORDER**<br><br>Date       :   February 15, 2022<br>Time       :   2:00 p.m.<br>Courtroom  :   580, 5th Floor<br>Judge      :   Hon. Patricia Donahue |

Cummings, McClorey,
Davis, Acho
& Associates, P.C.
3801 University Avenue,
Suite 560
Riverside, CA 92501
Telephone (951) 276-4420
Facsimile (951) 276-4405

1

MOTION TO DISMISS FIRST AMENDED COMPLAINT

motion to dismiss-1

TO PLAINTIFF JANE DOE, IN PRO PER:

NOTICE IS HEREBY GIVEN that on February 15, 2022, at 2:00 p.m., or as soon thereafter as counsel may be heard in Courtroom 580, located at 255 East Temple Street, 5th Floor, Los Angeles, California, 90012, defendants the Honorable Michael Convey (Judge Convey) and the Honorable Emily Spear (Judge Spear), Judges of the Superior Court of California, County of Los Angeles; Cindy Kim, Deputy Clerk of the Superior Court of California, County of Los Angeles; and Marlene Burris and Debra Rivera, Certified Shorthand Reporters of the Superior Court of California, County of Los Angeles (collectively defendants), will and hereby do move this court pursuant to Federal Rules of Civil Procedure, Rule 12(b)(1) and (6) for a dismissal of the first amended complaint (FAC) on the following grounds:

1.  The District Court lacks subject matter jurisdiction to grant the relief requested pursuant to the *Rooker-Feldman* doctrine;

2.  The District Court lacks subject matter jurisdiction pursuant to the *Younger* abstention doctrine;

3.  The FAC is barred by 28 U.S.C. § 2283, the "Anti-Injunction Act";

4.  The FAC is barred against the moving defendants pursuant to the Eleventh Amendment;

5.  The FAC against Judge Convey, Judge Spear, and Cindy Kim, Deputy Clerk, is barred by absolute judicial immunity;

6.  The FAC does not demonstrate that, as to the state law claims, plaintiff timely complied with the presentation requirements set forth in the California Government Claims Act;

7.   The FAC fails to comply with Federal Rules of Civil Procedure, Rule 8; and

8.  The FAC fails to state any claim upon which relief can be granted against the moving defendants.

Cummings, McClorey,
Davis, Acho
& Associates, P.C.
3801 University Avenue,
Suite 560
Riverside, CA 92501
Telephone (951) 276-4420
Facsimile (951) 276-4405

MOTION TO DISMISS FIRST AMENDED COMPLAINT

motion to dismiss-1

1    This motion is based upon this notice of motion, the attached memorandum of
2    points and authorities, the request for judicial notice and exhibits, filed concurrently,
3    all pleadings and papers on file in this action, and upon such other matters as the court
4    may allow to be presented at the time of the hearing on this matter.
5    Pursuant to Local Rule 7-3, counsel met and conferred with plaintiff Jane Doe,
6    in pro per, on January 6, 2022.
7    Dated: January 13, 2022  CUMMINGS, MCCLOREY, DAVIS, ACHO & ASSOCIATES
8
9                                  By:    /s/ Lindsay N. Frazier-Krane
10                                          Sarah L. Overton, Esq.
                                            Lindsay N. Frazier-Krane, Esq.
11                                          Attorneys for Defendants
12                                          the Honorable Michael Convey and
                                            the Honorable Emily Spear,
13                                          Judges of the Superior Court of California,
14                                          County of Los Angeles;
                                            Cindy Kim, Deputy Clerk of the
15                                          Superior Court of California,
16                                          County of Los Angeles; and
                                            Marlene Burris and Debra Rivera,
17                                          Certified Shorthand Reporters of the
18                                          Superior Court of California, County of Los
19                                          Angeles
20
21
22
23
24
25
26
27
28

Cummings, McClorey,
Davis, Acho
& Associates, P.C.
3801 University Avenue,
Suite 560
Riverside, CA 92501
Telephone (951) 276-4420
Facsimile (951) 276-4405

motion to dismiss-1

3

MOTION TO DISMISS FIRST AMENDED COMPLAINT

# <u>TABLE OF CONTENTS</u>

Table of Authorities ............................................................................iii

Memorandum of Points and Authorities ............................................1

   I.     Introduction ................................................................1

   II.    The District Court Lacks Subject Matter Jurisdiction
        Pursuant to the *Rooker-Feldman Doctrine* ....................3

   III.   The Younger Abstention Doctrine Bars This First Amended
        Complaint .....................................................................5

   IV.   The First Amended Complaint is Barred by 28 U.S.C. § 2283 ....6

   V.    The Eleventh Amendment Bars Plaintiff's First Amended
        Complaint Against These Defendants .........................7

   VI.   The First Amended Complaint as to Judge Convey, Judge
        Spear and Kim is Barred by Absolute Judicial and
        Quasi-Judicial Immunity ...........................................8

   VII.  The FAC Fails to Comply with Federal Rule of Civil
        Procedure 8 ................................................................10

   VIII. The FAC is Barred in Whole or in Part Against Moving
        Defendants Because Plaintiff Failed to Comply with the Claim
        Presentation Requirements Set Forth in the California
        Government Claims Act ...........................................11

   IX.   The Complaint Fails to State a Claim Upon Which Relief
        Can be Granted..........................................................13

        A.   Plaintiff has Failed to State Facts Sufficient to Constitute Her
             First Cause of Action for "Fraud Upon the Court"...........14

        B.   Plaintiff has Failed to State Facts Sufficient to Constitute Her
             Second Through Fourth Causes of Action for
             42 U.S.C. Section 1983 ................................................15

Cummings, McClorey,
Davis, Acho
& Associates, P.C.
3801 University Avenue,
Suite 560
Riverside, CA 92501
Telephone (951) 276-4420
Facsimile (951) 276-4405

C.   Plaintiff has Failed to State Facts Sufficient to Constitute Her Fifth Cause of Action Pursuant to the Unruh Civil Rights Act ........................................................................18

D.   Plaintiff has Failed to State Facts Sufficient to Constitute Her Sixth Cause of Action for Violation of the Bane Act .......19

E.   Plaintiff has Failed to State Facts Sufficient to Constitute Her Seventh Cause of Action for Violation of the Ralph Act .19

F.   Plaintiff Cannot Maintain her 1) Eighth Cause of Action for "Misprision Felony 18 U.S.C. § 4;" 2) Ninth Cause of Action for "Obstruction of Justice 18 U.S.C. § 1503 Cal. Penal Code 132, 134, 135 PC;" and/or 3) Seventeenth Cause of Action for Witness Tampering as a Matter of Law ...............................................................20

G.   Plaintiff Cannot Maintain her Eleventh Cause of Action for Retaliation Against Moving Defendants as a Matter of Law ...............................................................21

H.   Plaintiff has Failed to State Facts Sufficient to Constitute her Thirteenth Cause of Action for Intrusion Into Private Affairs/Stalking ...............................................................22

I.   Plaintiff has Failed to State Facts Sufficient to Constitute her Fourteenth and Fifteenth Causes of Action for Negligent and Intentional Infliction of Emotional Distress ......................23

J.   Plaintiff has Failed to State Facts Sufficient to Constitute her Sixteenth Cause of Action for Civil Conspiracy ...............23

K.   Plaintiff has Failed to State Facts Sufficient to Constitute her Eighteenth Cause of Action for Unjust Enrichment .........24

X.   Conclusion ...............................................................25

Cummings, McClorey,
Davis, Acho
& Associates, P.C.
3801 University Avenue,
Suite 560
Riverside, CA 92501
Telephone (951) 276-4420
Facsimile (951) 276-4405

ii

MOTION TO DISMISS FIRST AMENDED COMPLAINT

motion to dismiss-1

# TABLE OF AUTHORITIES

## CASES

*Abelleira v. District Court of Appeal,* 17 Cal.2d 280, 293 (1941) ..........................12

*Alabama v. Pugh*, 438 U.S. 781 (1978)....................................................................7

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)....................................................14, 16

*Atlantic Coast Line R. Co. v. Brotherhood of Locomotive Engineers,* 398 U.S. 281, 287 (1970) ..............................................................................................................6

*Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998)................................15

*Bay Area Rapid Transit Dist. v. Superior Court*, 38 Cal.App.4th 141, 144 (1995)19

*Belanger v. Madera Unified School District*, 963 F.2d. 248, 249 (9th Cir. 1992) ...7

*Bell Atl. Corp. v Twombly,* 550 U.S. 544, 556-557 (2007) ..............................14, 16

*Bianchi v. Rylaarsdam*, 334 F.3d 895, 901 (9th Cir. 2003) ....................................4

*Bradley v. Fischer*, 80 U.S. 335, 346 (1872)...........................................................9

*Broughton v. Cigna Healthplans,* 21 Cal.4th 1066, 1081-1082 (1999)...................8

*Cahill v. Liberty Mutual Ins. Co.,* 80 F.3d 336, 338 (9th Cir. 1996) .....................13

*Committee On Children's Television, Inc. v. General Foods Corp.,* 35 Cal.3d 197, 216 (1983) ............................................................................................................14

*Cook v. Harding*, 879 F.3d 1035, 1039 (9th Cir. 2018) ..........................................5

*Crouch v. Trinity Christian Center of Santa Ana, Inc*., 39 Cal.App.5th 995, 1007 (2019) ................................................................................................................23

