| | |
|---|---|
| 1 | BUCHALTER |
| 2 | A Professional Corporation<br>MICHAEL B. FISHER (SBN: 203620)<br>ANITA BAROONI (SBN: 312091) |
| 3 | 1000 Wilshire Boulevard, Suite 1500<br>Los Angeles, CA 90017-1730 |
| 4 | Telephone: 213.891.0700<br>Fax: 213.896.0400 |
| 5 | Email: mbfisher@buchalter.com |
| 6 | Attorneys for Defendants |
| 7 | BUCHALTER, P.C., ERIC KENNEDY, and ASHLEY MILNES |

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| JANE DOE, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>CURTIS R. OLSON, an individual; LEONARD KYLE DYKSTRA, an individual; RYAN VOGT-LOWELL, an individual and in his capacity as an officer of the court; ERIC KENNEDY, an individual and in his capacity as an officer of the court; ASHLEY MILNES, an individual and in his capacity as an officer of the court; BUCHALTER, P.C., a California professional corporation; LAMDIEN LE, an individual and in his capacity as an officer of the court; SLAUGHTER, REAGAN & COLE, LLP, a Limited Liability Partnership: MARLENE BURRIS, an individual and in her judicial officer capacity as a court reporter; DEBRA RIVERA, an individual and in her judicial officer capacity as a court reporter; MICHAEL CONVEY, as an individual and in his official capacity as Justice of the Superior Court of Los Angeles County; EMILY SPEAR, as an individual and in her official capacity as Justice of the Superior Court of Los Angeles County and as Deputy District Attorney of Los Angeles County; CINDY KIM an individual and in her judicial officer capacity as Court Clerk; and Judicial Assistant; DEPUTY SHERIFF OFFICER WILLIAM KOO an individual and his official Deputy Sheriff capacity and in DOES 1-40, inclusive,<br><br>Defendants. | Case No. 2:21-CV-09747<br><br>**DEFENDANTS' BUCHALTER, P.C., ERIC KENNEDY, AND ASHLEY MILNES NOTICE OF MOTION AND MOTION TO DISMISS UNDER RULE 12(B)(6); MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br>Date: July 19, 2022<br>Time: 10:00 a.m.<br>Court: 580<br>Judge: Magistrate Judge Patricia Donahue |

**TO THE COURT, TO THE PARTIES, AND TO THEIR COUNSEL OF RECORD:**

**PLEASE TAKE NOTICE** that on Tuesday, July 19, 2022 at 10:00 a.m. in Courtroom 580 of the above captioned court, located at 255 East Temple Street, 5th Floor, Los Angeles, CA 90012, Defendants ERIC KENNEDY, ASHLEY MILNES, and BUCHALTER, P.C. (collectively the "Buchalter Defendants") will and hereby do move this Court as follows:

**To dismiss the second cause of action for conspiracy to violate civil rights pursuant to Code of Civil Procedure Section 12(b)(6) and dismiss this claim on the grounds that it does not state a claim on which relief can be granted.**

Pursuant to Local Rule 7-3 counsel contacted opposing counsel to discuss the filing of this motion. Plaintiff's counsel indicated that the inclusion of the Buchalter Defendants in the First Amended Complaint was an error.

This Motion is based on this Notice of Motion, the attached Memorandum of Points and Authorities, and all the pleadings, records and documents on file in this action, and such additional written and oral argument as may be presented prior to or at the hearing on this Motion.

DATED: June 27, 2022

BUCHALTER
A Professional Corporation

By: /s/ Michael B. Fisher
 MICHAEL B. FISHER
 ANITA BAROONI
 Attorneys for Defendants
 BUCHALTER, P.C., ERIC KENNEDY,
 and ASHLEY MILNES

BUCHALTER
A Professional Corporation
Los Angeles

BN 71350564v1

1

MOTION TO DISMISS UNDER RULE 12(B)(6)

