Jane Doe
9451 Charleville Blvd #259
Beverly Hills, CA 90212
310 498-7975
JaneDoe4Justice@aol.com
Plaintiff Jane Doe in sui juris

FILED
CLERK, U.S. DISTRICT COURT
November 14, 2022
CENTRAL DISTRICT OF CALIFORNIA
BY: ___jgr___ DEPUTY

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JANE DOE,<br><br>Plaintiff,<br><br>v.<br><br>CURTIS R. OLSON, et al.,<br><br>Defendants. | **Case No. 2:21-cv-09747-SB-PD**<br><br>**PLAINTIFF'S RESPONSE TO DEFENDANT WILLIAM KOO'S MOTION TO DISMISS PURSUANT TO RULE 12(b)(6) (Dkt. #43)** |

1. Plaintiff **Jane Doe** hereby submits this Response to the Motion of Defendant William Koo, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, to dismiss this matter.

2. The facts alleged and referenced in Plaintiff's First Amended

Complaint (FAC) respectfully are incorporated into this response.[1]

3.  In brief, Plaintiff alleges that at the time in question, Defendant Koo was a Deputy Sheriff in Los Angeles County, assigned to the Superior Court as a bailiff.  The second cause of action in the FAC alleges that Defendant Koo, along with the other Defendants, committed certain acts and omissions that deprived Plaintiff of her civil rights.

4.  Now, Defendant Koo moves to dismiss the claim pursuant to Federal Rule of Civil Procedure 12(b)(6), alleging that the complaint fails to state a viable civil rights claim against him, either in his official or personal capacity.

5.  Purportedly as part of the Rule 12(b)(6) motion, Defendant Koo also moves for dismissal pursuant to Rules 8 and 15(a), alleging, respectively, that the complaint is "unintelligible," and that Plaintiff filed an amended complaint without seeking leave.

6.  For the reasons stated in the accompanying Memorandum of Points and Authorities, this Court should deny Defendant Koo's motion in its entirety.

DATED:     November 14, 2022

                                          Respectfully submitted,

                                          /s/ Jane Doe
                                          Jane Doe in sui juris

---

[1] Plaintiff is aware of the Court's indication that the current complaint, filed on or about June 13, 2022, actually is the second amended complaint, not the first, and that it was filed without proper leave (see Minute Order, July 8, 2022, p. 2 [Dkt. #48, PACER Page ID [PID] #966]). Because Defendant Koo's dismissal motion refers to the First Amended Complaint (Notice of Motion, p. 2, PID #931), Plaintiff will do so here as well for ease of reference. No disrespect to the Court is intended.

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.    Defendant William Koo's Motion Is Itself Deficient.

It is notably ironic that Defendant Koo seeks dismissal on the basis of Plaintiff's alleged failures to comply with pleading requirements.  Defendant Koo's Motion contains several deficiencies.  First, instead of stating the factual background for the motion in his Memorandum of Points and Authorities (MPA), Defendant Koo's Notice of Motion merely "joins in and incorporates by reference, the Memorandum of Points and Authorities and arguments raised in the Motion to Dismiss by Defendants Court Personnel," previously filed on June 27, 2022 (Notice of Motion, p. 2; see Dkt. #38).  This is improper, as it can be seen as an attempt to elude the 25-page maximum on MPAs set by Central District of California Local Rule 11-6. *See Hernandez v. City of Beaumont*, No. EDCV 13-00967 DDP, *1 n.1 (C.D. Cal., Sep. 30, 2016).  Further, Defendant Koo's Motion and MPA suddenly switches from double spacing to something less than double at various points of the document.  This is a violation of Local Rules 11-3.2 and 11-3.6.  While the MPA does not approach the page maximum, at the very least this practice can be seen as an attempt to make opposing counsel's job harder.

Further, in his Notice of Motion, Defendant Koo states that he is moving "pursuant to Federal Rule of Civil Procedure 12(b)(6)" for dismissal (PID #930-31).  He then goes on to state that reasons for dismissal include deficiencies

regarding two other, different federal rules. Notices of motion are supposed to be specific. They are not meant as an opportunity for obfuscation or to have opposing parties decrypt hidden messages. *See, e.g.,* Fed. R. Civ. P. 7(b)(1)(B) (motions seeking court orders must "state with particularity the grounds for seeking the order"); *In re Air Crash at Taipei*, 211 F.R.D. 374, 376 n.1 (C.D. Cal. 2002) ("The Court strongly admonishes plaintiffs for failing to specify or identify in their notice of motion, let alone in their portion of the Amended Joint Stipulation, those requests they seek to compel"). Even if this is not a reason to deny the motion outright, *see Raya v. Maryatt Indus.*, 829 F.Supp. 1169, 1171 (N.D. Cal. 1993), Plaintiff nevertheless would suggest the Court to view Defendant Koo's entire motion in the light of the well-known legal maxim, "What's sauce for the goose is sauce for the gander." *Cf. Newman v. Checkrite Cal., Inc.*, 156 F.R.D. 659, 660 (E.D. Cal. 1994) (noting "sauce for the goose," "same monks, same haircuts," and similar expressions); *Wang v. Fang*, 59 Cal.App.5th 907, 916 n.9 (2021) (many objections plaintiffs made to defendants' motion also applied to evidence proffered by plaintiffs in opposing defendants' motion, "Which brings to mind the axiom, 'What is sauce for the goose is sauce for the gander'")).

