**RAYMOND J. FUENTES**, Bar No. 61199
fmllp@fm-llp.com
**FUENTES & McNALLY, LLP**
700 N. Central Avenue
Glendale, California 91203
Tel: (818) 543-4750
Fax: (818) 543-4757
Email: fmllp@fm-llp.com

Attorneys for Defendant Deputy Sheriff
WILLIAM KOO

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JANE DOE,<br><br>            Plaintiff,<br><br>    vs.<br><br>CURTIS R. OLSON, et al.,<br><br>            Defendants. | Case No. 2:21-CV-09747-SB-PD<br><br>**DEFENDANT KOO'S RESPONSE IN SUPPORT OF MOTION AND MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES**<br><br>Date: December 9, 2022<br>Time: 8:30 a.m.<br>Court: 580<br><br>Hon. Stanley Blumenfeld, Jr.<br><br>[ |

**TO THE COURT AND TO PLAINTIFF JANE DOE, IN PRO SE:**

NOTICE IS HEREBY GIVEN that Defendant Deputy Sheriff and Bailiff WILLIAM KOO (hereinafter "Defendant" or "Defendant Koo"), submits the

following Response in support of his Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), on the grounds that Plaintiff's Second Amended Complaint ("SAC") is barred because.

(1)    Plaintiff's SAC fails to assert a viable Civil Rights claim because liability does not attach to Defendant KOO, in his "official capacity," pursuant to *Monell v. Dept. of Social Services*, (1978) 436 U.S. 658.

(2)    Plaintiff's SAC fails to assert a viable Civil Rights claim because liability does not attach to Defendant KOO, in his "individual capacity," pursuant to 42 USC § 1983.

(3)    In respect to Plaintiff's alleged state claims, Plaintiff's SAC fails to state a claim upon which relief can be granted because the Complaint fails to allege timely compliance with the California Tort Claims Act pursuant to Cal. Gov't Code §§ 911.2, 945.4.

(4)    Plaintiff's Complaint is uncertain, ambiguous, and unintelligible, pursuant to Federal Rule of Civil Procedure, Rule 8.

This Motion is based upon this Notice, the Memorandum of Points and Authorities, and the records and pleadings on file in this action, and upon such argument and other evidence as may be presented at the time of the hearing of this Motion.   In this respect, Defendant Koo joins in and incorporates by reference, the Memorandum of Points and Authorities and arguments raised in the

Motion to Dismiss by Defendants Court Personnel (Dkt. No. 11) filed on January 13, 2022.


DATED:  November 17, 2022                    FUENTES & McNALLY, LLP




                                   By:  /s/ Raymond J. Fuentes
                                        RAYMOND J. FUENTES
                                        Attorneys for Defendant Deputy
                                        Sheriff/Bailiff KOO

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.

### INTRODUCTION

Plaintiff JANE DOE'S ("Plaintiff") Second Amended Complaint (SAC) is indefinite, confusing, and ambiguous in that it is difficult to comprehend how or in what manner Defendant Deputy Sheriff and Bailiff William Koo engaged in conduct that caused damage to Plaintiff.   Plaintiff's Complaint is replete with legal conclusions and is indefinite and ambiguous in that it cannot be ascertained or determined how or in what manner Defendant engaged in conduct depriving Plaintiff of rights secured under the U.S. Constitution and/or state law. Nonetheless, the following is an attempt to summarize Plaintiff's allegations as to this Defendant.

*As a point of information, Defendant Koo was not served with Plaintiff's Second Amended Complaint.   Instead, Defendant Koo was served with Plaintiff's First Amended Complaint.   As such, Defendant Koo's Motion to Dismiss was based on the First Amended Complaint, which was served on him. Regardless, the same arguments apply to the Second Amended Complaint, which apply to the First Amended Complaint.*

In respect to her state law causes of action, Plaintiff has failed to allege compliance with the mandatory time requirements under the California Tort

Claims Act.  No facts or dates listed in Plaintiff's SAC assert compliance with the California Tort Claims Act as to Deputy Sheriff and Bailiff Koo.

Furthermore, Plaintiff's SAC is so convoluted that it fails to plead facts sufficient to state a cause of action. Plaintiff has the burden of establishing a viable cause of action. Instead, Plaintiff offers inconsistent facts that purportedly give rise to liability for Defendant. There is no attempt to clearly lay out a cause of action and assert how Defendant is responsible.

