Jane Doe
9451 Charleville Blvd #259
Beverly Hills, CA 90212
310 498-7975
JaneDoe4Justice@aol.com
Plaintiff Jane Doe in sui juris

FILED
CLERK, U.S. DISTRICT COURT

November 16, 2022

CENTRAL DISTRICT OF CALIFORNIA
BY: _____ igr _____ DEPUTY

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

JANE DOE,

     Plaintiff,

       v.

CURTIS R. OLSON, et al.,

     Defendants.

**Case No. 2:21-cv-09747-SB-PD**

**CORRECTED
PLAINTIFF'S RESPONSE TO
MOTION TO DISMISS OF
DEFENDANTS SPEAR, CONVEY,
KIM, BURRIS & RIVERA**

**(Dkt. #38)**

---

    1.    Plaintiff **Jane Doe** hereby submits this Response to the Motion of

Defendants Michael Convey, Emily Spear, Cindy Kim, Marlene Burris, and Debra

Rivera (the "Judiciary Defendants" or "Defendants"), pursuant to Rules 12(b)(1)

and (6) of the Federal Rules of Civil Procedure, to dismiss this matter.

    2.    The facts alleged and referenced in Plaintiff's First Amended

Complaint (FAC) respectfully are incorporated into this response.[1]

3.      The Judiciary Defendants move to dismiss the claims against them pursuant to Federal Rules of Civil Procedure 12(b)(1) and (6), alleging, respectively, that the complaint lacks subject matter jurisdiction, and that the complaint fails to state a viable claim against them.

4.      Purportedly as part of the Rule 12(b) motion, Defendants also move for dismissal pursuant to Rules 8 and 15(a), alleging, respectively, that the complaint was not "simple, concise or direct," and that Plaintiff filed an amended complaint without seeking leave.

5.      For the reasons stated in the accompanying Memorandum of Points and Authorities, this Court should deny the Judiciary Defendants' motion in its entirety.


DATED:        November 15, 2022        Respectfully submitted,

                                    /s/ Jane Doe
                                    Jane Doe in sui juris


---

[1] Plaintiff is aware of the Court's indication that the current complaint, filed on or about June 13, 2022, actually is the second amended complaint, not the first, and that it was filed without proper leave (see Minute Order, July 8, 2022, p. 2 [Dkt. #48, PACER Page ID [PID] #966]). Because Defendants' dismissal motion refers to the First Amended Complaint (Notice of Motion, p. 2, PID #733), Plaintiff will do so here as well for ease of reference. No disrespect to the Court is intended.

1
2

# **TABLE OF CONTENTS**

3
4
5
6
7
8
9
10
11
12

TABLE OF AUTHORITIES ................................................................. 4

I.   The Judiciary Defendants' motion is itself deficient ................................. 7

II.   The complaint contains a short and plain statement of the claim .............. 9

III.   The judicial immunity doctrine does not bar the complaint. ................... 11

IV.   The *Rooker-Feldman* doctrine does not bar the complaint ..................... 13

V.   The complaint plausibly pleads a civil rights violation ........................... 16

VI.   The complaint should not be dismissed as amended without leave ......... 22

VII.   Conclusion………………………………………………………………23

13
14
15
16
17
18
19
20
21
22
23
24
25
26
27

# TABLE OF AUTHORITIES

**Statutes:**

42 U.S.C. § 1983……………………………………………………………11, 16, 21

**Rules:**

California Rule of Court 8.204...........................................................................8

Central District of California Local Rule 11-3..................................................7

Federal Rule of Civil Procedure 7....................................................................8

Federal Rule of Civil Procedure 8..................................................................10

Federal Rule of Civil Procedure 12..................................................................8

Federal Rule of Civil Procedure 15................................................................22

**Cases:**

*Al-Ahmed v. Twitter, Inc.*, 553 F. Supp. 3d 118 (S.D.N.Y. 2021) ..................7, 8

*Anaya v. Van Vugt*, No. 1:16-cv-01094 (E.D. Cal., May 19, 2017)..................10

*Anderson v. District Attorney Off.*, No. 11-CV-0572 (S.D. Cal., Nov. 4, 2011)

..................................................................................................................12

*Antoine v. Byers Anderson, Inc.*, 508 U.S. 429 (1993)  ....................................12

*Ashcroft v. Iqbal*, 556 U.S. 662 (2009) . 11*Ashelman v. Pope*,793 F.2d 1072 (9th