*DiCampli-Mintz v. County of Santa Clara,* 55 Cal.4th 983, 990 (2012) ...............12

*District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 483, n.16 (1983) ............................................................................................................................3

*Doe & Assocs. Law Offices v. Napolitano*, 252 F.3d 1026, 1029 (9th Cir. 2001) ....3

*Durning v. Citibank, N.A.*, 950 F.2d 1419, 1422-1423 (9th Cir. 1991) ..................7

*E.T. v. George*, 681 F.Supp.2d 1151, 1175 (E.D. Cal. 2010)...................................5

*Eriksson v. Nunnink*, 233 Cal.App.4th 708, 729 (2015) ........................................23

**Cummings, McClorey, Davis, Acho & Associates, P.C.**
3801 University Avenue, Suite 560
Riverside, CA 92501
Telephone (951) 276-4420
Facsimile (951) 276-4405

*Feliciano-Hernandez v. Pereira-Castillo*, 663 F.3d 527, 533 (1st Cir. 2011) ........ 16

*Flores v. Morgan Hill Unified School Dist.*, 324 F.3d 1130, 1134 (9th Cir. 2003) 18

*Gabrielle A. v. County of Orange*, 10 Cal.App.5th 1268, 1291 (2017) ................. 20

*Galbraith v. Cty. of Santa Clara*, 307 F.3d 1119, 1127 (9th Cir. 2002) ............... 18

*Gibson v. Berryhill,* 411 U.S. 564, 577 *(1973)* ...................................................... 6

*Greater Los Angeles Council on Deafness v. Zolin*, 812 F.2d 1103, 1107 (9th Cir. 1987) ....................................................................................................................... 7

*Henrichs v. Valley View Development*, 474 F.3d 609, 616 (9th Cir. 2007) ............. 6

*In re Castillo*, 297 F.3d 940, 947 (9th Cir. 2002) ..................................................... 9

*Keith v. San Bernardino County Retirement Bd.*, 222 Cal.App.3d 411, 415 (1990) ................................................................................................................................. 17

*Kentucky v. Graham*, 473 U.S. 159 (1985) ............................................................... 8

*Lance v. Dennis*, 546 U.S. 459, 460 (2006) .............................................................. 3

*Los Angeles Cty. Ass'n of Envtl. Health Specialists v. Lewin*, 215 F. Supp. 2d 1071, 1078 (C.D. Cal. 2002) ............................................................................................... 7

*Massad v. Greaves*, 554 F.Supp.2d 163, 166 (D. Conn. 2008) .............................. 21

*Mazzola v. Feinstein,* 154 Cal.App.3d 305, 310 (1984) ......................................... 12

*McIntyre v. The Colonies-Pacific, LLC,* 228 Cal.App.4th 664, 671 (2014) ........... 23

*Meek v. County of Riverside*, 183 F.3d 962, 965 (9th Cir. 1999) ............................ 8

*Mireles v. Waco*, 502 U.S. 9, 11 (1991) ............................................................ 9, 10

*Moore v. Brewster,* 96 F.3d 1240, 1243 (9th Cir. 1996) ....................................... 10

*Mullis v. U.S. Bankr. Court for Dist. of Nevada*, 828 F.2d 1385, 1394 (9th Cir. 1987) ..................................................................................................................... 10

*Mullis v. U.S. Bankruptcy Court for Dist. of Nevada*, 828 F.2d 1385 (9th Cir. 1987) ......................................................................................................................... 9

*Navarrete v. Meyer*, 237 Cal.App.4th 1276, 1291–1292 (2015) ........................... 24

*Nguyen v. Los Angeles County Harbor/UCLA Medical Center*, 8 Cal.App.4th 729, 732 (1992) ............................................................................................................... 12

**Cummings, McClorey,
Davis, Acho
& Associates, P.C.**
3801 University Avenue,
Suite 560
Riverside, CA 92501
Telephone (951) 276-4420
Facsimile (951) 276-4405

iv

MOTION TO DISMISS FIRST AMENDED COMPLAINT

motion to dismiss-1

*Nitco Holding Corp. v. Boujikian*, 491 F.3d 1086 (9th Cir. 2007) ........................18

*Odell v. Humble Oil & Refining Co.*, 201 F.2d 123, 127 (10th Cir. 1953)............21

*Olson Farms, Inc. v. Barbosa*, 134 F.3d 933, 936 (9th Cir. 1998) .........................3

*Ovando v. County of Los Angeles,* 159 Cal.App.4th 42, 65 (2008) ......................13

*Pankey v. Webster,* 816 F.Supp. 553, 559 (W.D. Mo. 1993)................................21

*Patel v. Penman*, 103 F.3d 868, 874 (9th Cir. 1996)..............................................17

*Pennhurst v. Halderman*, 465 U.S. 89, 99-100 (1984) .......................................7, 8

*Penzoil Co. v. Texaco, Inc.,* 481 U.S. 1, 11 (1987) .................................................5

*Phillips v. Desert Hospital District,* 49 Cal.3d 699, 708 (1989)...........................12

*Prakashpalan v. Engstrom, Lipscomb & Lack*, 223 Cal.App.4th 1105, 1132 (2014)
.................................................................................................................................24

*Regents of the University of California, et al. v. John Doe, et al.*, 519 U.S. 425
(1997) .......................................................................................................................7

*Robertson v. Dean Witter Reynolds, Inc.*, 749 F.2d. 530, 534 (9th Cir. 1984) .......13

*Rodriguez v. Weprin,* 116 F.3d 62 (2nd Cir. 1997) .................................................9

*Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 416 (1923) ..........................................3

*Sandpiper Village Condominium Ass'n., Inc. v. Louisiana-Pacific Corp.*, 428 F.3d
831, 842 (9th Cir. 2005).............................................................................................6

*Scherer v. U.S.,* 241 F.Supp.2d 1270, 1282 (D. Kan. 2003) ..................................21

*Sierzega v. Ashcroft*, 440 F.Supp.2d 1198, 1208 (D. Or. 2006)..............................8

*Shulman v. Group W Productions, Inc.,* 18 Cal.4th 200, 231 (1998) ....................22

*Small v. Fritz Companies, Inc.,* 30 Cal.4th 167, 173 (2003)................................14

*State of California v. Superior Court (Bodde),* 32 Cal.4th 1234, 1239 (2004).......13

*Stump v. Sparkman*, 435 U.S. 349, 362 (1978) ........................................................9

*Tietz v. Los Angeles Unified School Dist.*, 238 Cal.App.2d 905, 911 (1965) .........13

*Torres v. County of Los Angeles,* 209 Cal.App.3d 325, 337 (1989). .....................12

*Updike v. City of Gresham,* 62 F.Supp.3d 1205, 1212. (D. Or. 2014)...................10

*We the People Foundation, Inc. v. U.S.*, 485 F.3d 140, 143 (D.C. Cir. 2007)........17

**Cummings, McClorey,
Davis, Acho
& Associates, P.C.**
3801 University Avenue,
Suite 560
Riverside, CA 92501
Telephone (951) 276-4420
Facsimile (951) 276-4405

v

MOTION TO DISMISS FIRST AMENDED COMPLAINT

motion to dismiss-1

*Wolfe v. Strankman*, 392 F.3d 358, 363 (9th Cir. 2004) ..........................................4

*Worldwide Church of God v. McNair*, 805 F.2d at 891-92......................................3

*Worldwide Church of God v. McNair*, 805 F.2d. 888, 890 (9th Cir. 1986)..............3

*Yakama Indian Nation v. State of Washington Department of Revenue*, 176 F.3d 1241, 1244 (9th Cir. 1999)........................................................................................7

*Younger v. Harris,* 401 U.S. 37, 40-41 (1971) ........................................................5

**STATUTES**

18 U.S.C. §4.............................................................................................................20

18 U.S.C. section 1503 ...........................................................................................21

28 U.S.C. § 1257......................................................................................................3

28 U.S.C. § 2283......................................................................................................6

42 U.S.C. section 1983 .............................................................................15, 16, 18

California Civil Code section 52.1 .........................................................................19

Civil Code section 51,.............................................................................................18

Cal. Gov. Code, § 911.2 .........................................................................................11

Cal. Gov. Code, § 950.2 .........................................................................................11

Cal. Gov. Code, §945.4 ..........................................................................................11

Code of Civil Procedure section 51.7 ....................................................................20

Federal Rules of Civil Procedure, Rule 8(a)(2)......................................................11

Fed. R. Civ. P. 12(b)(1) .......................................................................................3, 7

Fed. R. Civ. P. 12(b)(6) .........................................................................................13

Gov. Code § 945.6 ..................................................................................................12

Gov. Code, § 911.2 .................................................................................................12

Government Code section 12955(f) ........................................................................22

Government Code section 915 ................................................................................12

Government Code section 945.4 .............................................................................11

Government Code section 950.2 .............................................................................12

**Cummings, McClorey, Davis, Acho & Associates, P.C.**
3801 University Avenue, Suite 560
Riverside, CA 92501
Telephone (951) 276-4420
Facsimile (951) 276-4405

MOTION TO DISMISS FIRST AMENDED COMPLAINT

motion to dismiss-1

Penal Code sections 132 ..................................................................21

Penal Code sections 134 ..................................................................21

Penal Code sections 135 ..................................................................21

Penal Code section 136.1 .................................................................21

**CONSTITUTIONAL PROVISIONS**

Cal. Const., Art. VI, § 4....................................................................8

Eleventh Amendment ...................................................................7, 8

Cummings, McClorey,
Davis, Acho
& Associates, P.C.
3801 University Avenue,
Suite 560
Riverside, CA 92501
Telephone (951) 276-4420
Facsimile (951) 276-4405

MOTION TO DISMISS FIRST AMENDED COMPLAINT

motion to dismiss-1

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.