Case No. 2:21-CV-09747

# TABLE OF CONTENTS

| | | Page |
|---|---|---|
| I. | INTRODUCTION | 1 |
| II. | STATEMENT OF FACTS | 1 |
| III. | LEGAL STANDARD | 2 |
| IV. | ARGUMENT | 3 |
| | A. Plaintiff's Cause for Action for Conspiracy to Violate Civil Rights Fails Because 18 U.S.C. § 241 Does Not Create a Private Right of Action | 3 |
| | B. Plaintiff Has Failed to Allege Facts Sufficient to Constitute A Cause for Action for Conspiracy to Violate Civil Rights | 3 |
| | C. Plaintiff's Cause for Action for Conspiracy to Violate Civil Rights Fails Because the Buchalter Defendants are Not State Actors | 4 |
| V. | CONCLUSION | 5 |

# TABLE OF AUTHORITIES

**Page(s)**

**Federal Cases**

*Aldabe v. Aldabe*,
C.A.9 (Cal.) 1980, 616 F.2d 1089 ............................................................................ 3

*Ashcroft v. Iqbal*,
129 S.Ct. 1937 (2009) ............................................................................................. 5

*Ashcroft v. Iqbal*,
556 U.S. 662 (2009) ................................................................................................ 2

*Bell Atl. Corp. v. Twombly*,
550 U.S. 544 (2007) ............................................................................................ 2, 5

*Davis v. Sarles*,
D.D.C. 2015, 134 F.Supp.3d 223 ............................................................................ 3

*In re Gilead Scis. Sec. Litig.*,
536 F.3d 1049 (9th Cir. 2008) ................................................................................ 2

*Gompper v. VISX, Inc.*,
298 F.3d 893 (9th Cir. 2002) .................................................................................. 2

*Jackson v. Metro. Edison Co.*,
419 U.S. 345 (1974) ................................................................................................ 4

*Opera Plaza Residential Parcel Homeowners Ass'n v. Hoang*,
376 F.3d 831 (9th Cir. 2004) .................................................................................. 3

*Swartz v. KPMG LLP*,
476 F.3d 756 (9th Cir. 2007) .................................................................................. 2

*Thompson v. Davis*,
295 F.3d 890 (9th Cir. 2002) .................................................................................. 2

*Thompson v. Thompson*,
484 U.S. 174 (1988) ................................................................................................ 3

BUCHALTER
A PROFESSIONAL CORPORATION
LOS ANGELES

ii

MOTION TO DISMISS UNDER RULE 12(B)(6)
BN 71350564v1

Case No. 2:21-CV-09747

*Webber v. First Student, Inc.*,
 928 F. Supp. 2d 1244 (D. Or. 2013) .................................................................. 3

*Wolotsky v. Huhn*,
 960 F.2d 1331 (6th Cir. 1992) .......................................................................... 4

**California Cases**

*Robbins v. Hamburger Home for Girls*,
 32 Cal. App. 4th 671 (1995) ............................................................................. 4

**Federal Statutes**

18 U.S.C.
 § 241 ................................................................................................................... 3

42 U.S.C.
 § 1983 ........................................................................................................ 3, 4, 5

**Other Authorities**

Federal Rule of Civil Procedure 12(b)(6) .................................................................. 2

iii

BUCHALTER
A PROFESSIONAL CORPORATION
LOS ANGELES

**MOTION TO DISMISS UNDER RULE 12(B)(6)**   Case No. 2:21-CV-09747
BN 71350564v1

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

Even accepting all of Plaintiff's fanciful allegations as true, Plaintiff's First Amended Complaint ("FAC") fails to allege any viable causes of action against Defendants Eric Kennedy, Esq. ("Attorney Kennedy") and Ashley Milnes, Esq. ("Attorney Milnes") of Buchalter, P.C. (collectively the "Buchalter Defendants")[1]. The FAC contains threadbare factual allegations and pleads no facts against the Buchalter Defendants, which supports a cause of action for conspiracy to violate Plaintiff's civil rights.

## II. STATEMENT OF FACTS

Although Plaintiff has initiated this action under the pseudonym "Jane Doe," she has an extensive history of litigation with Curtis R. Olson ("Defendant Olson") dating back to 2015 (see Los Angeles County Superior Court Case Nos. SC126806, 17SMRO00308, SC128027). Plaintiff is a serial litigant who, over the course of five years, has unleashed a legal barrage against Defendant Olson. She has filed two administrative actions (which she lost), two restraining order actions (one of which she lost, the other of which was dismissed), and three civil actions.