**II.    The complaint contains a short and plain statement of the claim.**

Federal Rule of Civil Procedure 8(a)(2) requires that the complaint contain a "short and plain statement of the claim" showing entitlement to relief.

This means provision of "fair notice" of "what the claim is and the grounds upon which it rests." *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *Oliver v. Ralphs Grocery Co.*, 654 F.3d 903, 908 (9th Cir. 2011). The complaint must "state the elements of the claim plainly and succinctly." *See Jones v. Community Redevelopment Agency*, 733 F.2d 646, 649 (9th Cir. 1984). Contrary to some older precedents of various courts, there is no special heightened pleading requirement for civil rights cases. *See, e.g., Galbraith v. County of Santa Clara*, 307 F.3d 1119, 1121 (9th Cir. 2002).

After calling Plaintiff's complaint "indefinite, confusing, and ambiguous," Defendant Koo goes on to describe the allegation as follows: on December 11, 2019 (not "209" as Defendant Koo states, see MPA, p. 4 [PID #933]), "Los Angeles Superior Court Judge Emily Spear directed Defendant Sheriff Officer and Bailiff Koo, who was assigned to the Family Court . . . to intimidate Plaintiff. Allegedly, while Plaintiff was making an oral argument at the court table, Bailiff Koo stood about 12 inches directly behind her. 'He put one foot forward, lunged into a ready to shoot stance, removed the strap from his weapon, put his hand on the grip of the gun, cocked his arm/elbow back and up high and held this stance directly behind Plaintiff as she tried to speak.' The situation impaired Plaintiff's ability to speak freely. Finally, in a rogue move, Plaintiff asserts that Judge Spear used Bailiff Koo to aggressively intimidate Jane Doe" (MPA, pp. 4-5 [PID #933-34]).

Defendant Koo's final sentence is misleading, as it implies that Plaintiff is making a "rogue move" in accusing Judge Spear. In fact, the complaint indicates that Judge Spear used Bailiff Koo "in a rogue move" (Complaint, ¶103 [PID #722]). In continuing irony, Defendant Koo accuses Plaintiff of filing a "convoluted" complaint, yet fails to transcribe a simple sentence accurately and instead makes Plaintiff appear to be making wild accusations.

In any event, Defendant Koo's summary more than adequately explains Plaintiff's claim against him. It would be difficult to give a better "short and plain statement" than that. Thus, there are two possibilities: either Defendant Koo has some special ability to discern "indefinite, confusing, and ambiguous" complaints, an ability he does not ascribe to others, including the Court; or the complaint is not ambiguous or confusing at all.

The latter scenario is correct. This was far from "an unadorned, the defendant-unlawfully-harmed-me accusation." *Cf. Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). It was not a "formulaic recitation of the elements of a cause of action." *Cf. Twombly*, 550 U.S. at 555. Rather, Plaintiff properly pleaded how Defendant Koo "was involved," and what Defendant Koo "did that caused the plaintiff harm or violated the plaintiff's rights." *Cf. Wentworth v. Southwest Airlines Co.*, No. 21-cv-00702-BAS-AGS, *3 (S.D. Cal., Aug. 6, 2021). The Rules require nothing more.

**III. The complaint plausibly pleads a civil rights violation.**

Defendant Koo formulaically recites the *Iqbal*/*Twombly* pleading standard, but fails to demonstrate how it is that the complaint is lacking in that regard as to the 42 U.S.C. § 1983. A complaint does not need to "pin plaintiff[']s claim for relief to a precise legal theory," or give "an exposition of his legal argument." *See Skinner v. Switzer*, 562 U.S. 2011 (2011).

A claim under 42 U.S.C. § 1983 has two elements: that the conduct harming the plaintiff was committed under color of state law, also known as the state action requirement; and that the conduct deprived the plaintiff of a constitutional right. *See Flagg Bros., Inc. v. Brooks*, 436 U.S. 149, 155 (1978); *Ketchum v. Alameda Cnty.*, 811 F.2d 1243, 1245 (9th Cir. 1987).

Plaintiff has established both of those elements here. She has alleged that Judge Spear acted with Defendant Koo to use excessive force and intimidation (Complaint, PID #722). She further has alleged that both Judge Spear and Defendant Koo did so under color of state law in that they were employees of the State of California at the time they committed the acts and omissions (Complaint, ¶120, PID #728). Such employment status does not appear to be in serious dispute. Plaintiff further has alleged that Judge Spear and Defendant Koo took such actions to deny her a fair hearing, to impair her ability to make her case, on the basis of her identity as a disabled female of mixed race (¶¶103, 121; PID #722, 728).