Finally, Plaintiff has failed to identify a statutory scheme under which liability could be imposed upon Defendant for damages. In short, Plaintiff's SAC is defective and confusing, which warrants the dismissal of the SAC.

## II.
## ALLEGATIONS

Plaintiff's SAC outlines one incident in respect to Defendant Koo, which allegedly occurred on December 19, 2019, and gave rise to the following causes of action ("Claim"):

Claim 1:  **Fraud upon the Court.**  In this Cause of Action against all (other) defendants, Plaintiff alleges that altered court transcripts and falsified real estate documents created evidence, which were submitted to the court.  Defendant Koo is not identified as an actor in this purported fraud on the court.  Furthermore, Plaintiff does not assert a basis for liability in this cause of action.  [FAC, pp. 56-58.]

Claim 2:  **Deprivation of Civil Rights 42 USC 1983.** In this Cause of Action against Judges Convey and Spear, and all (other)

defendants as de facto State Actors, Plaintiff alleges that her substantive due process rights under the Fourteenth Amendment were violated because these individuals willfully and intentionally destroyed Jane Doe's ability to fair hearings and motions. Defendant Koo is not identified as an actor in this purported cause of action. Furthermore, Plaintiff does not assert a basis for liability in this cause of action. [FAC, pp. 58-59.]

Claim 3:    **Conspiracy to Violate Civil Rights 42 USC 1983**. In this Cause of Action against all defendants, Plaintiff alleges that all of the defendants were acting under color of law and conspired to deprive her of federally protected rights. In this cause of action, the Plaintiff does not set forth (1) the existence of a conspiracy involving state action by Defendant Koo; and (2) a deprivation of civil rights in furtherance of the conspiracy by Defendant Koo to the alleged conspiracy. As such, Plaintiff does not assert a basis for liability in this cause of action. [FAC, pp. 60-61.]

Claim 4:    **Denial of Equal Protection 42 USC 1983 under the 14th Amendment**. In this Cause of Action against all defendants, Plaintiff alleges that all defendants discriminated against Plaintiff's race and violated Plaintiff's rights under color of law, her equal protection under 42 USC § 1983. Plaintiff does not assert specific facts to give rise to this cause of action as to Defendant Koo. As such, Plaintiff does not assert a basis for liability in this cause of action. [FAC, p. 61.]

Claim 5:    **Unruh Civil Rights Act**. In this Cause of Action against all defendants, Plaintiff alleges that all defendants discriminated

against Plaintiff's race and violated Plaintiff's rights under the Unruh Civil Rights Act. Plaintiff does not assert specific facts to give rise to this cause of action as to Defendant Koo. As such, Plaintiff does not assert a basis for liability in this cause of action. [FAC, p. 62.]

Claim 6: **Violation Bane Act**. In this Cause of Action against all defendants, Plaintiff alleges that all defendants discriminated against Plaintiff's race and violated Plaintiff's rights under the Bane Act. Plaintiff does not assert specific facts to give rise to this cause of action as to Defendant Koo. As such, Plaintiff does not assert a basis for liability in this cause of action. [FAC, p. 62.]

Claim 7: **Violation Ralph Act**. In this Cause of Action against all defendants, Plaintiff alleges that all defendants discriminated against Plaintiff's race and violated Plaintiff's rights under the Ralph Act. Plaintiff does not assert specific facts to give rise to this cause of action as to Defendant Koo. As such, Plaintiff does not assert a basis for liability in this cause of action. [FAC, pp. 62-63.]

Claim 8: **Misprision Felony 18 USC § 4**. In this Cause of Action against a number of defendants, Plaintiff alleges that members of the court, licensed bar attorneys and court reporters were involved in the filing of counterfeit court transcripts, which were submitted to the court and which actions were felonious. Defendant Koo is not identified as an actor in this purported fraud on the court. Furthermore, Plaintiff does not assert a basis for liability in this cause of action. [FAC, pp. 53-64.]

Claim 9:    **Obstruction of Justice**. This Cause of Action is asserted against all defendants. This cause of action is convoluted and unclear.   However, it appears that Plaintiff alleges that all defendants were involved in the obstruction of justice in endeavoring to impede a grand juror, or a magistrate in the performance of their duties.   Additionally, the Plaintiff seems to allege false evidence was offered in trial proceedings, and that the defendants are liable for the proffering of such evidence. Plaintiff does not assert specific facts to give rise to this cause of action as to Defendant Koo.  As such, Plaintiff does not assert a basis for liability in this cause of action.  [FAC, pp. 64-65.]