Cir. 1986)…………………………………………………………………..10, 16

*Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007)…………………….. 10, 11, 16

*Bot M8, LLC v. Sony Corp.*, 4 F.4th 1342 (Fed. Cir. 2021)..............................10

*Bradley v. Fisher*, 80 U.S. 335 (1871)…………………………………….…..14

*D.C. Ct. of Appeals v. Feldman*, 460 U.S. 462 (1983) ......................................13

*Duke Energy Carolinas, LLC v. NTE Carolinas II, LLC*, No. 3:19-CV-00515

(W.D.N.C., Apr. 8, 2022)...................................................................................8

*Eades v. Sterlinske*, 810 F.2d 723 (7th Cir. 1987) ............................................12

*Flagg Bros., Inc. v. Brooks*, 436 U.S. 149 (1978) .............................................16

*Forrester v. White*, 484 U.S. 219 (1988)...........................................................11

*Galbraith v. County of Santa Clara*, 307 F.3d 1119 (9th Cir. 2002) ...............10

*Gregory v. Astrue*, No. CV-08-0387 (D. Ariz., Mar. 5, 2009)............................8

*Gregory v. Thompson*, 500 F.2d 59 (9th Cir. 1974) ..........................................12

*Hoffman v. Progressive Cas. Ins. Co.*, No. CV-05-78 (D. Mont., Dec. 8, 2006) 8

*Rankin v Howard*, 633 F.2d 844(9th Cir.1980)…………………………… 16

*In re Air Crash at Taipei*, 211 F.R.D. 374 (C.D. Cal. 2002) ............................9

*Ivey v. Board of Regents*, 673 F.2d 266 (9th Cir. 1982) ...................................21

*Jones v. Community Redevelopment Agency*, 733 F.2d 646 (9th Cir. 1984) .... 10

*Ketchum v. Alameda Cnty.*, 811 F.2d 1243 (9th Cir. 1987) ..............................16

*Kougasian v. TMSL, Inc.*, 359 F.3d 1136 (9th Cir. 2004) ..........................13, 14

*Lopez v. Smith*, 203 F.3d 1122 (9th Cir. 2000) ................................................22

*Lewis v. L.A. Metro. Transit Auth.*, No. CV 19-1456 PSG (JPRx), 2019……..16

*Mireles v. Waco*, 502 U.S. 9 (1991) …………………………………..11, 14, 20

*Newman v. Checkrite Cal., Inc.*, 156 F.R.D. 659 (E.D. Cal. 1994) ...................9

*Noel v. Hall*, 341 F.3d 1148 (9th Cir. 2003) ..............................................13, 14

PLAINTIFF'S RESPONSE TO JUDICIARY DEFENDANTS' RULE 12(b) MOTION

*Oliver v. Ralphs Grocery Co.*, 654 F.3d 903 (9th Cir. 2011)..............................10

*Putian Authentic Enter. Mgmt. v. Meta Platforms, Inc.*, No. 5:22-cv-01901 (N.D. Cal., Mar. 28, 2022) ..................................................................................7

*Raya v. Maryatt Indus.*, 829 F.Supp. 1169 (N.D. Cal. 1993)..............................9

*Ready Transp., Inc. v. AAR Mfg., Inc.*, 627 F.3d 402 (9th Cir. 2010) ..............22

*Sadoski v. Mosley*, 435 F.3d 1076 (9th Cir. 2006) ............................................11

*Sherman v. Yakahi*, 549 F.2d 1287 (9th Cir. 1977) ...........................................21

*Skinner v. Switzer*, 562 U.S. 2011 (2011) ..........................................................16

*Stump v. Sparkman*, 435 U.S. 349 (1978) ..........................................................11

*United States v. $11,500.00 in U.S. Currency*, 710 F.3d 1006 (9th Cir. 2013)  22

*Waco v. Baltad,* 934 F.2d 214 (1991)………………………………………16

*Wang v. Fang*, 59 Cal.App.5th 907 (2021) ..........................................................9

*Wentworth v. Southwest Airlines Co.*, No. 21-cv-00702 (S.D. Cal., Aug. 6, 2021) ...................................................................................................................11

PLAINTIFF'S RESPONSE TO JUDICIARY DEFENDANTS' RULE 12(b) MOTION

## <u>MEMORANDUM OF POINTS AND AUTHORITIES</u>

**I.      The Judiciary Defendants' motion is itself deficient.**

It is notably ironic that Defendants seek dismissal on the basis of Plaintiff's alleged failures to comply with pleading requirements.  In fact, the Judiciary Defendants' Motion contains several serious deficiencies.