## INTRODUCTION

Plaintiff Jane Doe is a disgruntled litigant who filed the instant first amended complaint (FAC) in an effort to reverse the orders and judgments entered against her in three legal actions filed in the Superior Court of California, County of Los Angeles (Superior Court), *(Jane Doe) v. Olson*, Superior Court case no. 17SMRO00308 (case 1); *Olson v. (Jane Doe),* Superior Court case no. 17SMRO00368 (case 2); and *Olson v. (Jane Doe),* Superior Court case no.19STCV46503 (case 3).  All three cases are currently on appeal.  Request for Judicial Notice (RJN), ex. 1, docket, *(Jane Doe) v. Olson*, Superior Court case no. 17SMRO00308 (docket 1); ex. 2, docket, *Olson v. (Jane Doe),* Superior Court case no. 17SMRO00368 (docket 2); ex. 3, docket, *Olson v. (Jane Doe),* Superior Court case no.19STCV46503.

In the FAC, plaintiff names as defendants the judges who presided over cases 1 and 2, the Honorable Michael Convey (Judge Convey) and the Honorable Emily Spear (Judge Spear), Judges of the Superior Court, as well as their courtroom staff, Cindy Kim (Kim), Deputy Clerk of the Superior Court, and Marlene Burris (Burris) and Debra Rivera (Rivera), Certified Shorthand Reporters of the Superior Court. Plaintiff alleges that Judge Convey and Judge Spear issued adverse, erroneous and unconstitutional orders and judgment in cases 1 and 2.  Plaintiff further alleges that Judge Convey, Judge Spear, Kim, Burris, Rivera and the other named defendants, consisting of the litigants and their attorneys from cases 1-3, conspired to harm plaintiff and make her lose cases 1-3.  Although plaintiff alleges 19 causes of action, as to these moving defendants she pleads causes of action for 1) fraud upon the court; 2) 42 U.S.C. section 1983, First and Seventh Amendments; 3) 42 U.S.C. section 1983 conspiracy; 4) 42 U.S.C. section 1983 denial of equal protection; 5) Unruh Civil Rights Act; 6) violation of the Bane Act; 7) violation of the Ralph Act;

**Cummings, McClorey,
Davis, Acho
& Associates, P.C.**
3801 University Avenue,
Suite 560
Riverside, CA 92501
Telephone (951) 276-4420
Facsimile (951) 276-4405

1

MOTION TO DISMISS FIRST AMENDED COMPLAINT

motion to dismiss-1

8) obstruction of justice under 18 U.S.C. section 1503 and Penal Code sections 132, 134 and 135; 9) retaliation; 10) negligent infliction of emotional distress; 11) intentional infliction of emotional distress; 12) civil conspiracy; 13) witness tampering; and 14) unjust enrichment.   In addition, as to Judge Convey, Judge Spear, Rivera and Burris, plaintiff pleads a purported cause of action for misprision of a felony, 18 U.S.C. section 4; and as to Judge Spear, Kim and Rivera, she pleads a cause of action for intrusion into private affairs/stalking.   Plaintiff pleads an additional cause of action against Judge Convey for witness tampering.

Plaintiff requests an order of this Court vacating all orders and the judgment issued in case 1 by Judge Convey, Judge Spear, and two judges who have not been named as defendants in this action, Judge Wilcox and Judge Weingart.   Plaintiff also requests that the Court issue a new and different judgment in case 1 for a three year restraining order against Olson.   Additionally, for reasons that are unexplained in the FAC, plaintiff seeks a three year restraining order against Judge Spear.   As to case 3, plaintiff requests an order of this Court dismissing that case against her. Finally, plaintiff requests damages.

As discussed more fully below, the motion to dismiss must be granted and the FAC dismissed without leave to amend.   The FAC is a forbidden de facto appeal of the orders and the judgment issued in plaintiff's three superior court cases in contravention of the *Rooker-Feldman* doctrine.   Additionally, the *Younger* abstention doctrine prevents the District Court from exercising jurisdiction in this case.   The relief requested in the FAC is also barred by 28 U.S.C. § 2283.   Furthermore, this lawsuit is also barred against Judge Convey and Judge Spear based upon absolute judicial immunity, and barred against Kim based upon absolute quasi-judicial immunity.   In addition, the FAC is barred against each defendant in their official capacities pursuant to the Eleventh Amendment.   As to the state law causes of action, plaintiff has failed to comply with applicable claim presentation requirements set forth in the California Government Claims Act.   Plaintiff's FAC also fails to comply

Cummings, McClorey,
Davis, Acho
& Associates, P.C.
3801 University Avenue,
Suite 560
Riverside, CA 92501
Telephone (951) 276-4420
Facsimile (951) 276-4405

MOTION TO DISMISS FIRST AMENDED COMPLAINT

motion to dismiss-1

1   with the pleading requirements set forth in Federal Rule of Civil Procedure 8.  Finally,

2   the FAC fails to state a claim upon which relief can be granted against any of these

3   defendants.  As further amendment of the complaint would not cure these defects,

4   this motion to dismiss should be granted and the FAC dismissed without leave to

5   amend.

## II.

### THE DISTRICT COURT LACKS SUBJECT MATTER JURISDICTION PURSUANT TO THE *ROOKER-FELDMAN* DOCTRINE

9   A party may bring a motion to dismiss where there is a "lack of jurisdiction

10  over the subject matter."  Fed. R. Civ. P. 12(b)(1).  Under the *Rooker-Feldman*

11  doctrine, "[t]he United States District Court, as a court of original jurisdiction, has

12  no authority to review the final determinations of a state court in judicial

13  proceedings." *Worldwide Church of God v. McNair*, 805 F.2d. 888, 890 (9th Cir.

14  1986).  The *Rooker-Feldman* doctrine prevents the lower federal courts from

15  exercising jurisdiction over cases brought by "state-court losers" challenging "state-

16  court judgments rendered before the district court proceedings commenced." *Lance*

17  *v. Dennis*, 546 U.S. 459, 460 (2006); *see also*, *District of Columbia Court of*

18  *Appeals v. Feldman*, 460 U.S. 462, 483, n.16 (1983); *Rooker v. Fidelity Trust Co*.,

19  263 U.S. 413, 416 (1923); *Doe & Assocs. Law Offices v. Napolitano*, 252 F.3d 1026,

20  1029 (9th Cir. 2001); *Olson Farms, Inc. v. Barbosa*, 134 F.3d 933, 936 (9th Cir.

21  1998); *Worldwide Church of God v. McNair*, 805 F.2d at 891-92.

22  The *Rooker-Feldman* doctrine applies "where a party in effect seeks to take

23  an appeal of an unfavorable state-court decision to a lower federal court." *Lance v.*

24  *Dennis*, 546 U.S. at 460.  Only the United States Supreme Court may review the

25  decisions of a state court.  28 U.S.C. § 1257.  The federal district court may not

26  review the decisions of state courts even where the plaintiff alleges that the

27  judgment rendered in the state court violates plaintiffs' constitutional rights.

28  *Feldman*, 460 U.S. at 486.  The Ninth Circuit has stated that "[i]f a federal plaintiff

**Cummings, McClorey, Davis, Acho & Associates, P.C.**
3801 University Avenue, Suite 560
Riverside, CA 92501
Telephone (951) 276-4420
Facsimile (951) 276-4405

3

MOTION TO DISMISS FIRST AMENDED COMPLAINT

motion to dismiss-1

asserts as a legal wrong an allegedly erroneous decision by a state court, and seeks relief from a state court judgment based on that decision, *Rooker-Feldman* bars subject matter jurisdiction in a federal district court." *Wolfe v. Strankman*, 392 F.3d 358, 363 (9th Cir. 2004).  "If the injury alleged resulted from the state court judgment itself, *Rooker-Feldman* directs that the lower federal courts lack jurisdiction." *Bianchi v. Rylaarsdam*, 334 F.3d 895, 901 (9th Cir. 2003).

   "*Rooker-Feldman* is a powerful doctrine that prevents federal courts from second-guessing state court decisions by barring the lower federal courts from hearing de facto appeals from state-court judgments:  If claims raised in the federal court action are 'inextricably intertwined' with the state court's decision such that the adjudication of the federal claims would undercut the state ruling or require the district court to interpret the application of state laws or procedural rules, then the federal complaint must be dismissed for lack of subject matter jurisdiction. (Citation.)" *Bianchi v. Rylaarsdam*, 334 F.3d 895, 898 (9th Cir. 2003).