In order to defend himself from Plaintiff's multiple suits, Defendant Olson retained Defendants Eric Kennedy, Esq. ("Attorney Kennedy") and Ashley Milnes, Esq. ("Attorney Milnes") of Buchalter, P.C. (collectively the "Buchalter Defendants"). Plaintiff has pursued Defendant Olson with allegations of stalking, harassment, invasion of privacy, and assault for years. This has resulted in damage to Defendant Olson's personal and professional reputation and relationships, and caused him to waste immeasurable hours and tens of thousands of dollars defending himself.

---

[1] Though Plaintiff's First Amended Complaint names Buchalter, P.C., it does not contain any independent allegations as to Buchalter. All claims against Buchalter are derivative of the claims against Defendants Eric Kennedy and Ashley Milnes by virtue of their employment at the firm.

BUCHALTER
A PROFESSIONAL CORPORATION
LOS ANGELES

BN 71350564v1

1

MOTION TO DISMISS UNDER RULE 12(B)(6)

Case No. 2:21-CV-09747

    Apparently dissatisfied with her endless litigation against Defendant Olson, and undaunted by her consistent defeats, Plaintiff has now initiated the present action, which names a sitting judge, a court reporter, and Defendant Olson's attorneys at Buchalter, P.C. as defendants.

## III. <u>LEGAL STANDARD</u>

    To survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), the complaint "must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A party cannot avoid dismissal if a pleading merely "tenders naked assertions devoid of further factual enhancement." *Id*. (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557 (2007)).

    Although a court must assume the truth of factual allegations in the complaint, *Thompson v. Davis*, 295 F.3d 890, 895 (9th Cir. 2002), this requirement does not apply to legal conclusions. *Iqbal*, 556 U.S. at 678-79. "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Id*. at 679. A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement." *Id.* at 557. The court need not accept "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *In re Gilead Scis. Sec. Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008).

    In ruling on a 12(b)(6) motion, a court may generally consider only "allegations contained in the pleadings, exhibits attached to the complaint, and matters properly subject to judicial notice" as well as a writing referenced in and relied upon in a complaint. *Swartz v. KPMG LLP*, 476 F.3d 756, 763 (9th Cir. 2007). When it is clear that "the complaint could not be saved by any amendment," a court may dismiss a claim with prejudice. *Gompper v. VISX, Inc.*, 298 F.3d 893, 898 (9th Cir. 2002).

BUCHALTER
A PROFESSIONAL CORPORATION
LOS ANGELES

2

MOTION TO DISMISS UNDER RULE 12(B)(6)
BN 71350564v1

Case No. 2:21-CV-09747

## IV. ARGUMENT

### A. Plaintiff's Cause for Action for Conspiracy to Violate Civil Rights Fails Because 18 U.S.C. § 241 Does Not Create a Private Right of Action

There is no private right of action to enforce a criminal statute unless the intent to create a private right of action is expressed in the statute or clearly implied. *Thompson v. Thompson*, 484 U.S. 174, 179 (1988). The plaintiff has the burden to establish that a criminal statute confers a private right of action. *Opera Plaza Residential Parcel Homeowners Ass'n v. Hoang*, 376 F.3d 831, 835 (9th Cir. 2004).

There is no private cause of action under federal criminal statutes prohibiting two or more persons conspiring to interfere with constitutional or legal rights of another individual, and proscribing the deprivation of rights under color of law. *Davis v. Sarles*, D.D.C. 2015, 134 F.Supp.3d 223, 228. Furthermore, the 9th circuit has held that his section and section 242 of this title proscribing conspiracy against rights of citizens and deprivation of rights under color of law provided no basis for civil suit under federal Civil Rights Act, section 1983 of Title 42. *Aldabe v. Aldabe*, C.A.9 (Cal.) 1980, 616 F.2d 1089, 1092.

Plaintiff's cause of action fails, because Plaintiff cannot point to any authority that permits a private cause of action to enforce a conspiracy to violate civil rights. Plaintiff's cause of action against the Buchalter Defendants should be dismissed.