Plaintiff's showing goes beyond alleging mere "participation" in an unconstitutional state action that harms, and instead shows *how* Defendant Koo both acted under state law, and took actions that harmed Plaintiff in violation of her constitutional rights. *Cf. Ivey v. Board of Regents*, 673 F.2d 266, 268 (9th Cir. 1982) (allegation that municipality financially supported university, intervened in university's operations, and university became racially segregated as a result, failed to meet pleading standard). The complaint alleges an "overt act" by Defendant Koo that supports a violation of both elements of a 42 U.S.C. § 1983 action. *Cf. Sherman v. Yakahi*, 549 F.2d 1287, 1290-91 (9th Cir. 1977) (claim that plaintiff was only Jewish person denied permanent employment failed to allege he was terminated due to religion, as it merely presented "some statistical facts and allows the reader to draw a conclusion;" in contrast, claim that only plaintiff, and not three employees of same ethnicity as supervisor, was fired, and plaintiff's test results were presented at termination review, properly pleaded "overt act"). Again, the Rules require nothing more at the pleading stage.

Plaintiff has established that: (1) Defendant Koo threatened to touch her in a harmful or offensive manner with the bullet of his gun; (2) it reasonably appeared to the Plaintiff that Defendant Koo was about to carry out his threat; (3) Plaintiff did not consent to Defendant Koo's conduct; (4) Plaintiff was harmed; and (5) Defendant Koo's conduct was a substantial factor in causing

Plaintiff's harm. *Tekle v United States*, 511 F.3d 839, 855 (9th Cir. 2007) (defining civil assault under California law) An assault also can occur under Cal. Law when a defendant "attempts" a battery. *See* Judicial Council of Cal., Civil Jury Instructions No. 1310 ("Assault") (2012); 5 B.E. Witkin, Summary of Cal. Law, Torts § 381,p.598 (10thed. 2005).

## IV. The complaint should not be dismissed as amended without leave.

A district court has the inherent power to control its docket by striking filed items as a sanction for litigation conduct. *See Ready Transp., Inc. v. AAR Mfg., Inc.*, 627 F.3d 402, 403 (9th Cir. 2010). Said power is reviewable for abuse of discretion. *See id.* at 402-03.

Here, there is no reason here for the Court to exercise its discretion to strike Plaintiff's second amended complaint. While in this regard Plaintiff does not concede that the operative complaint was filed improperly, Defendant Koo has not even alleged, much less demonstrated, that he was prejudiced by the filing. *Cf. United States v. $11,500.00 in U.S. Currency*, 710 F.3d 1006, 1012 (9th Cir. 2013) (one factor in court's discretion to overlook claimant's failure to conform to civil forfeiture claim rules is whether Government was prejudiced). In fact, other than an alleged rule violation, Defendant Koo has not pointed to any *reason* to strike the complaint. He has not even stated that he was inconvenienced. Denial of Defendant Koo's Rule 15 motion would be in accordance with the doctrine that the underlying purpose of the Rule is "to

facilitate decision on the merits, rather than on the pleadings or technicalities."

Cf. *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000).

### V.  Conclusion

For the foregoing reasons, Defendant Koo's motion to dismiss pursuant to Rule 12(b)(6) should be denied in all respects.  The motion is deficient, it fails to show how Plaintiff's complaint is deficient, and gives no good reason that relief should be granted.

DATED:      November 14, 2022         Respectfully submitted,

                         /s/ Jane Doe
                         Jane Doe in sui juris

# PROOF OF SERVICE

I, Gilbert Romero, am over the age of 18 years. I am not a party to the within-entitled cause. I maintain my business address at 4454 Marine Ave Lawndale, CA 90260. On November 14, 2022 I served the attached:

**PLAINTIFF'S RESPONSE TO DEFENDANT WILLIAM KOO'S MOTION TO DISMISS PURSUANT TO RULE 12(b)(6)**

upon the following individuals/entities by electronic email and by placing a true and correct copy of the document in a sealed envelope with postage thereon fully prepared, in the United States mail at Los Angeles, California, addressed as follows:

Michael B Fisher for Buchalter, Eric Kennedy and Ashley Milnes
Buchalter APC
1000 Wilshire Boulevard Suite 1500, Los Angeles, CA 90017-1730
213-891-0700  Fax: 213-896-0400  Email: mbfisher@buchalter.com

Andrew J. Waxler for Slaughter, Reagan and Cole, LLP and Lamdien Le
Kaufman Dolowich Voluck LLP
21515 Hawthorne Boulevard Suite 450, Torrance, CA 90503
30-540-2000  Fax: 310-540-6609  Email: awaxler@kdvlaw.com

Lindsay N Frazier-Krane  for Marlene Burris, Debra Rivera, Michael Convey, Emily Spear, Cindy Kim

Cummings McClorey Davis and Acho

3801 University Avenue Suite 560,  Riverside, CA 92501

951-276-4420  Fax: 951-276-4405  Email: lkrane@cmda-law.com

Raymond J Fuentes  for William Koo

Fuentes and McNally LLP

700 North Central Avenue Suite 470  Glendale, CA 91203

818-543-4750  Fax: 818-543-4757  Email: fmllp@fm-llp.com

     I declare under penalty of perjury under the laws of the State of California that the above is true and correct. Executed on November 14, 2022, in Los Angeles, California.

                    /s/ Gilbert Romero
                    Gilbert Romero