Claim 10:   **Discrimination Based on Sex, Race and Ethnicity**. This Cause of Action is not directed to Defendant Koo.  Plaintiff does not assert specific facts to give rise to this cause of action as to Defendant Koo.  As such, Plaintiff does not assert a basis for liability in this cause of action.  [FAC, pp. 65-67.]

Claim 11:   **Retaliation**. This Cause of Action is not directed to Defendant Koo.  Plaintiff does not assert specific facts to give rise to this cause of action as to Defendant Koo.  As such, Plaintiff does not assert a basis for liability in this cause of action.  [FAC, pp. 67-68.]

Claim 12:   **Stalking**. This Cause of Action is not directed to Defendant Koo.  Plaintiff does not assert specific facts to give rise to this cause of action as to Defendant Koo.  As such, Plaintiff does not assert a basis for liability in this cause of action.  [FAC, p. 69.]

Claim 13:       **Intrusion into Private Affairs/Stalking**. This Cause of Action is not directed to Defendant Koo. Plaintiff does not assert specific facts to give rise to this cause of action as to Defendant Koo. As such, Plaintiff does not assert a basis for liability in this cause of action. [FAC, pp. 69-70.]

Claim 14:       **Negligent Infliction of Emotional Distress**. In this Cause of Action against all defendants, Plaintiff alleges that all defendants caused the infliction of emotional distress against Plaintiff. Plaintiff does not assert specific facts to give rise to this cause of action as to Defendant Koo. As such, Plaintiff does not assert a basis for liability in this cause of action. [FAC, pp. 70-71.]

Claim 15:       **Intentional Infliction of Emotional Distress**. In this Cause of Action against all defendants, Plaintiff alleges that all defendants caused the infliction of emotional distress against Plaintiff. Plaintiff does not assert specific facts to give rise to this cause of action as to Defendant Koo. As such, Plaintiff does not assert a basis for liability in this cause of action. [FAC, p. 71.]

Claim 16:       **Civil Conspiracy**. In this Cause of Action against all defendants, Plaintiff alleges that all defendants conspired to harm the Plaintiff. Plaintiff does not assert specific facts to give rise to this cause of action as to Defendant Koo. As such, Plaintiff does not assert a basis for liability in this cause of action. [FAC, pp. 71-72.]

Claim 17:       **Witness Tampering in Violation of Penal Code §136.1**. This Cause of Action is not directed to Defendant Koo. Plaintiff does not assert specific facts to give rise to this cause of action

as to Defendant Koo. As such, Plaintiff does not assert a basis for liability in this cause of action. [FAC, pp. 72-73.]

Claim 18: **Unjust Enrichment.** In this Cause of Action against all defendants, Plaintiff alleges that all defendants enriched themselves by the award of attorney fees. Plaintiff does not assert specific facts to give rise to this cause of action as to Defendant Koo. As such, Plaintiff does not assert a basis for liability in this cause of action. [FAC, p. 73.]

Claim 19: **Sexual Harassment.** This Cause of Action is not directed to Defendant Koo. Plaintiff does not assert specific facts to give rise to this cause of action as to Defendant Koo. As such, Plaintiff does not assert a basis for liability in this cause of action. [FAC, pp. 73-74.]

# III.

# LEGAL ARGUMENT

## A. Standard re Motion to Dismiss

On a motion to dismiss, the Court accepts the facts alleged in the complaint as true. *Balistreri v. Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir. 1988). A complaint may be dismissed under Rule 12(b)(6) for "failure to state a claim upon which relief can be granted." Fed.R.Civ.P. 12(b)(6). A dismissal under Rule 12(b)(6) may be based on the lack of a cognizable legal theory, or the absence of sufficient facts alleged under a cognizable legal theory. *Johnson v. Riverside Healthcare Sys.*, 534 F.3d 1116, 1121 (9th Cir. 2008). To withstand a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face. *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009). Bare assertions which amount to "nothing more than 'a formulaic recitation of the elements'" of a claim for relief are conclusory and not

entitled to be assumed true. *Id.*, at 1951, quoting *Bell Atlantic v. Twombly*, 550 U.S. 544, 555 (2007).