First and foremost, there is a 25-page limit on memoranda of points and authorities (MPA) in the Central District of California unless leave of the Court is given. *See* Local Rule 11-6.  Defendants' MPA here is 27 pages.  While one might think Defendants' five pages of tables of contents and authorities do not count toward this limitation, there are two problems with this.  First, while other districts allow for such, *see, e.g., Putian Authentic Enter. Mgmt. v. Meta Platforms, Inc.*, No. 5:22-cv-01901, *1 (N.D. Cal., Mar. 28, 2022), the Central District Local Rule gives no indication of such a subtractability.

More seriously, MPAs must be double spaced and at least 14-point font. *See* LR 11-3.1.1, 11-3.6.  Defendants' MPA appears to be approximately 1.5-spaced and uses apparently 12- or 13-point font at largest.  Had the MPA been properly formatted, it well may have been more than 25 pages even without the tables. *See, e.g., Al-Ahmed v. Twitter, Inc.*, 553 F. Supp. 3d 118, 123 n.3 (S.D.N.Y. 2021) (proper double spacing would have put 1.74-spaced briefs over the limit).

Plaintiff does not wish to accuse without cause, and in that regard it

may be noted that California state appellate rules do allow for 1.5 spacing and

13-point font. *See* Cal.R.Ct. 8.204(b)(4),(5).  Nevertheless, it is very possible

that Defendants' flouting of this Court's rules was an attempt to gain an

improper advantage in this litigation. *See, e.g., Duke Energy Carolinas, LLC v.*

*NTE Carolinas II, LLC*, No. 3:19-CV-00515, **3-4 (W.D.N.C., Apr. 8, 2022).

At the very least, spacing and font rules can help "preserve the eyesight

of those who read many motions and briefs." *See Hoffman v. Progressive Cas.*

*Ins. Co.*, No. CV-05-78-BU-CSO, *1 n.1 (D. Mont., Dec. 8, 2006); *cf. Gregory*

*v. Astrue*, No. CV-08-0387-PHX-GMS, *5 n.7 (D. Ariz., Mar. 5, 2009) ("While

the Court appreciates that" counsel "may be attempting to advance the interests

of his clients in whatever way possible" by "liberally employ[ing]" lengthy

block quotes to evade page limits, "such gimmickry taxes the patience (and the

eyesight) of the Court").  It should not be assumed that visually hard-to-read

pleadings do not prejudice practitioners and others with less than optimal

eyesight. *Cf. Al-Ahmed*, 553 F. Supp. 3d at 123 n.3 (declining sanctions for

1.74-spacing in light of, inter alia, lack of undue prejudice to other party).

Further, in their Notice of Motion, the Judiciary Defendants states that

they "will and hereby do move this court pursuant to Federal Rules of Civil

Procedure, 12(b)(1) and (6)," for dismissal (PID #733).  Defendants then go on

to state that reasons for dismissal include deficiencies regarding two other,

different federal rules.  Notices of motion are supposed to be specific.  They are

not meant as an opportunity for obfuscation or to have opposing parties decrypt hidden messages. *See, e.g.,* Fed. R. Civ. P. 7(b)(1)(B) (motions seeking court orders must "state with particularity the grounds for seeking the order"); *In re Air Crash at Taipei*, 211 F.R.D. 374, 376 n.1 (C.D. Cal. 2002) ("The Court strongly admonishes plaintiffs for failing to specify or identify in their notice of motion, let alone in their portion of the Amended Joint Stipulation, those requests they seek to compel").

Even if these irregularities are not a reason to deny the motion outright, *see Raya v. Maryatt Indus.*, 829 F.Supp. 1169, 1171 (N.D. Cal. 1993), they are glaring. Plaintiff merely would ask the Court to view the Judiciary Defendants' entire motion in the light of the well-known legal maxim, "What's sauce for the goose is sauce for the gander." *Cf. Newman v. Checkrite Cal., Inc.*, 156 F.R.D. 659, 660 (E.D. Cal. 1994) (noting "sauce for the goose," "same monks, same haircuts," and similar expressions); *Wang v. Fang*, 59 Cal.App.5th 907, 916 n.9 (2021) (many objections plaintiffs made to defendants' motion also applied to evidence proffered by plaintiffs in opposing defendants' motion, "Which brings to mind the axiom, 'What is sauce for the goose is sauce for the gander'")).