   Here, the FAC is a de facto appeal of the orders and judgment issued against plaintiff in state court cases 1-3.  Plaintiff requests an order of this Court vacating all orders and the judgment issued in case 1 by Judge Convey, Judge Spear, and two judges who have not been named as defendants in this action, Judge Wilcox and Judge Weingart.  Plaintiff also requests that the Court issue a new and different judgment in case 1 for a three year restraining order against Olson.  As to case 3, plaintiff requests an order of this Court dismissing that case against her.  In essence, the FAC requests this Court vacate the orders and judgment issued against plaintiff in cases 1-3, and issue new and different orders more favorable to her.  Thus, in order to find in favor of plaintiff in this action, the Court would have to first find that the orders and judgment issued against plaintiff in cases 1-3 were unlawful.  However, under the *Rooker-Feldman* doctrine, this Court cannot make such a finding.  Accordingly, the *Rooker-Feldman* doctrine bars this action and the motion to dismiss must be granted without leave to amend.

**Cummings, McClorey,
Davis, Acho
& Associates, P.C.**
3801 University Avenue,
Suite 560
Riverside, CA 92501
Telephone (951) 276-4420
Facsimile (951) 276-4405

4

MOTION TO DISMISS FIRST AMENDED COMPLAINT

motion to dismiss-1

# III.

# THE YOUNGER ABSTENTION DOCTRINE BARS THIS FIRST AMENDED COMPLAINT

It is the general rule that federal courts must abstain from granting injunctive or declaratory relief that would interfere with pending state judicial proceedings. *Younger v. Harris*, 401 U.S. 37, 40-41 (1971); *see also, Penzoil Co. v. Texaco, Inc.*, 481 U.S. 1, 11 (1987).  "So long as those challenges relate to pending state proceedings, proper respect for the ability of state courts to resolve federal questions presented in state-court litigation mandates that the federal court stay its hand." *Penzoil*, at 14.

Indeed, the federal court cannot grant the relief requested in the FAC. Abstention is *required* if the "the state proceedings: (1) are ongoing, (2) are quasi-criminal enforcement actions or involve a state's interest in enforcing the orders and judgments of its courts, (3) implicate an important state interest, and (4) allow litigants to raise federal challenges.  (Citations.)" *Cook v. Harding*, 879 F.3d 1035, 1039 (9th Cir. 2018).

In this case, abstention is required.  First, the underlying Superior Court cases 1-3 are currently on appeal according to the register of actions.  (exs. 1-3.) Additionally, cases 1 and 3 have future hearings scheduled in the Superior Court. (ex. 1, p. 1; ex. 3, p. 1.)  Second, this case involves the state's interest in enforcing the orders and judgment issued in its court in cases 1-3.  *Pennzoil Co. v. Texaco, Inc.*, 481 U.S. at 12–13 ("States have important interests in administering certain aspects of their judicial systems.); *E.T. v. George*, 681 F.Supp.2d 1151, 1175 (E.D. Cal. 2010).  Third, the enforcement of orders and judgments, such as orders and judgments issued in the underlying Superior Court cases, is an important state interest.  *Pennzoil Co. v. Texaco, Inc.*, 481 U.S. at 13–14.  Finally, plaintiff has an adequate opportunity to litigate federal claims by way of her appeals or by writ petition in the state court proceedings.

Cummings, McClorey, Davis, Acho & Associates, P.C.
3801 University Avenue, Suite 560
Riverside, CA 92501
Telephone (951) 276-4420
Facsimile (951) 276-4405

MOTION TO DISMISS FIRST AMENDED COMPLAINT

motion to dismiss-1

When the *Younger* abstention doctrine applies, the complaint must be dismissed. *Gibson v. Berryhill,* 411 U.S. 564, 577 (1973).  Thus, since the *Younger* abstention doctrine applies in this case, the motion to dismiss must be granted without leave to amend.

## IV.

## THE FIRST AMENDED COMPLAINT IS BARRED BY 28 U.S.C. § 2283

"A court of the United States may not grant an injunction to stay proceedings in a State court except as expressly authorized by Act of Congress…."  28 U.S.C. § 2283.  "The limitations expressed in the Anti–Injunction Act "rest[ ] on the fundamental constitutional independence of the States and their courts…." *Sandpiper Village Condominium Ass'n., Inc. v. Louisiana-Pacific Corp.*, 428 F.3d 831, 842 (9th Cir. 2005).  The "Anti-Injunction Act" applies not only to ongoing state court proceedings but also to state court cases which have concluded.  *Atlantic Coast Line R. Co. v. Brotherhood of Locomotive Engineers,* 398 U.S. 281, 287 (1970).

> The Act's mandate extends not only to injunctions affecting pending proceedings, but also to injunctions against the execution or enforcement of state judgments. (Citation.).  An injunction may not be used to evade the dictates of the Act if the injunction effectively blocks a state court judgment.  (Citation.)

*Henrichs v. Valley View Development*, 474 F.3d 609, 616 (9th Cir. 2007).

In the present case, plaintiff seeks an injunction to block the orders, findings, and judgment issued in cases 1-3.  However, the Anti-Injunction Act prevents the federal court from granting injunctions such as requested in this case.  Thus, because the Anti-Injunction Act prevents the court from granting the relief requested by plaintiff, the first amended complaint must be dismissed without leave to amend.

**Cummings, McClorey, Davis, Acho & Associates, P.C.**
3801 University Avenue, Suite 560
Riverside, CA 92501
Telephone (951) 276-4420
Facsimile (951) 276-4405

1

## V.

## THE ELEVENTH AMENDMENT BARS PLAINTIFF'S FIRST AMENDED COMPLAINT AGAINST THESE DEFENDANTS

A party may bring a motion to dismiss where there is a "lack of jurisdiction over the subject matter." Fed. R. Civ. P. 12(b)(1). Here, the District Court lacks subject matter jurisdiction over the complaint against Judge Convey, Judge Spear, Kim, Burris, and Rivera pursuant to the Eleventh Amendment to the United States Constitution. The Eleventh Amendment states "[t]he judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by citizens of another state, or by citizens or subjects of any foreign state."

The Eleventh Amendment bars suits which seek damages or injunctive relief against a state, an arm of the state, its instrumentalities, or its agencies. *Durning v. Citibank, N.A.*, 950 F.2d 1419, 1422-1423 (9th Cir. 1991). The Eleventh Amendment grants sovereign immunity to states against suits filed in federal court. *See, Regents of the University of California, et al. v. John Doe, et al.*, 519 U.S. 425 (1997); *Alabama v. Pugh*, 438 U.S. 781 (1978).

The Eleventh Amendment bars actions against state agencies unless Congress expresses to the contrary or the state agency unequivocally waives the immunity. *Belanger v. Madera Unified School District*, 963 F.2d. 248, 249 (9th Cir. 1992); *Yakama Indian Nation v. State of Washington Department of Revenue*, 176 F.3d 1241, 1244 (9th Cir. 1999); *Pennhurst v. Halderman*, 465 U.S. 89, 99-100 (1984). A suit against the Superior Court is a suit against the state and barred by the Eleventh Amendment. *Greater Los Angeles Council on Deafness v. Zolin*, 812 F.2d 1103, 1107 (9th Cir. 1987); *Los Angeles Cty. Ass'n of Envtl. Health Specialists v. Lewin*, 215 F. Supp. 2d 1071, 1078 (C.D. Cal. 2002).

In addition to the Eleventh Amendment bar against actions involving the state or state agencies, "[t]he 11th Amendment [also] bars suit against state officials

Cummings, McClorey,
Davis, Acho
& Associates, P.C.
3801 University Avenue,
Suite 560
Riverside, CA 92501
Telephone (951) 276-4420
Facsimile (951) 276-4405

7

MOTION TO DISMISS FIRST AMENDED COMPLAINT

motion to dismiss-1

when 'the state is the real, substantial party in interest.'"  *Pennhurst v. Halderman*, 465 U.S. at 101.  "Personal-capacity suits seek to impose personal liability on a governmental official for actions he takes under color of law."  *Kentucky v. Graham*, 473 U.S. 159 (1985). "Official-capacity suits . . . 'generally represent only another way of pleading an action against an entity of which the officer is an agent.'"  *Id*.  Judicial officers, such as Judge Convey and Judge Spear, have been held to be state officials.  *See, e.g.,* Cal. Const., Art. VI, § 4; *Broughton v. Cigna Healthplans,* 21 Cal.4th 1066, 1081-1082 (1999); *Meek v. County of Riverside*, 183 F.3d 962, 965 (9th Cir. 1999) (holding that municipal court judges are "state officials").  A court reporter is a state official entitled to Eleventh Amendment immunity when named in his or her official capacity.  *Sierzega v. Ashcroft*, 440 F.Supp.2d 1198, 1208 (D. Or. 2006).

Here, the Eleventh Amendment bars this action against these moving defendants to the extent each is named in their official capacities.  Plaintiff's FAC names Judge Convey and Judge Spear for actions taken as judges presiding over plaintiff's superior court cases 1 and 2.  (FAC, pp. 13-14.)  Plaintiff alleges that at all times Kim acted in her capacity as a clerk of the Superior Court in the courtroom of Judge Spear during the pendency of cases 1 and 2. (FAC, p. 14.)  Finally, plaintiff alleges Burris and Rivera, were at all times acting in their judicial capacity as court reporters for the Superior Court and acted within the scope of their employment and agency. (FAC, p. 13.)  To the extent that each defendant is named in their official capacity, he or she is entitled to immunity pursuant to the Eleventh Amendment. Thus, the motion to dismiss must be granted without leave to amend.