### B. Plaintiff Has Failed to Allege Facts Sufficient to Constitute A Cause for Action for Conspiracy to Violate Civil Rights

To demonstrate state action through conspiracy, there must be a meeting of the minds to violate federally protected rights. Plaintiffs must specifically show: (1) a common goal to violate federally protected rights; and (2) overt actions in furtherance of that goal. (See *Webber v. First Student, Inc.*, 928 F. Supp. 2d 1244, 1258-59 (D. Or. 2013) (citing *Franklin v. Fox*, 312 F.3d 423, 441 (9th Cir. 2002)).)

3

BUCHALTER
A PROFESSIONAL CORPORATION
LOS ANGELES

MOTION TO DISMISS UNDER RULE 12(B)(6)
BN 71350564v1

Case No. 2:21-CV-09747

Willful participation in a government action to deprive federal rights requires active, voluntary participation which is more than a private party's use of statutorily authorized government processes or assistance (*Wolotsky v. Huhn*, 960 F.2d 1331, 1335 (6th Cir. 1992).)

Plaintiff has failed to state facts sufficient to prove that the Buchalter Defendants had any kind of agreement with each other or the other Defendants to deprive Plaintiff of her constitutional rights. Instead Plaintiff has merely alleged baseless conclusions of conspiracy. For example, Plaintiff alleges that Defendant Kennedy conspired to counterfeit court transcripts but failed to allege the over acts of how this occurred. (*See* FAC ¶ 92). In addition, the FAC plead no facts as to how Defendant Milnes or Defendant Buchalter they willfully participated in a deprivation of Plaintiff's rights.

### C. **Plaintiff's Cause for Action for Conspiracy to Violate Civil Rights Fails Because the Buchalter Defendants are Not State Actors**

"[P]rivate parties ordinarily are not subject to suit under [section 1983], unless, sifting the circumstances of the particular case, the state has so significantly involved itself in the private conduct that the private parties may fairly be termed state actors.  Among the factors considered are whether the state subsidized or heavily regulated the conduct, or compelled or encouraged the particular conduct, whether the private actor was performing a function which normally is performed exclusively by the state, and whether there was a symbiotic relationship rendering the conduct joint state action." *Robbins v. Hamburger Home for Girls*, 32 Cal. App. 4th 671, 683, (1995) internal citations omitted.) State action exists if, based on history and tradition, the government has been the only entity to perform the function or wield the power at issue. (*Jackson v. Metro. Edison Co.*, 419 U.S. 345 (1974).

Plaintiff's cause of action alleges conspiracy to deprive her of her civil rights. This claim must fail because it fails to allege how the Buchalter Defendants are

Buchalter
A Professional Corporation
Los Angeles

4

MOTION TO DISMISS UNDER RULE 12(B)(6)
BN 71350564v1

Case No. 2:21-CV-09747

state actors. Though attorneys are licensed under state law, this does not automatically make them state actors. Attorneys Kennedy and Milnes are private parties who were retained by Defendant Olson to represent him in litigation. The FAC suggests that Attorney Kennedy and Attorney Milnes should be deemed state actors because they conspired with state actors such as the state court judges. But the allegations of conspiracy or joint action are either conclusory or speculative and thus fail to satisfy the pleading requirements under *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), and *Ashcroft v. Iqbal*, 129 S.Ct. 1937 (2009). Plaintiff's causes of action based on 42 U.S.C. §1983 should be dismissed.

## V.   CONCLUSION

For all the foregoing reasons, Plaintiff's second cause of action against the Buchalter Defendants should be dismissed for failure to state a claim upon which relief may be granted.

DATED:  June 27, 2022

BUCHALTER
A Professional Corporation

By:  /s/ Michael B. Fisher
MICHAEL B. FISHER
ANITA BAROONI
Attorneys for Defendants
BUCHALTER, P.C., ERIC KENNEDY, and ASHLEY MILNES

BUCHALTER
A PROFESSIONAL CORPORATION
LOS ANGELES

5

MOTION TO DISMISS UNDER RULE 12(B)(6)
BN 71350564v1

Case No. 2:21-CV-09747