### B. To establish a civil rights claim against County Defendants in their official capacity, Plaintiff must show that an unconstitutional policy or custom of the County of Los Angeles caused her alleged injury.

In this case, Plaintiff sues Defendant Koo in his official capacity.

A claim against an individual County Defendant in his "official capacity" is equivalent to a claim against the County of Los Angeles. *Monell v. New York City Department of Social Services*, 436 U.S. 658, 690 (1978); *Larez v. City of Los Angeles*, 946 F. 2d 630, 646 (9th Cir. 1991); *Jeffries v. Block*, 940 F. Supp. 1509, 1515 (US District Court, C.D., 1996). To prove a claim against County Defendants in their "official capacity," Plaintiff must establish that the alleged unconstitutional acts of the Defendants conformed to an official policy, custom, or practice of the County of Los Angeles, and caused Plaintiff injury. *Karim-Panahi v. Los Angeles Police Department*, 839 F.2d 621, 624 (9th Cir. 1988); *Collins v. City of Harker Heights, Tex.*, 503 U.S. 115, 121, 112 S.Ct. 1061, 1066, 117 L.Ed. 2d 261 (1992); *Monell v. New York City Department of Social Services*, 436 U.S. 658, 694, 98 S.Ct. 2018, 2037-38, 56 L.Ed. 2d 611 (1978).

In her First Amended Complaint, Plaintiff does not allege that Bailiff Koo conformed to an official policy, custom, or practice of the County of Los Angeles leading to a violation of her constitutional rights. Rather, Plaintiff alleges only that Deputy Koo acted as a bailiff in a Family Courtroom and stood by as Plaintiff testified. Purportedly, Bailiff Koo's actions intimidated the Plaintiff. This

behavior, even if true, is not sufficient to impose liability on Bailiff Koo in his official capacity.  *Oklahoma City v. Tuttle*, 471 U.S. 808, 823-824.

Because Plaintiff has not – and cannot – show that the incident giving rise to her Complaint was in any way attributable to an official policy, custom or practice of the County of Los Angeles, the Plaintiff has failed to allege a viable cause of action under *Monell* as to Deputy Koo.

### C. Claim Nos. 10, 11, 12, 13 and 19 are not directed to Defendant Koo, therefore, these claims do not give rise to a cause of action against Defendant Koo.

Claim Nos. 10, 11, 12, 13 and 19 are not directed to Defendant Koo. Therefore, Defendant Koo will not address the allegations in said causes of action.

### D. Claim Nos. 1, 2, 3, 4, 8 and 9 neither identify Defendant Koo as an actor in these purported claims nor assert specific facts that would give rise to a cause of action against Defendant Koo.

Since Defendant Koo is not identified as an actor in these causes of action, said causes of action fail as to Defendant Koo.  Additionally, these causes of action are defective because Plaintiff does not assert specific facts as to Defendant Koo, which would give rise to the purported causes of action.

**E. *Plaintiff fails to assert a viable civil rights claim against Deputy Sheriff and Bailiff Koo, because he enjoys qualified immunity in acting as a Bailiff in a courtroom.***

In the FAC, Plaintiff sues Deputy Koo in his capacity as a bailiff in the courtroom of Judge Spear.  [FAC. p. 9, ¶ 14; p. 14, ¶ 38; and pp. 46-47, ¶ 156.]  To the extent that Defendant Koo is named in his capacity as a courtroom bailiff, he is entitled to immunity pursuant to the Eleventh Amendment.  Therefore, this motion should be granted as to Defendant Koo.

**F. *Plaintiff's Claim Nos. 5, 6, 7, 14, 15, 16, 17, and 18 are causes of action premised under state law, which should be dismissed because Plaintiff has failed to allege compliance with the California Tort Claims Act.***

As a preliminary matter, Plaintiff has failed to allege compliance with the California Tort Claims Act.

California Government Code § 911.2 requires that a claim relating to a cause of action for personal injury be presented to a public entity not later than six months after the accrual of the cause of action.  Government Code § 945.4 further states that no claim for damages may be brought against a public entity on a cause of action for which a claim is required to be presented until a written claim has been presented to the public entity and has been acted upon or has been deemed rejected.