## II.    The complaint contains a short and plain statement of the claim.

Federal Rule of Civil Procedure 8(a)(2) requires that the complaint contain a "short and plain statement of the claim" showing entitlement to relief. This means provision of "fair notice" of "what the claim is and the grounds

upon which it rests." *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *Oliver v. Ralphs Grocery Co.*, 654 F.3d 903, 908 (9th Cir. 2011).  The complaint must "state the elements of the claim plainly and succinctly." *See Jones v. Community Redevelopment Agency*, 733 F.2d 646, 649 (9th Cir. 1984). Contrary to some older precedents of various courts, there is no special heightened pleading requirement for civil rights cases. *See, e.g., Galbraith v. County of Santa Clara*, 307 F.3d 1119, 1121 (9th Cir. 2002).

With regard to pleading length, "it is the *quality* of the allegations, not the *quantity*, that matters." *See Bot M8, LLC v. Sony Corp.*, 4 F.4th 1342, 1354 (Fed. Cir. 2021).  In that regard, the Judiciary Defendants' focus on the complaint's length (MPA, p. 9, PID #748) is unavailing.  The complaint alleges a wide-ranging conspiracy.  It is true that the conspiracy is alleged to involve a retired Major League Baseball player, a real estate mogul, and a biased court system.  These are alleged facts, and they are "plainly" discernable within the meaning of Rule (8)(a)(2).  The allegations are presented in an orderly way, chronologically where appropriate.  The complaint, in sum, is "as concise as possible," stating which of Plaintiff's constitutional rights was violated "and the factual basis" for such allegations. *See, e.g., Anaya v. Van Vugt*, No. 1:16-cv-01094, *3 (E.D. Cal., May 19, 2017).

This was far from "an unadorned, the defendant-unlawfully-harmed-me accusation." *Cf. Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  It was not a

"formulaic recitation of the elements of a cause of action." *Cf. Twombly*, 550 U.S. at 555.  Rather, Plaintiff properly pleaded how the Judiciary Defendants were "involved," and what they "did that caused the plaintiff harm or violated the plaintiff's rights." *Cf. Wentworth v. Southwest Airlines Co.*, No. 21-cv-00702, *3 (S.D. Cal., Aug. 6, 2021).  The Rules require nothing more.

## III.   The judicial immunity doctrine does not bar the complaint.

There are two major exceptions to the doctrine of absolute immunity for judicial officials.  First, a judge is not immune for "nonjudicial" actions, i.e., those not taken in the judge's judicial capacity.  Second, a judge is not immune for actions taken with a "complete lack" or "complete absence" of jurisdiction. *See Mireles v. Waco*, 502 U.S. 9, 11-12 (1991); *Sadoski v. Mosley*, 435 F.3d 1076, 1079 (9th Cir. 2006).

The focus on immunity for "nonjudicial" actions is on the functions, not the individual judicial official.  For example, a hypothetical disbarment of an attorney, corruptly or maliciously undertaken by a judge, nonetheless is a judicial act. *See Forrester v. White*, 484 U.S. 219, 227 (1988).  Ultimately the question is whether the act in question "is a function normally performed by a judge," and whether the parties were dealing with the judge "in [the judge's] judicial capacity." *See Stump v. Sparkman*, 435 U.S. 349, 362 (1978); *Ashelman v. Pope*,793 F.2d 1072, 1075 (9th Cir. 1986).

Here, Plaintiff alleges several core overt acts of a conspiracy in which the Judiciary Defendants took part.  Specifically, Plaintiff alleges that Defendant Spear conspired with Defendant Koo, a sheriff's deputy acting as bailiff, to intimidate Plaintiff.  Assaulting a litigant is not a judicial act. *See Gregory v. Thompson*, 500 F.2d 59, 64 (9th Cir. 1974).  It follows that intimidating a litigant is not a judicial act either.  In fact, the reasoning is the same: judicial acts normally are those that can be appealed and potentially reversed or otherwise mitigated.  "But when a judge exercises physical force in a courtroom, [the judge's] decision is not amenable to appellate correction." *Id.*

Similarly, court reporters are not immune to claims of purposely altering transcripts as preparing transcripts is not a discretionary function. *See Anderson v. District Attorney Off.*, No. 11-CV-0572 (S.D. Cal., Nov. 4, 2011); *cf. Antoine v. Byers Anderson, Inc.*, 508 U.S. 429, 436 (1993) (when judicial immunity is extended to other officials, it is because their functions are comparable in the sense of exercising a discretionary act).