## VI.

### THE FIRST AMENDED COMPLAINT AS TO JUDGE CONVEY, JUDGE SPEAR AND KIM IS BARRED BY ABSOLUTE JUDICIAL AND QUASI-JUDICIAL IMMUNITY

Judge Convey and Judge Spear are absolutely immune from liability in this lawsuit.  This is because the United States Supreme Court established the rule that

Cummings, McClorey,
Davis, Acho
& Associates, P.C.
3801 University Avenue,
Suite 560
Riverside, CA 92501
Telephone (951) 276-4420
Facsimile (951) 276-4405

8

motion to dismiss-1

MOTION TO DISMISS FIRST AMENDED COMPLAINT

judges are immune from civil suits arising out of the exercise of their judicial functions. *Mireles v. Waco*, 502 U.S. 9, 11 (1991). "[I]t is the general principle of the highest importance to the proper administration of justice that a judicial officer, in exercising the authority vested in him, shall be free to act upon his own conviction, without apprehension of personal consequences to himself." *Bradley v. Fischer*, 80 U.S. 335, 346 (1872). Indeed, "[j]udicial immunity discourages collateral attacks on final judgments through civil suits, and thus promotes the use of "appellate procedures as the standard system for correcting judicial error." *In re Castillo*, 297 F.3d 940, 947 (9th Cir. 2002).

The United States Supreme Court in *Stump v. Sparkman*, 435 U.S. 349, 362 (1978), stated that "the factors determining whether an act by a judge is a 'judicial' one relate to the nature of the act itself, *i.e.*, whether it is a function normally performed by a judge, and to the expectations of the parties, *i.e.*, whether they dealt with the judge in his judicial capacity."

Here, the entirety of the FAC against Judge Convey and Judge Spear concern their statements, decisions and rulings made during cases 1 and 2 over which they presided. Although plaintiff contends that the judges' statements, decisions and rulings violated her rights and criminal statutes, were the product of bias, were made in furtherance of a conspiracy, and/or were made for the purpose of causing plaintiff harm, judicial immunity still applies.

By extension, absolute quasi-judicial immunity applies to court clerks and other nonjudicial officers for purely administrative acts. *In re Castillo*, 297 F.3d at 952. "[C]ourt personnel are immune from administrative tasks if these tasks are 'judicial in nature and an integral part of the judicial process.'" *Id.* at 951; *see also, Rodriguez v. Weprin,* 116 F.3d 62 (2nd Cir. 1997). Indeed, "[c]ourt clerks have absolute quasi-judicial immunity from damages for civil rights violations when they perform tasks that are an integral part of the judicial process." *Mullis v. U.S. Bankruptcy Court for Dist. of Nevada*, 828 F.2d 1385 (9th Cir. 1987).

Cummings, McClorey,
Davis, Acho
& Associates, P.C.
3801 University Avenue,
Suite 560
Riverside, CA 92501
Telephone (951) 276-4420
Facsimile (951) 276-4405

9
MOTION TO DISMISS FIRST AMENDED COMPLAINT

motion to dismiss-1

In *Mullis*, plaintiff alleged that the court clerks accepted for filing an incomplete bankruptcy petition, failed to accept for filing an amended petition and failed to give proper notice or advice regarding the bankruptcy petition. *Id*. at 1390. The court found that absolute quasi-judicial immunity applied to the actions of the clerks regardless of whether the complaint alleged mistakes or acts in excess of jurisdiction, "even if it result[ed] in 'grave procedural errors.'" *Id*.

In the FAC, plaintiff alleges that at all times Kim acted in her capacity as a clerk of the Superior Court in the courtroom of Judge Spear during the pendency of cases 1 and 2. (FAC, pp. 14, 39-40, 49.)  In that capacity, Kim purportedly filed plaintiff's attorney's declaration without one of the pages, and erroneously served copies of plaintiff's ADA paperwork on the adverse party's attorney.  (Ibid.) Because the entirety of the FAC against Kim pertains to the performance of these ministerial tasks that were part of the judicial process, this action against Kim is barred by absolute quasi-judicial immunity.

Furthermore, this absolute judicial and quasi-judicial immunity applies regardless of whether plaintiff seeks monetary damages, injunctive or declaratory relief. *Moore v. Brewster,* 96 F.3d 1240, 1243 (9th Cir. 1996); *Mullis v. U.S. Bankr. Court for Dist. of Nevada*, 828 F.2d 1385, 1394 (9th Cir. 1987); *Updike v. City of Gresham,* 62 F.Supp.3d 1205, 1212. (D. Or. 2014).  This is because judicial immunity is an immunity from suit, not just from ultimate assessment of damages. *Mireles v. Waco,* 502 U.S. 9, 11 (1991).

Accordingly, Judge Convey, Judge Spear and Kim are immune from liability pursuant to absolute judicial and quasi-judicial immunity and the motion to dismiss must be granted without leave to amend.

## VII.

## THE FAC FAILS TO COMPLY WITH FEDERAL RULE OF CIVIL PROCEDURE 8

Cummings, McClorey, Davis, Acho & Associates, P.C.
3801 University Avenue, Suite 560
Riverside, CA 92501
Telephone (951) 276-4420
Facsimile (951) 276-4405

motion to dismiss-1

1  Federal Rule of Civil Procedure 8(a)(2) provides that a complaint must
2  contain a "short and plain statement of the claim showing that the pleader is entitled
3  to relief."  Rule 8(d) further states that every allegation in a pleading must "be
4  simple, concise, and direct."  A model complaint should be "dramatically short and
5  plain."  *McHenry v. Renne*, 84 F.3d 1172, 1177 (9th Cir. 1996).

6  Plaintiff has not complied with these requirements.  The instant FAC is
7  seventy-six pages of allegations regarding a professional baseball player, multi-
8  millionaire real estate mogul, a judicial system allegedly plagued by systematic bias
9  against plaintiff, and a conspiracy which is largely incomprehensible.  It is not
10  simple, concise or direct.  Instead, the FAC uses conclusory legal claims and
11  terminology with few discernible facts alleged.  Consequently, the FAC clearly fails
12  to comport with the requirements of Rule 8 and the motion to dismiss should be
13  granted.

14  **VIII.**

15  **THE FAC IS BARRED IN WHOLE OR IN PART AGAINST MOVING**
16  **DEFENDANTS BECAUSE PLAINTIFF FAILED TO COMPLY WITH**
17  **THE CLAIM PRESENTATION REQUIREMENTS SET FORTH IN THE**
18  **CALIFORNIA GOVERNMENT CLAIMS ACT**

19  Plaintiff's FAC alleges multiple claims arising under California state law.  As
20  to these state claims seeking money damages, plaintiff was required to comply with
21  the claims presentation requirements set forth in the California Government Claims
22  Act.  Government Code section 945.4 states that "no suit for money or damages
23  may be brought against a public entity . . . until a written claim therefor has been
24  presented to the public entity and has been acted upon . . . ."  Thus, as a condition
25  precedent to a suit for money or damages against a public entity, the Government
26  Claims Act requires the timely presentation of a written claim.  Cal. Gov. Code, §§
27  911.2, 945.4, 950.2.  The failure to do so bars the plaintiff from bringing such a suit.

Cummings, McClorey,
Davis, Acho
& Associates, P.C.
3801 University Avenue,
Suite 560
Riverside, CA 92501
Telephone (951) 276-4420
Facsimile (951) 276-4405

11
MOTION TO DISMISS FIRST AMENDED COMPLAINT
motion to dismiss-1

*See, e.g., Phillips v. Desert Hospital District,* 49 Cal.3d 699, 708 (1989); *Abelleira v. District Court of Appeal,* 17 Cal.2d 280, 293 (1941); *Torres v. County of Los Angeles,* 209 Cal.App.3d 325, 337 (1989).

Likewise, Government Code section 950.2 states that any cause of action which is barred against the employing public entity is barred against the public employee. "It is settled that the filing of a timely claim against the employing public entity is a condition precedent to a tort action against either the public entity or the employee. (Citations.)" *Mazzola v. Feinstein,* 154 Cal.App.3d 305, 310 (1984).

In that regard, Government Code section 915 states:

(c) A claim, any amendment thereto, or an application for leave to file a late claim shall be presented to a judicial branch entity in accordance with the following means:

(1) Delivering or mailing it to the court executive officer, if against a superior court or a judge, court executive officer, or trial court employee, as defined in Section 811.9, of that court.

The claim must be presented to the public entity within six months of the accrual of the alleged cause of action. Gov. Code, § 911.2 (a). Thereafter, if a claim is timely served upon and rejected by the governmental entity, then the plaintiff must file a timely lawsuit with the court or forever be barred from maintaining a legal action. Gov. Code § 945.6. "Failure to comply with these mandatory requirements is fatal to the cause of action." *Nguyen v. Los Angeles County Harbor/UCLA Medical Center*, 8 Cal.App.4th 729, 732 (1992).