Compliance with the claim presentation requirement is mandatory.  *Nguyen v. Los Angeles County Harbor Medical Center*, 8 Cal. Rptr. 2d 709, 711 (2nd Dist. 1992) .  Moreover, failure to comply with the mandatory claim presentation requirement is fatal to a later cause of action.  *Id.*

In order to satisfy the Tort Claims Act requirements, a complaint must affirmatively allege timely compliance with the claim-filing requirement. *Dujardin v. Ventura County General Hospital*, 138 Cal. Rptr. 20, 22 (2nd Dist. 1977).

Plaintiff's SAC does not assert "Compliance with the Tort Claims Act." As such, Plaintiff's state causes asserted in Claim Nos. 5, 6, 7, 14, 15, 16, 17, and 18 are barred for failure to comply with California Government Code § § 911.2 and 945.4.

For the foregoing reasons, Plaintiff's state causes of action should be dismissed.

### G. *Plaintiff's Second Amended Complaint must be dismissed because it fails to state a claim upon which relief can be granted.*

The basic pleading standard for civil rights complaints calls for inclusion of clear, factual allegations in support of each cause of action, and that such allegations are not vague or based on mere conclusions. Ivey v. Board of Regents, 673 F.2d 266 (9th Cir. 1982; Sherman v. Yaki, 549 F.2d 1287, 1290 (9th Cir. 1977). Claims may be dismissed because they fail to allege sufficient facts to support any cognizable legal claim. SmileCare Dental Group v. Delta Dental Plan of Cal., Inc., 88 F.3d 780, 783 (9th Cir. 1996), cert. denied, 519 U.S. 1028 (1996). Plaintiffs must put forth a short, plain statement showing that they are entitled to relief. Fed. R. Civ. P. Rule 8(a) (1).

Here, Plaintiff's Complaint is replete with legal conclusions, and is indefinite and ambiguous in that it cannot be determined how or in what manner this Defendant engaged in conduct depriving Plaintiff of rights secured under 42 U.S.C. § 1983.

For these reasons, the Plaintiff's SAC should be dismissed.

### IV.

### CONCLUSION

For the foregoing reasons, Defendant KOO respectfully requests this Court to grant his Motion to Dismiss Plaintiff's Second Amended Complaint with prejudice.

DATED:  November 17, 2022                         FUENTES & McNALLY, LLP


                                                  By:   */s/ Raymond J. Fuentes*
                                                        RAYMOND J. FUENTES
                                                        Attorneys for Defendant Deputy
                                                        KOO

## PROOF OF SERVICE

STATE OF CALIFORNIA )
                                                ) ss.
COUNTY OF LOS ANGELES )

I certify and state that I am and was, at all times herein mentioned, a resident of the County of Los Angeles, over the age of eighteen (18) years, and not a party to or interested in the within action.

On **November 17, 2022,** I served the foregoing document entitled:

### DEFENDANT KOO'S RESPONSE IN SUPPORT OF MOTION AND MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES

on the interested parties in this action by placing [ ] the original [xx] a true and correct copy thereof enclosed in sealed envelopes addressed [xx] as follows, or [ ] as stated on the attached mailing list:

**Jane Doe, Pro Se**
9461 Charleville Blvd. #259
Beverly Hills, CA. 90212

[xx]    **By mail.** I deposited such envelope in the mail at Glendale, California, with first class postage thereon fully prepaid. I am readily familiar with the business' practice for collection and processing of correspondence for mailing. Under that practice, it is deposited with the United States Postal Service on that same day with postage fully prepaid at Glendale, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postage cancellation date or postage meter date is more than one (1) day after the date of deposit for mailing in affidavit; and/or

[ ]    **By personal service.** [ ] I delivered by hand, such envelope to the offices of the addressee with delivery time prior to 5:00 P.M. on the date specified above;

[ ]    **By email transmission.** I caused such document to be transmitted to the offices of the addressee via email, prior to 5:00 P.M. on the date specified above;

[ ]    **By overnight courier.** I deposited such envelope in a regularly maintained overnight courier parcel receptacle prior to the time listed thereon for pick-up. Hand delivery was guaranteed by the next business day;

[ ]    **(State)**    I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

[xx]    **(Federal)**  I declare that I am a citizen of the United States of America and employed in the office of a member of the bar of this court at whose direction the service was made.

Executed at Glendale, California, this **17th day of November 2022.**

Anna Abramova