It has been held elsewhere that a judge conspiring with court reporters to alter transcripts was a judicial act. *See Eades v. Sterlinske*, 810 F.2d 723, 726 (7th Cir. 1987). The *Eades* Court found that this was the sort of act normally performed by judges because the defendant judge "presided over the plaintiff's criminal trial and post-trial proceedings and thus was performing the normal duties of a judge."  Respectfully, the Seventh Circuit's holding is on faulty

ground.  Presiding over proceedings does not transmute corrupt and malicious alterations of court transcripts into a judicial act any more than would assaulting one of the litigants.

## IV.    The *Rooker-Feldman* doctrine does not bar the complaint.

The instant complaint is not a de facto appeal of the state court judgment. *Cf. Kougasian v. TMSL, Inc.*, 359 F.3d 1136, 1139 (9th Cir. 2004).  Plaintiff is not, here in federal court, seeking relief from the judgment of the Superior Court of California. *Cf. Noel v. Hall*, 341 F.3d 1148, 1163 (9th Cir. 2003). Plaintiff is not, in other words, merely complaining here of the harm caused by the Judiciary Defendants' imposition of the attorney's fees, or merely of a legal injury caused by the imposition of the fees. *Cf. id.*  Rather, she is complaining that Defendants engaged in a unconstitutional conspiracy to deny her civil rights, and that the attorney's fees imposition is merely an example of that.  The state court judgment is not what Plaintiff is complaining about here. *Cf. D.C. Ct. of Appeals v. Feldman*, 460 U.S. 462, 486 (1983); *Noel*, 341 F.3d at 1164. It is the conspiracy that the state court Defendants engaged in that is the basis of her complaint.

"Inextricably intertwined" has a specialized meaning within *Rooker-Feldman* analysis, more narrow than the "ordinary language" meaning of such a phrase. *See Kougasian*, 359 F.3d at 1142.  Certainly here the federal claims are "related" in a fashion to the state court litigation.  But the inextricable

intertwining analysis only comes into play if the federal litigant actually is bringing a de facto appeal of the state court judgment. *See Noel*, 341 F.3d at 1166.  As noted supra, Plaintiff is not doing that here.  The inextricably-intertwined test only forbids a litigant "from raising, in the non-appeal part of [their] suit, issues that [they were] prevented from litigating in [their] forbidden de facto appeal."  It does not preclude a federal litigant merely from raising issues related to final state court judgments. *See Kougasian*, 359 F.3d at 1142.

There are exceptions to *Rooker-Feldman* and Younger Abstention Doctrines: (1) No Jurisdiction. Judge Convey and Spear acted with a complete absence of jurisdiction when they made multiple rulings against the nonparty ATW Trust, whom the court had no jurisdiction whatsoever and then applied those judgments (attorney's fees) against Plaintiff as joint and severally liable, giving her standing herein.

(2) Not a Judicial Act. Defendants Spear, Rivera and Kim violated Plaintiff's civil rights when they discriminated against Plaintiff's confidential Americans with Disabilities Act and attempted to cover-up those violations by altering official court reporter transcripts; Defendants Spear and Koo conspired to use excessive force and intimidation with a deadly weapon against an unarmed surrendered Plaintiff.  *In Mireles,* 502 U.S. at 11-12, the United States Supreme Court stated that absolute judicial immunity for judges is overcome in two circumstances. Specifically, the doctrine is inapplicable when a judge is

sued for nonjudicial actions or if contested judicial actions were "taken in the complete absence of all jurisdiction." *Id.*   (3) <u>Intrinsic Fraud.</u> The Ninth Circuit accepts intrinsic fraud as an exception to *Rooker-Feldman*. Plaintiff's civil rights were violated when Defendants Convey, Spear and Burris conspired with Olson committing multiple frauds upon the court in a domestic terrorism scheme to ultimately give Olson ownership of Plaintiff's rental home property.