Compliance with the Government Claims Act is an element of the cause of action and must be pled and proved by plaintiff. *DiCampli-Mintz v. County of Santa Clara,* 55 Cal.4th 983, 990 (2012). Because compliance is an essential element of a cause of action, a plaintiff must allege actual facts showing compliance, or an excuse from compliance, or the complaint will be subject to a general demurrer for failure

**Cummings, McClorey,**
**Davis, Acho**
**& Associates, P.C.**
3801 University Avenue,
Suite 560
Riverside, CA 92501
Telephone (951) 276-4420
Facsimile (951) 276-4405

12

MOTION TO DISMISS FIRST AMENDED COMPLAINT

motion to dismiss-1

to state a cause of action. *State of California v. Superior Court (Bodde),* 32 Cal.4th 1234, 1239 (2004); *Ovando v. County of Los Angeles,* 159 Cal.App.4th 42, 65 (2008). The reason that actual facts must be pled is because the failure to comply with the Government Claims Act is "fatal to the plaintiff's legal action and it must be dismissed." *Tietz v. Los Angeles Unified School Dist.,* 238 Cal.App.2d 905, 911 (1965).

In the present case, plaintiff has alleged state law claims in the first, fifth through seventh, and ninth through nineteenth causes of action and seeks damages. However, the plaintiff does not allege compliance with government claims presentation requirement in the FAC for the state law claims against moving defendants. Plaintiff cannot cure this deficiency by amending the FAC because she cannot truthfully allege that she properly presented a written government claim before filing this suit against the moving defendants. Accordingly, this motion to dismiss should be granted without leave to amend because the failure to comply with the claim presentation requirements under the Government Claims Act is fatal to plaintiff's causes of action based upon state law.

## IX.

## THE COMPLAINT FAILS TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED

A party can bring a motion to dismiss when the complaint fails to "state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). A complaint will be dismissed as a matter of law for either of two reasons "(1) lack of a cognizable legal theory or (2) insufficient facts under a cognizable legal theory." *Robertson v. Dean Witter Reynolds, Inc.,* 749 F.2d. 530, 534 (9th Cir. 1984).

In determining whether a case fails to state a claim, "[a]ll allegations and material facts are taken as true and construed in the light most favorable to the non-moving party." *Cahill v. Liberty Mutual Ins. Co.,* 80 F.3d 336, 338 (9th Cir. 1996). A plaintiff must plead "more than labels and conclusions, and a formulaic recitation

**Cummings, McClorey,
Davis, Acho
& Associates, P.C.**
3801 University Avenue,
Suite 560
Riverside, CA 92501
Telephone (951) 276-4420
Facsimile (951) 276-4405

13

MOTION TO DISMISS FIRST AMENDED COMPLAINT

motion to dismiss-1

of the elements of a cause of action." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "[O]nly a complaint that states a plausible claim for relief survives a motion to dismiss." *Id.* at 679.

Here, plaintiff has failed to comply with the *Ashcroft v. Iqbal* pleading standard. As discussed more fully below, plaintiff did not set forth factual allegations that sufficiently state all required elements for each of the causes of action alleged against each of the moving defendants in the FAC.

## A. PLAINTIFF HAS FAILED TO STATE FACTS SUFFICIENT TO CONSTITUTE HER    FIRST CAUSE OF ACTION FOR "FRAUD UPON THE COURT"

Plaintiff has alleged her first cause of action for fraud upon the court against all of the moving defendants. The elements of a cause of a cause of action for fraud are "(a) misrepresentation (false representation, concealment, or nondisclosure); (b) knowledge of falsity (or "scienter"); (c) intent to defraud, i.e., to induce reliance; (d) justifiable reliance; and (e) resulting damage." *Small v. Fritz Companies, Inc.,* 30 Cal.4th 167, 173 (2003). Additionally, "[f]raud actions...are subject to strict requirements of particularity in pleading….Accordingly the rule is everywhere followed that fraud must be specifically pleaded. The effect of this rule is twofold: (a) General pleading of the legal conclusion of 'fraud' is insufficient; the facts constituting the fraud must be alleged. (b) Every element of the cause of action for fraud must be alleged in the proper manner (i.e., factually and specifically), and the policy of liberal construction of the pleadings...will not ordinarily be invoked to sustain a pleading defective in any material respect." *Committee On Children's Television, Inc. v. General Foods Corp.,* 35 Cal.3d 197, 216 (1983).

Here, plaintiff has not "factually and specifically" pled each element of a cause of action for fraud against each of the moving defendants. Plaintiff's fraud

**Cummings, McClorey, Davis, Acho & Associates, P.C.**
3801 University Avenue, Suite 560
Riverside, CA 92501
Telephone (951) 276-4420
Facsimile (951) 276-4405

14

MOTION TO DISMISS FIRST AMENDED COMPLAINT

motion to dismiss-1

claim is based entirely on the conclusory allegation that all of the defendants conspired with Burris and Rivera to alter transcripts of the proceedings to benefit Olson and harm plaintiff in cases 1 and 2.  (FAC, pp. 56-58.)  The FAC does not contain factual allegations that could suffice to meet the pleading requirements for fraud.  At most, plaintiff alleges that Burris "delet[ed] about 24 original words and replaced them with 44 counterfeit made up words" in the reporter's transcript.  (FAC, pp. 36-37.)  The purported word substitutions allegedly pertained to Judge Convey and the attorneys discussing baseball, defendant Olson's statement that he knew defendant Dykstra, and a ruling by Judge Convey on an evidentiary objection.  (Ibid.)  Plaintiff admitted that it was possible that Burris did not hear all of the statements because the attorneys/parties were talking over each other.  (Ibid.)  As to Rivera, plaintiff alleges that she altered the reporter's transcript of plaintiff's ADA hearing in case 1 to show that defendant Kennedy was present at the hearing.  (FAC, p. 49.)  As to Judge Convey, Judge Spear and Kim, her only contention is that they conspired with Burris and Rivera.  None of these allegations are specific facts which demonstrate that plaintiff has satisfied the elements of a cause of action for fraud.

Accordingly, plaintiff has failed to state facts sufficient to constitute the first cause of action for fraud and the motion to dismiss should be granted.

**B.  PLAINTIFF HAS FAILED TO STATE FACTS SUFFICIENT TO CONSTITUTE HER SECOND THROUGH FOURTH CAUSES OF ACTION FOR 42 U.S.C. SECTION 1983**

Plaintiff has alleged three causes of action pursuant to 42 U.S.C. section 1983 against all of the moving defendants: the second cause of action for violation of civil rights, the third cause of action for conspiracy to violate civil rights, and the fourth cause of action for violation of equal protection.  To adequately plead federal claims, "[a] plaintiff must allege facts, not simply conclusions that show an individual was personally involved in the deprivation of his civil rights."  *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998).  "We recognize that the tenet that a court must

Cummings, McClorey,
Davis, Acho
& Associates, P.C.
3801 University Avenue,
Suite 560
Riverside, CA 92501
Telephone (951) 276-4420
Facsimile (951) 276-4405

15

MOTION TO DISMISS FIRST AMENDED COMPLAINT

motion to dismiss-1

accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Feliciano-Hernandez v. Pereira-Castillo*, 663 F.3d 527, 533 (1st Cir. 2011).

Indeed, the United States Supreme Court in *Bell Atl. Corp. v Twombly*, 550 U.S. 544, 556-557 (2007), stated that the factual allegations in a complaint "must be enough to raise a right to relief above the speculative level" such that the claim is "plausible on its face." In discussing the plausibility standard, the Supreme Court in *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), stated that "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do. (Citation.) Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.' (Citation.)"

Here, the FAC does not meet the pleading requirements for a Section 1983 claim. Section 1983 states:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress….

Section 1983 goes on to state that "in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable." Thus, in the present case, plaintiff cannot maintain her second through fourth causes of action based on section 1983 against Judge Convey or Judge Spear as a matter of law because the FAC impermissibly seeks

Cummings, McClorey,
Davis, Acho
& Associates, P.C.
3801 University Avenue,
Suite 560
Riverside, CA 92501
Telephone (951) 276-4420
Facsimile (951) 276-4405

16

MOTION TO DISMISS FIRST AMENDED COMPLAINT

motion to dismiss-1

injunctive/declaratory relief against these judicial officers based on actions they took in their judicial capacity.

Even if that were not so, plaintiff has failed to plead specific facts to meet the pleading requirements.  Plaintiff contends that Judge Convey, Judge Spear, Kim, Burris and Rivera violated her First, Seventh and Fourteenth Amendment rights, but she has failed to allege specific facts to show each defendant's personal involvement in the deprivation of those rights.  Plaintiff claims defendants violated her First Amendment right to petition Government for redress of claims and Seventh Amendment right to trial.  It is clear based on the FAC and dockets in cases 1-3 that plaintiff regularly and readily availed herself of the right to petition the courts for redress of grievances.  Additionally, the FAC and dockets demonstrate that plaintiff did have a trial.  However, although all persons have the right to petition government for a redress of a grievance, "the Petition Clause does not provide a right to a response or official consideration." *We the People Foundation, Inc. v. U.S.*, 485 F.3d 140, 143 (D.C. Cir. 2007).  Plaintiff was not entitled to a specific outcome in cases 1-3.

With regard to plaintiff's Fourteenth Amendment claims, "[p]rocedural due process requires, at a minimum, notice, and an opportunity to be heard in a proceeding which is '... adequate to safeguard the right for which the constitutional protection is invoked.'" *Keith v. San Bernardino County Retirement Bd*., 222 Cal.App.3d 411, 415 (1990).  Plaintiff has not pled any facts to show that she was not given notice or an opportunity to be heard.