First, Defendants Convey and Burris destroyed Plaintiff's case by altering transcripts so she could not meet the clear and convincing burden to be granted an extended restraining order against Olson.  Second, Defendants Convey and Spear tied Plaintiff's landlord, the nonparty ATW Trust to her as joint and severally liable for attorney's fees when they had no jurisdiction over the Trust. *Bradley v. Fisher*, 80U.S. 335 (1871). Third, Defendants schemed to unlawfully increase those attorney's fees in the trial court (currently $875,000). Fourth, Defendant Spear improperly sought to bypass procedural due process, by economic duress sanctioning Plaintiff $10,000 for failing to serve the Trust an order demanding the Trust volunteer to go to the Spears's chambers and submit to an off-court proceeding to trick them into inadvertently submitting to the court's jurisdiction.  When the Trust refused to go to Spear's chambers, she ruled the Trust did not exist, nullified and voided the Trust's real property title rights, to set it up for Olson, to obtain the Trust's real property, which is the rental home of Plaintiff.  Defendants conspired together to help white privilege

billionaire Olson, who is sex obsessed with Plaintiff to become her landlord to have access to her home to harass and sexually assault her again. *Rankin v Howard*, 633 F.2d 844(9ᵗʰ Cir.1980); *Waco v. Baltad,* 934 F.2d 214 (1991). In the case of intrinsic fraud (such as perjury), which "goes to the very heart of the issues litigated in the state court action." *Lewis v. L.A. Metro. Transit Auth.*, No. CV 19-1456 PSG (JPRx), 2019 U.S. Dist. LEXIS 208440, at *7 (C.D. Cal. Sep. 10, 2019) (quoting *Green v. Ancora-Citronelle Corp.*, 577 F.2d 1380,1384 (9th Cir. 1978)).

## V.      The complaint plausibly pleads a civil rights violation.

The Judiciary Defendants formulaically recite the *Iqbal*/*Twombly* pleading standard, but then fail to demonstrate how it is that the complaint is lacking in that regard (see MPA, p. 10 [PID #749]).  A complaint does not need to "pin plaintiff[']s claim for relief to a precise legal theory," or give "an exposition of his legal argument." *See Skinner v. Switzer*, 562 U.S. 2011 (2011).

A claim under 42 U.S.C. § 1983 has two basic elements: that the conduct harming the plaintiff was committed under color of state law, also known as the state action requirement; and that the conduct deprived the plaintiff of a constitutional right. *See Flagg Bros., Inc. v. Brooks*, 436 U.S. 149, 155 (1978); *Ketchum v. Alameda Cnty.*, 811 F.2d 1243, 1245 (9th Cir. 1987).

Plaintiff has established both of those elements here.  She has alleged that Defendants Convey and Burris acted in concert to alter the transcripts in the

restraining order hearing between Plaintiff and Olson, in order to (1) eliminate the conflict of interest that Judge Convey had upon hearing of Lenny Dykstra's interest (see Complaint, ¶¶92-93, PID #718-19) and (2) to hide the knowledge of Curtis Olson's close "golf buddy" relationship to Lenny Dykstra, who was harassing Jane Doe as a third party agent for Olson.

Plaintiff was seeking to enforce an already existing 2015 three year restraining order agreement against Olson, who was circumventing it by using Lenny Dykstra to harass Plaintiff among others.  Thus, Plaintiff's sought to protect herself by strengthen her existing restraining order to include Olson's third parties such as Lenny Dykstra. However, when Defendant Convey and Burris removed Olson's testimony evidence of his close relationship to Dykstra and replaced it with fraudulent testimony, that denied that close relationship, Defendant Convey and Burris essentially destroyed Jane Doe's case.

Compounding that abuse, Defendant Convey refused to allow any further questions regarding Lenny Dykstra, shutting down the purpose of the courtroom to find the truth.  Thus, Defendant Convey and Burris aided and abetted Olson, protecting him from facing accountability, instead of protecting victim Jane Doe, who had been violently sexually assaulted and harassed by both Olson and his agent Lenny Dykstra.  This was all part of their larger war scheme.

After Defendant Convey and Burris destroyed Plaintiff's evidence that most likely would have granted her a restraining order against Olson, if by an

impartial, unbiased and non-discriminatory judge. Then Defendant Convey, of course, denied Plaintiff a restraining order against Olson.

Then Defendant Convey continued the violation of Plaintiff's rights by assessing excessive attorney's fees against indigent Plaintiff in a domestic terrorism scheme for intimidation, financial rape and to render Plaintiff destitute. (¶102, PID #721-22).  Notwithstanding that the law doesn't allow it, Defendants Convey and Spear violated California State laws per the following:

(1) Olson's and Plaintiff's dueling restraining orders were combined into one case, heard together and both denied. Thus no attorney's fees should have been assessed to either party.  Further family court's equitable doctrine states that indigent litigants such as Plaintiff are not to be burdened with attorney's fees they do not have the ability to pay.