"To establish a violation of substantive due process ... , a plaintiff is ordinarily required to prove that a challenged government action was clearly arbitrary and unreasonable, having no substantial relation to the public health, safety, morals or general welfare." *Patel v. Penman*, 103 F.3d 868, 874 (9th Cir. 1996) (citations, internal quotation marks, and brackets omitted), overruled in part on other grounds as recognized by *Nitco Holding Corp. v. Boujikian*, 491 F.3d 1086

**Cummings, McClorey, Davis, Acho & Associates, P.C.**
3801 University Avenue, Suite 560
Riverside, CA 92501
Telephone (951) 276-4420
Facsimile (951) 276-4405

17

MOTION TO DISMISS FIRST AMENDED COMPLAINT

motion to dismiss-1

(9th Cir. 2007); see also *Cty. of Sacramento v. Lewis,* 523 U.S. 833, 841–42 (1998); *Galbraith v. Cty. of Santa Clara*, 307 F.3d 1119, 1127 (9th Cir. 2002).  Plaintiff has pled no facts to demonstrate a violation of substantive due process.

Likewise, plaintiff has failed to plead facts to demonstrate a violation of equal protection by each of the moving defendants.  "To establish a § 1983 equal protection violation, the plaintiffs must show that the defendants, acting under color of state law, discriminated against them as members of an identifiable class and that the discrimination was intentional."  *Flores v. Morgan Hill Unified School Dist*., 324 F.3d 1130, 1134 (9th Cir. 2003).  Plaintiff has failed to allege facts showing that she was intentionally discriminated against because she was a member of an identifiable class.  Accordingly, plaintiff has failed to allege facts sufficient to state a claim under 42 U.S.C. section 1983 and the motion to dismiss should be granted as to the second through fourth causes of action.

## C. PLAINTIFF HAS FAILED TO STATE FACTS SUFFICIENT TO CONSTITUTE HER FIFTH CAUSE OF ACTION PURSUANT TO THE UNRUH CIVIL RIGHTS ACT

Plaintiff alleged her fifth cause of action for violation of the Unruh Civil Rights Act against all of the moving defendants.  The Unruh Civil Rights Act, Civil Code section 51, at subsection (b), states:

> All persons within the jurisdiction of this state are free and equal, and no matter what their sex, race, color, religion, ancestry, national origin, disability, medical condition, genetic information, marital status, sexual orientation, citizenship, primary language, or immigration status are entitled to the full and equal accommodations, advantages, facilities, privileges, or services in all business establishments of every kind whatsoever.

**Cummings, McClorey,**
**Davis, Acho**
**& Associates, P.C.**
3801 University Avenue,
Suite 560
Riverside, CA 92501
Telephone (951) 276-4420
Facsimile (951) 276-4405

18

MOTION TO DISMISS FIRST AMENDED COMPLAINT

motion to dismiss-1

Plaintiff contends that defendants discriminated against her because of her race. (FAC, p. 62.) Plaintiff has failed to plead any facts that demonstrate that each of the moving defendants, Judge Convey, Judge Spear, Kim, Burris and Rivera, discriminated against plaintiff based on race or any other protected basis. Accordingly, plaintiff has failed to allege facts to support her fifth cause of action for violation of the Unruh Civil Rights Act and the motion to dismiss should be granted.

**D. PLAINTIFF HAS FAILED TO STATE FACTS SUFFICIENT TO CONSTITUTE HER SIXTH CAUSE OF ACTION FOR VIOLATION OF THE BANE ACT**

California Civil Code section 52.1 (the Bane Act) provides a cause of action for "[a]ny individual whose exercise or enjoyment of rights secured by the Constitution or laws of the United States, or of rights secured by the Constitution or laws of [California], has been interfered with, or attempted to be interfered with" through actual or attempted "threats, intimidation, or coercion." Civ. Code section 52.1(a)-(b). The Bane Act is limited to plaintiffs who have been subjected to violence or threats of violence. *Bay Area Rapid Transit Dist. v. Superior Court*, 38 Cal.App.4th 141, 144 (1995). "Speech alone is not sufficient to support an action...unless the speech itself threatens violence...." Civ. Code section 52.1(j).

Plaintiff's sole allegation to support her claim under the Bane Act is that the defendants discriminated against her because of her race. Plaintiff's FAC is completely devoid of any claims of violence or threats of violence against her by the moving defendants Judge Convey, Judge Spear, Kim, Burris and Rivera. Accordingly, plaintiff has failed to allege facts to support her sixth cause of action for violation of the Bane Act and the motion to dismiss should be granted.

**E. PLAINTIFF HAS FAILED TO STATE FACTS SUFFICIENT TO CONSTITUTE HER SEVENTH CAUSE OF ACTION FOR VIOLATION OF THE RALPH ACT**

Cummings, McClorey, Davis, Acho & Associates, P.C.
3801 University Avenue, Suite 560
Riverside, CA 92501
Telephone (951) 276-4420
Facsimile (951) 276-4405

19

MOTION TO DISMISS FIRST AMENDED COMPLAINT

motion to dismiss-1

Plaintiff's seventh cause of action for violation of the Ralph Act, Code of Civil Procedure section 51.7, is pled against all of the moving defendants. "Under the Ralph Act, a plaintiff must establish the defendant threatened or committed violent acts against the plaintiff or their property, and a motivating reason for doing so was a prohibited discriminatory motive, or that the defendant aided, incited, or conspired in the denial of a protected right." *Gabrielle A. v. County of Orange*, 10 Cal.App.5th 1268, 1291 (2017).

Plaintiff's sole allegation to support her claim under the Ralph Act is that the defendants discriminated against her because of her race. Plaintiff's FAC is completely devoid of any claims of violence or threats of violence against her or her property by the moving defendants. Accordingly, plaintiff has failed to allege facts to support her seventh cause of action for violation of the Ralph Act and the motion to dismiss should be granted.

**F. PLAINTIFF CANNOT MAINTAIN HER 1) EIGHTH CAUSE OF ACTION FOR "MISPRISION FELONY 18 U.S.C. § 4;" 2) NINTH CAUSE OF ACTION FOR "OBSTRUCTION OF JUSTICE 18 U.S.C. § 1503 CAL. PENAL CODE 132, 134, 135 PC;" AND/OR 3) SEVENTEENTH CAUSE OF ACTION FOR WITNESS TAMPERING AS A MATTER OF LAW**

Plaintiff's attempt to plead three causes of action based on statutes for which there is no civil cause of action must fail. Plaintiff pled the 1) eighth cause of action for "misprision felony 18 U.S.C. §4" against Judge Convey, Judge Spear, Rivera and Burris; 2) ninth cause of action for "obstruction of justice 18 U.S.C. § 1503 Cal. Penal Code 132, 134, 135 PC" against all of the moving defendants; and 3) witness tampering pursuant to Penal Code section 136.1 against Judge Convey.

As to the eighth cause of action, 18 U.S.C. section 4 states that "[w]hoever, having knowledge of the actual commission of a felony cognizable by a court of the United States, conceals and does not as soon as possible make known the same to some judge or other person in civil or military authority under the United States,

Cummings, McClorey,
Davis, Acho
& Associates, P.C.
3801 University Avenue,
Suite 560
Riverside, CA 92501
Telephone (951) 276-4420
Facsimile (951) 276-4405

20

MOTION TO DISMISS FIRST AMENDED COMPLAINT

motion to dismiss-1

shall be fined under this title or imprisoned not more than three years, or both." Plaintiff cannot maintain a cause of action for 18 U.S.C. section 4 because that statute "defines a criminal offense and does not provide civil complainants with a private right of action." *Pankey v. Webster,* 816 F.Supp. 553, 559 (W.D. Mo. 1993); *Massad v. Greaves*, 554 F.Supp.2d 163, 166 (D. Conn. 2008) ("federal criminal statutes cannot provide plaintiff with an implied civil cause of action.").

The same is true of plaintiff's ninth cause of action, 18 U.S.C. section 1503, which makes the obstruction of justice a criminal offense. "Federal courts have consistently denied a private civil right of action under 18 U.S.C. § 1503, the criminal statute against jury tampering, witness intimidation, and obstruction of justice." *Scherer v. U.S.,* 241 F.Supp.2d 1270, 1282 (D. Kan. 2003); *Odell v. Humble Oil & Refining Co.*, 201 F.2d 123, 127 (10th Cir. 1953) (a violation of Section 1503 does not constitute a tort.). Additionally, Penal Code sections 132, 134 and 135 are statutes which classify these criminal offenses as felonies or misdemeanors. None of the three statutes provide for a civil cause of action or civil remedy.

Furthermore, as to the seventeenth cause of action based on Penal Code section 136.1, which makes it a criminal offense to prevent or dissuade a witness from testifying, it like the other criminal statutes, does not provide for a civil cause of action or civil remedy.

Finally, even if plaintiff could maintain any of these criminal causes of action against defendants, plaintiff has failed to allege any facts sufficient to constitute these causes of action. Accordingly, plaintiff cannot maintain her eighth, ninth and seventeenth causes of action against moving defendants as a matter of law and the motion to dismiss must be granted.