Defendants Convey and Spear schemed to circumvent that law by adding a judgment debtor known as ATW Trust, who had an asset of real property, to join with Plaintiff.  However, the trial court actors, Defendants Convey and Spear, had absolutely no jurisdiction whatsoever over the nonparty ATW Trust. The Trust was never a party, nor ever served process to the combined restraining order case and the Trust never made any appearances. Indeed, the law does not allow entities, such as corporations, churches, trusts to obtain or have a restraining order against them, only individual people can have a restraining order.  Violating multiple laws, Defendant Convey and Spear roped

nonparty ATW Trust to Plaintiff in a plot to circumvent the equitable doctrine, and ultimately steal ATW Trust's property.

(2) The doctrine that losing or equal parties are not a prevailing party, hence no attorney's fees should be granted to a losing or equal party. Olson's and Plaintiff's restraining orders were combined into one case, heard together and both denied, thus there was no prevailing party, yet Olson received $80,000 in attorney's fees as the prevailing party –when he has not, those attorney's fees have currently ballooned via their continued scheming to $785,000 and counting (not including any appellate fees), *and Olson obtained the nonparty Trust's real property, estimated value $750,000.*

Defendant Spear also with no jurisdiction whatsoever over the nonparty Trust stripped the Trust of their real property rights by voiding and nullifying the transfer of title of their property, without compensating them for their purchase and ownership of their property, that the Trust had owned since 2012. After Defendants Convey and Spear conspired to crush Plaintiff in their attorney's fees war of attrition, and steal the nonparty Trust's real property, that Trust property is now owned by Plaintiff's sexual assailant, Olson. The Trust property was/is the rental home of Plaintiff.  Defendant's Convey and Spear conspired in a domestic terrorism scheme to make Plaintiff's sexual assailant her landlord. Olson as Plaintiff's landlord is now violating Plaintiff's most fundamental rights to life, liberty and the pursuit of happiness by breaking into

her rental home whenever he wants, and he has confiscated all her US mail since May 2022, putting a stop of her mail at the United States Post Office. Olson screamed at Plaintiff to get out of her rent-controlled home, refusing to accept any rent and terrorizing her, stating: "my goal is to make you homeless!" and "you're going down!"  If it was not for Defendant Convey, Burris and Spear's nonjudicial acts, since 2018,  in violation of Plaintiff's civil rights, she would not be in this living hell from 2018 to present.

Plaintiff further has alleged that Defendants Spear and Koo used intimidation, implicitly threatening the use of a firearm, to deny Plaintiff a fair hearing, to impair her ability to make her case, on the basis of her identity as a disabled female of mixed race (¶¶103, 121; PID #722, 728). Further, Defendant Spear, knowingly and deliberately approved and ratified each of the aforesaid acts of Sheriff Koo. *In Mireles* at B-5 and B-6.  Court reporter Defendant Rivera continued the conspiracy to oppress Plaintiff through litigation by altering transcripts to indicate falsely that Olson's attorney had attended a confidential Americans with Disabilities Act accommodation hearing when in fact that attorney had not done so (¶110).  Finally, court reporter Defendant Kim continued the conspiracy to restrain Plaintiff's opportunity to be heard by violating confidentiality and sending private medical records of Plaintiff's to opposing counsel without her knowledge, via an off-court channel via the US mail. (¶111, PID #724). Opposing counsel then posted Plaintiff's private

medical information on the internet to her utter humiliation and embarrassment that only was possible by Defendant Kim's unlawful actions in violation of the confidentiality of Americans with Disabilities Act.

Plaintiff's showing goes beyond alleging mere "participation" in an unconstitutional state action that harms.  Instead, Plaintiff adequately and plausibly shows *how* the Judiciary Defendants both acted under state law, and took actions that harmed Plaintiff in violation of her constitutional rights. Plaintiff has pleaded adequately and plausibly that Defendants deprived Plaintiff of an opportunity to be heard and discriminated against her in that deprivation on a constitutionally-prohibited basis. *Cf. Ivey v. Board of Regents*, 673 F.2d 266, 268 (9th Cir. 1982) (allegation that municipality financially supported university, intervened in university's operations, and university became racially segregated as a result, failed to meet pleading standard).  The complaint alleges "overt acts" by the Judiciary Defendants that support a violation of both elements of a 42 U.S.C. § 1983 action. *Cf. Sherman v. Yakahi*, 549 F.2d 1287, 1290-91 (9th Cir. 1977) (claim that plaintiff was only Jewish person denied permanent employment failed to allege he was terminated due to religion, as it merely presented "some statistical facts and allows the reader to draw a conclusion;" in contrast, claim that only plaintiff, and not three employees of same ethnicity as supervisor, was fired, and plaintiff's test results

were presented at termination review, properly pleaded "overt act").  The Rules

require nothing more at the pleading stage.