## G. PLAINTIFF CANNOT MAINTAIN HER ELEVENTH CAUSE OF ACTION FOR RETALIATION AGAINST MOVING DEFENDANTS AS A MATTER OF LAW

Cummings, McClorey,
Davis, Acho
& Associates, P.C.
3801 University Avenue,
Suite 560
Riverside, CA 92501
Telephone (951) 276-4420
Facsimile (951) 276-4405

21
MOTION TO DISMISS FIRST AMENDED COMPLAINT
motion to dismiss-1

Plaintiff cannot maintain her eleventh cause of action for retaliation pursuant to Government Code section 12955(f) against moving defendants as a matter of law. Section 12955(f) states that it is unlawful "[f]or any owner of housing accommodations to harass, evict, or otherwise discriminate against any person in the sale or rental of housing accommodations when the owner's dominant purpose is retaliation against a person who has opposed practices unlawful under this section, informed law enforcement agencies of practices believed unlawful under this section, has testified or assisted in any proceeding under this part, or has aided or encouraged a person to exercise or enjoy the rights secured by this part."

Plaintiff does not allege that the moving defendants are owners of housing accommodations as required by the statute. Indeed, plaintiff has made clear that at all times in the FAC, moving defendants were acting solely in their capacity as judicial officers and employees of the Superior Court, not as an owner of a plaintiff's housing accommodation. (FAC, pp. 13-14.) Accordingly, plaintiff cannot maintain her eleventh cause of action for retaliation against moving defendants as a matter of law and the motion to dismiss must be granted.

## H. PLAINTIFF HAS FAILED TO STATE FACTS SUFFICIENT TO CONSTITUTE HER THIRTEENTH CAUSE OF ACTION FOR INTRUSION INTO PRIVATE AFFAIRS/STALKING

Plaintiff pled her thirteenth cause of action for intrusion into private affairs/stalking against Judge Spear, Rivera and Kim. "[T]he action for intrusion has two elements: (1) intrusion into a private place, conversation or matter, (2) in a manner highly offensive to a reasonable person." *Shulman v. Group W Productions, Inc.,* 18 Cal.4th 200, 231 (1998). Here, plaintiff claims that defendants shared her private information with the other defendants or attorneys in the underlying case. Plaintiff fails to set forth any factual allegations sufficient to satisfy each element of this cause of action as to each defendant. Accordingly, the

**Cummings, McClorey, Davis, Acho & Associates, P.C.**
3801 University Avenue, Suite 560
Riverside, CA 92501
Telephone (951) 276-4420
Facsimile (951) 276-4405

22

MOTION TO DISMISS FIRST AMENDED COMPLAINT

motion to dismiss-1

motion to dismiss plaintiff's thirteenth cause of action for intrusion into private affairs/stalking should be granted.

**I. PLAINTIFF HAS FAILED TO STATE FACTS TO CONSTITUTE HER FOURTEENTH AND FIFTEENTH CAUSES OF ACTION FOR NEGLIGENT AND INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS**

To state a cause of action for intentional infliction of emotional distress the plaintiff must plead and prove "(1) extreme and outrageous conduct by the defendant with the intention of causing, or reckless disregard of the probability of causing, emotional distress; (2) the plaintiff suffered severe emotional distress; and (3) the defendant's extreme and outrageous conduct was the actual and proximate cause of the severe emotional distress." *Crouch v. Trinity Christian Center of Santa Ana, Inc.*, 39 Cal.App.5th 995, 1007 (2019).

A cause of action for negligent infliction of emotional distress, on the other hand, is not an independent cause of action but a cause of action for negligence. *Eriksson v. Nunnink*, 233 Cal.App.4th 708, 729 (2015). "The elements of a negligence cause of action are the existence of a legal duty of care, breach of that duty, and proximate cause resulting in injury." *McIntyre v. The Colonies-Pacific, LLC,* 228 Cal.App.4th 664, 671 (2014).

Other than listing the elements of these causes of action, plaintiff has failed to allege facts sufficient to constitute either her fourteenth cause of action for negligent infliction of emotional distress or her fifteenth cause of action for intentional infliction of emotional distress against moving defendants. Accordingly, the motion to dismiss should be granted.

**J.  PLAINTIFF HAS FAILED TO STATE FACTS SUFFICIENT TO CONSTITUTE HER SIXTEENTH CAUSE OF ACTION FOR CIVIL CONSPIRACY**

Cummings, McClorey,
Davis, Acho
& Associates, P.C.
3801 University Avenue,
Suite 560
Riverside, CA 92501
Telephone (951) 276-4420
Facsimile (951) 276-4405

23
MOTION TO DISMISS FIRST AMENDED COMPLAINT
motion to dismiss-1

"Under a conspiracy theory of recovery, liability depends on the actual commission of a tort….Liability 'presupposes that the coconspirator is legally capable of committing the tort, i.e., that he or she owes a duty to plaintiff recognized by law and is potentially subject to liability for breach of that duty.' (Citation.)  And for conspiracy liability, the conspiring defendants must have actual knowledge that a tort is planned and concur in the scheme with knowledge of its unlawful purpose." *Navarrete v. Meyer*, 237 Cal.App.4th 1276, 1291–1292 (2015).

Plaintiff has not pled facts to state a cause of action for conspiracy against moving defendants.  Accordingly, the motion to dismiss the sixteenth cause of action should be granted.

## K.  PLAINTIFF HAS FAILED TO STATE FACTS SUFFICIENT TO CONSTITUTE HER EIGHTEENTH CAUSE OF ACTION FOR UNJUST ENRICHMENT

"'The elements for a claim of unjust enrichment are 'receipt of a benefit and unjust retention of the benefit at the expense of another.' (Citation.) 'The theory of unjust enrichment requires one who acquires a benefit which may not justly be retained, to return either the thing or its equivalent to the aggrieved party so as not to be unjustly enriched.'"  *Prakashpalan v. Engstrom, Lipscomb & Lack*, 223 Cal.App.4th 1105, 1132 (2014).

Although plaintiff contends that the eighteenth cause of action for unjust enrichment is pled against all defendants, the only allegation set forth in this cause of action pertains to the order awarding defendants Olson, Kennedy, Milnes and Buchalter their attorney's fees.  (FAC, p. 73.)  Indeed, plaintiff has not pled any facts that show that the moving defendants have received any benefit, unjust or otherwise, from plaintiff.  Accordingly, plaintiff has failed to allege facts to support her eighteenth cause of action for unjust enrichment from moving defendants and the motion to dismiss should be granted.

**Cummings, McClorey, Davis, Acho & Associates, P.C.**
3801 University Avenue, Suite 560
Riverside, CA 92501
Telephone (951) 276-4420
Facsimile (951) 276-4405

24
MOTION TO DISMISS FIRST AMENDED COMPLAINT
motion to dismiss-1

# X.

## CONCLUSION

For all of the foregoing reasons, the motion to dismiss of defendants the Honorable Michael Convey and the Honorable Emily Spear, Judges of the Superior Court of California, County of Los Angeles; Cindy Kim, Deputy Clerk of the Superior Court of California, County of Los Angeles; and Marlene Burris and Debra Rivera, Certified Shorthand Reporters of the Superior Court of California, County of Los Angeles, should be granted and the complaint dismissed with prejudice.

Dated: January 13, 2022   CUMMINGS, MCCLOREY, DAVIS, ACHO & ASSOCIATES

By:   /s/ Lindsay N. Frazier-Krane
Sarah L. Overton, Esq.
Lindsay N. Frazier-Krane, Esq.
Attorneys for Defendants
the Honorable Michael Convey and
the Honorable Emily Spear,
Judges of the Superior Court of California,
County of Los Angeles;
Cindy Kim, Deputy Clerk of the
Superior Court of California,
County of Los Angeles; and
Marlene Burris and Debra Rivera,
Certified Shorthand Reporters of the
Superior Court of California, County of Los
Angeles

Cummings, McClorey,
Davis, Acho
& Associates, P.C.
3801 University Avenue,
Suite 560
Riverside, CA 92501
Telephone (951) 276-4420
Facsimile (951) 276-4405

motion to dismiss-1        MOTION TO DISMISS FIRST AMENDED COMPLAINT

PROOF OF SERVICE

I, the undersigned, declare as follows:

I am employed in the County of Riverside, State of California.  I am over the age of 18 years, and not a party to the within action.  I am an employee of or agent for Cummings, McClorey, Davis, Acho & Associates, P.C., 3801 University Avenue, Suite 560, Riverside, California 92501.

I hereby certify that on January 13, 2022, I electronically filed the foregoing NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES; [F.R. Civ. P. Rules 12(b)(1) and (6)], with the Clerk of the Court by using the CM/ECF system.  I certify that participants in the case that are registered CM/ECF users will receive service that will be accomplished by the appellate CM/ECF system.

I further certify that some of the participants in the case are not registered CM/ECF users.  I have mailed the foregoing document by USPS, postage prepaid, or have dispatched it to a third party commercial carrier for delivery within 3 calendar days to the following non-CM/ECF participants:

Jane Doe
9461 Charleville Boulevard, #259
Beverly Hills, CA 90212

Executed on January 13, 2022, in Riverside, California.  I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

/s/ Charmaine Apacible
Charmaine Apacible

**Cummings, McClorey,
Davis, Acho
& Associates, P.C.**
3801 University Avenue,
Suite 560
Riverside, CA 92501
Telephone (951) 276-4420
Facsimile (951) 276-4405

26
MOTION TO DISMISS FIRST AMENDED COMPLAINT
motion to dismiss-1