## VI.     The complaint should not be dismissed as amended without leave.

A district court has the inherent power to control its docket by striking

filed items as a sanction for litigation conduct. *See Ready Transp., Inc. v. AAR*

*Mfg., Inc.*, 627 F.3d 402, 403 (9th Cir. 2010).  Said power is reviewable for

abuse of discretion. *See id.* at 402-03.

Here, there is no reason here for the Court to exercise its discretion to

strike Plaintiff's second amended complaint.  While in this regard Plaintiff does

not concede that the operative complaint was filed improperly, the Judiciary

Defendants have not alleged, much less demonstrated, that they were prejudiced

by the filing. *Cf. United States v. $11,500.00 in U.S. Currency*, 710 F.3d 1006,

1012 (9th Cir. 2013) (one factor in court's discretion to overlook claimant's

failure to conform to civil forfeiture claim rules is whether Government was

prejudiced).  In fact, other than an alleged rule violation, the Judiciary

Defendants have not pointed to any *reason* to strike the complaint.  They have

not even stated that they were inconvenienced.  Denial of Defendants' Rule 15

motion would be in accordance with the doctrine that the underlying purpose of

the Rule is "to facilitate decision on the merits, rather than on the pleadings or

technicalities." *Cf. Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000).

## VII.   Conclusion

For the foregoing reasons, the Judiciary Defendants' motion to dismiss pursuant to Rule 12(b) should be denied in all respects.  The motion is deficient, it fails to show how Plaintiff's complaint is deficient, Defendants are not immune from liability and gives no good reason that relief should be granted.


DATED:      November 15, 2022       Respectfully submitted,


<u>/s/ Jane Doe</u>
Jane Doe in sui juris

**PROOF OF SERVICE**

I, Gilbert Romero, am over the age of 18 years.  I am not a party to the within-entitled cause.  I maintain my business address at 4454 Marine Ave Lawndale, CA 90260.  On November 16, 2022 I served the attached:

**CORRECTED PLAINTIFF'S RESPONSE TO MOTION TO DISMISS OF DEFENDANTS SPEAR, CONVEY, KIM, BURRIS & RIVERA**

upon the following individuals/entities by electronic email and/or by placing a true and correct copy of the document in a sealed envelope with postage thereon fully prepared, in the United States mail at Los Angeles, California, addressed as follows:

Lindsay N Frazier-Krane  for Marlene Burris, Debra Rivera, Michael Convey, Emily Spear, Cindy Kim
Cummings McClorey Davis and Acho
3801 University Avenue Suite 560,  Riverside, CA 92501
951-276-4420  Fax: 951-276-4405  Email: lkrane@cmda-law.com
Michael B Fisher  for Buchalter, Eric Kennedy and Ashley Milnes
Buchalter APC
1000 Wilshire Boulevard Suite 1500, Los Angeles, CA 90017-1730
213-891-0700  Fax: 213-896-0400  Email: mbfisher@buchalter.com

Andrew J. Waxler for Slaughter, Reagan and Cole, LLP and Lamdien Le
Kaufman Dolowich Voluck LLP
21515 Hawthorne Boulevard Suite 450, Torrance, CA 90503
30-540-2000  Fax: 310-540-6609  Email: awaxler@kdvlaw.com

PLAINTIFF'S RESPONSE TO JUDICIARY DEFENDANTS' RULE 12(b) MOTION

Raymond J Fuentes  for William Koo

Fuentes and McNally LLP

700 North Central Avenue Suite 470  Glendale, CA 91203

818-543-4750  Fax: 818-543-4757  Email: fmllp@fm-llp.com

     I declare under penalty of perjury under the laws of the State of California that the above is true and correct. Executed on November 16, 2022, in Los Angeles, California.

/s/ Gilbert Romero
Gilbert Romero