1  SARAH L. OVERTON (CSB # 163810)
2  LINDSAY N. FRAZIER-KRANE (CSB # 251631)
   CUMMINGS, MCCLOREY, DAVIS, ACHO & ASSOCIATES, P.C.
3  3801 University Avenue, Suite 560
   Riverside, CA 92501
4  (951) 276-4420
5  (951) 276-4405 facsimile
   soverton@cmda-law.com
6
7  Attorneys for Defendants,
   the Honorable Michael Convey and
8  the Honorable Emily Spear,
   Judges of the Superior Court of California,
9  County of Los Angeles;
   Cindy Kim, Deputy Clerk of the
10 Superior Court of California,
   County of Los Angeles; and
11 Marlene Burris and Debra Rivera,
   Certified Shorthand Reporters of the
12 Superior Court of California,
13 County of Los Angeles
14                UNITED STATES DISTRICT COURT
15             CENTRAL DISTRICT OF CALIFORNIA
16
17 JANE DOE, an individual,              CASE: 2:21-CV-09747-SB-PD
18                                   )  REPLY TO PLAINTIFF'S
             Plaintiffs,             )  OPPOSITION TO THE MOTION
19                                   )  TO DISMISS THE SECOND
                                     )  AMENDED COMPLAINT FILED
20 v.                                )  BY THE JUDICIAL DEFENDANTS
                                     )
21                                   )
   CURTIS R. OLSON, et al.;          )
22                                   )  Date    :  December 9, 2022
                                     )  Time    :  8:30 a.m.
23           Defendants.             )  Courtroom :  6c
                                     )  Judge   :  Hon. STANLEY
24                                   )             BLUMFELD, JR.
                                     )
25                                   )
                                     )
26                                   )
                                     )
27 _____  )
28

Cummings, McClorey,
Davis, Acho
& Associates, P.C.
3801 University Avenue,
Suite 560
Riverside, CA 92501
Telephone (951) 276-4420
Facsimile (951) 276-4405

                                    1

# **TABLE OF CONTENTS**

Memorandum of Points and Authorities ............................................................1

    I.     Introduction................................................................................1

    II.    The District Court Lacks Subject Matter Jurisdiction Pursuant to the *Rooker-Feldman* Doctrine ..................................................2

        A. Plaintiff's Claims are "Inextricably Intertwined" with the State Court Actions................................................................2

        B. No Exception to the *Rooker-Feldman* Doctrine Applies ........4

    III.   The SAC as to Judge Convey, Judge Spear and Kim is Barred by Absolute Judicial and Quasi-Judicial Immunity...........................6

    IV.   The SAC Fails to State a Claim Against Any Defendant.............8

    V.    Plaintiff's Opposition Fails to Address Several Bases for the Motion to Dismiss ........................................................................10

    VI.   Defendants' Motion to Dismiss Should be Decided on its Merits, Not Denied Due to Perceived Formatting Issues.........................10

    VII.  Conclusion ................................................................................12

**Cummings, McClorey, Davis, Acho & Associates, P.C.**
3801 University Avenue, Suite 560
Riverside, CA 92501
Telephone (951) 276-4420
Facsimile (951) 276-4405

i

REPLY TO PLAINTIFF'S RESPONSE TO THE MOTION TO DISMISS THE SECOND AMENDED COMPLAINT FILED BY THE JUDICIAL DEFENDANTS
{reply to opposition to motion to dismiss.final-1 }

# TABLE OF AUTHORITIES

## CASES

*Ashelman v. Pope*, 793 F.2d 1072, 1078 (9th Cir. 1986) ...........................................5

*Bianchi v. Rylaarsdam*, 334 F.3d 895, 898-99 (9th Cir. 2003) ..................................3

*Doe v. Mann*, 415 F.3d 1038, 1042 (9th Cir. 2005) ..................................................4

*Gregory v. Thompson*, 500 F.2d 59, 64 (9th Cir. 1974) .............................................6

*Kougasian v. TMSL, Inc.*, 359 F.3d 1136 (9th Cir. 2004) .....................................2, 5

*Lewis v. L.A. Metro. Transit Auth.*, No. CV 19-1456 PSG (JPRx), 2019 U.S. Dist.
   LEXIS 208440, at *7 (C.D. Cal. Sep. 10, 2019)....................................................5

*Mireles v. Waco,* 502 U.S. 9, 11-12 (1991)..........................................................5, 7

*Noel v. Hall*, 341 F.3d 1148 (9th Cir. 2003) ........................................................2, 3

*Pahk v. Hawaii*, 109 F. Supp. 2d 1262, 1267 (D. Haw. 2000) ...............................12

*Rankin v Howard*, 633 F.2d 844 (9th Cir.1980)......................................................5

*Sadoski v. Mosley*, 435 F.3d 1076, 1079 (9th Cir. 2006) ........................................7

*Sosna v. Iowa*, 419 U.S. 393, 396, (1975)..............................................................12

*Waco v. Baltad,* 934 F.2d 214 (1991)......................................................................5

## STATUTES

28 U.S.C. section 2283 ........................................................................................1, 10

42 U.S.C. section 12132 ...........................................................................................9

42 U.S.C. section 1983 .............................................................................................8

Americans with Disabilities Act ...........................................................................4, 9

## OTHER AUTHORITIES

Fourteenth Amendment ..............................................................................................8

Seventh Amendment...................................................................................................9

Cummings, McClorey,
Davis, Acho
& Associates, P.C.
3801 University Avenue,
Suite 560
Riverside, CA 92501
Telephone (951) 276-4420
Facsimile (951) 276-4405

REPLY TO PLAINTIFF'S RESPONSE TO THE MOTION TO DISMISS THE SECOND
AMENDED COMPLAINT FILED BY THE JUDICIAL DEFENDANTS
{reply to opposition to motion to dismiss.final-1 }

1

**RULES**

Fed. R. Civ. P 12(h)(3) ........................................................................12

Local Rule 11-3.1.1 ...............................................................................11

Local Rule 11-3.2 ..................................................................................11

Local Rule 11-6 .....................................................................................11

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Cummings, McClorey,
Davis, Acho
& Associates, P.C.
3801 University Avenue,
Suite 560
Riverside, CA 92501
Telephone (951) 276-4420
Facsimile (951) 276-4405

iii

REPLY TO PLAINTIFF'S RESPONSE TO THE MOTION TO DISMISS THE SECOND
AMENDED COMPLAINT FILED BY THE JUDICIAL DEFENDANTS

{reply to opposition to motion to dismiss.final-1 }

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.

## INTRODUCTION

As set forth fully in the motion to dismiss, plaintiff's second amended complaint[1] (SAC) must be dismissed *without* leave to amend. The SAC is a forbidden de facto appeal of the orders and the judgment issued in plaintiff's superior court cases in contravention of the *Rooker-Feldman* doctrine. Additionally, this lawsuit is barred against Judge Convey and Judge Spear based upon absolute judicial immunity and barred against Kim based upon absolute quasi-judicial immunity. Further, the SAC is barred against each defendant in their official capacities pursuant to the Eleventh Amendment. The SAC also fails to state a claim upon which relief can be granted against any of the judicial defendants. Furthermore, to the extent plaintiff seeks an injunction that would interfere with the ongoing state judicial proceedings, which are currently on appeal, the *Younger* abstention doctrine prevents the District Court from exercising jurisdiction in this case. Finally, the relief requested in the SAC may also be barred by 28 U.S.C. section 2283. Plaintiff's opposition fails to rebut any of

---

[1] Defendants' motion to dismiss referenced the "first amended complaint" filed on June 13, 2022, since plaintiff incorrectly labeled the second amended complaint. Since the filing of defendants' motion to dismiss, the Court allowed the amendment of the complaint, and deemed the second amended complaint filed. [Dkt. No. 48.] Therefore, on reply, defendants refer to the second amended complaint.

Cummings, McClorey,
Davis, Acho
& Associates, P.C.
3801 University Avenue,
Suite 560
Riverside, CA 92501
Telephone (951) 276-4420
Facsimile (951) 276-4405

REPLY TO PLAINTIFF'S RESPONSE TO THE MOTION TO DISMISS THE SECOND
AMENDED COMPLAINT FILED BY THE JUDICIAL DEFENDANTS
{reply to opposition to motion to dismiss.final-1 }

the extensive authority set forth in the motion to dismiss.  As further amendment of the SAC would not cure these defects, this motion to dismiss should be granted and the SAC dismissed *without* leave to amend.

## II.

## THE DISTRICT COURT LACKS SUBJECT MATTER JURISDICTION PURSUANT TO THE *ROOKER-FELDMAN* DOCTRINE

Plaintiff's opposition argues that the SAC is not a de facto appeal of a state court judgment.  Instead, plaintiff argues she is not *merely* complaining about the harm caused by the judicial defendants' rulings but is also complaining the judicial defendants engaged in an unconstitutional conspiracy to deny her civil rights.  Opp., p. 13.  As set forth fully in the motion to dismiss, plaintiff's claims are barred by the *Rooker-Feldman* doctrine.

**A.**   **Plaintiff's Claims Are "Inextricably Intertwined" with the State Court Actions.**

Plaintiff asserts that her claims are not inextricably intertwined with the state court orders, but instead "the federal claims are 'related' in a fashion to the state court litigation."  Opp., p. 13.  To support this claim, plaintiff cites to *Kougasian v. TMSL, Inc.*, 359 F.3d 1136 (9th Cir. 2004), and *Noel v. Hall*, 341 F.3d 1148 (9th Cir. 2003). While the case law cited by plaintiff deals with the *Rooker-Feldman* doctrine, plaintiff's reasoning is not supported by this authority.

Cummings, McClorey, Davis, Acho & Associates, P.C.
3801 University Avenue, Suite 560
Riverside, CA 92501
Telephone (951) 276-4420
Facsimile (951) 276-4405

REPLY TO PLAINTIFF'S RESPONSE TO THE MOTION TO DISMISS THE SECOND AMENDED COMPLAINT FILED BY THE JUDICIAL DEFENDANTS
{reply to opposition to motion to dismiss.final-1 }

As set forth in *Noel v. Hall*, 341 F.3d 1158, a district court must refuse to hear such a de facto appeal, and "[a]s part of that refusal, it must also refuse to decide any issue raised in the suit that is 'inextricably intertwined' with an issue resolved by the state court in its judicial decision."  A claim is "inextricably intertwined" with the state court's decision when the adjudication of the federal claims would undercut the state ruling or require the district court to interpret the application of state laws or procedural rules.  *See Bianchi v. Rylaarsdam*, 334 F.3d 895, 898-99 (9th Cir. 2003).

The SAC is premised on allegations of an unlawful judicial cover-up scheme and bias by Judge Convey resulting in adverse rulings against the plaintiff.  SAC, pp. 21-26.  Plaintiff complains Judge Convey improperly sustained objections, denied restraining orders, was involved in altering court transcripts, denied plaintiff's motion for reconsideration and a new trial, denied a request for an extension to hear her motions, denied plaintiff's request that Judge Convey recuse himself, and acted in the absence of jurisdiction when Judge Convey awarded attorney's fees as part of a conspiracy against plaintiff.  SAC, pp. 21-26.  With respect to Judge Spear, plaintiff alleges that during a hearing Judge Spear used a Sheriff to intimidate her which hindered her ability to speak, denied requested ADA accommodations, inappropriately disclosed information regarding plaintiff's disability, conspired to alter court transcripts, made several adverse rulings in absence of jurisdiction, and denied plaintiff's request that Judge Spear recuse herself.  SAC, pp. 26-31.  Plaintiff

**Cummings, McClorey, Davis, Acho & Associates, P.C.**
3801 University Avenue, Suite 560
Riverside, CA 92501
Telephone (951) 276-4420
Facsimile (951) 276-4405

3

REPLY TO PLAINTIFF'S RESPONSE TO THE MOTION TO DISMISS THE SECOND AMENDED COMPLAINT FILED BY THE JUDICIAL DEFENDANTS
{reply to opposition to motion to dismiss.final-1 }

contends these actions by the judicial defendants amount to a deprivation of her civil rights, evidence a conspiracy to violate her civil rights and were violations of the Americans with Disabilities Act.

Adjudicating plaintiff's claims, then, would require this Court to review evidence presented as well as the decisions made in the state court proceedings, including application and interpretation of state law related to restraining orders and jurisdiction. Plaintiff specifically alleges she was injured by legal error which would require this Court to determine the state court erred in order to grant plaintiff relief. Thus, it is clear that plaintiff's claims are a forbidden de facto appeal and that all her claims are inextricably intertwined with the state court decisions and are therefore barred by *Rooker-Feldman.*

**B.    No Exception to the *Rooker-Feldman* Doctrine Applies.**

First, plaintiff alleges that the *Rooker-Feldman* doctrine does not apply because plaintiff alleges that Judge Convey and Judge Spear acted without jurisdiction in issuing rulings in the state court actions. Plaintiff's opposition does not cite to any legal authority to support this position. In fact, *Rooker-Feldman* doctrine applies where a plaintiff in federal court claims that state court did not have jurisdiction to render judgment. *Doe v. Mann*, 415 F.3d 1038, 1042 (9th Cir. 2005).

Second, plaintiff alleges that *Rooker-Feldman* does not apply because the actions complained of were not judicial in nature, citing to "*In re Mireles,* 502 U.S.

Cummings, McClorey,
Davis, Acho
& Associates, P.C.
3801 University Avenue,
Suite 560
Riverside, CA 92501
Telephone (951) 276-4420
Facsimile (951) 276-4405

4

REPLY TO PLAINTIFF'S RESPONSE TO THE MOTION TO DISMISS THE SECOND AMENDED COMPLAINT FILED BY THE JUDICIAL DEFENDANTS

{reply to opposition to motion to dismiss.final-1 }

at 11-12." Opp., p. 14.  Plaintiff likely meant to cite *Mireles v. Waco,* 502 U.S. 9, 11-12 (1991).  In any event, this case deals with judicial immunity and does not set forth any exception to the *Rooker-Feldman* doctrine.

Finally, plaintiff contends that "intrinsic fraud" is an exception to *Rooker-Feldman.*  Opp., pp. 14-15.  To support this argument plaintiff cites *Rankin v Howard*, 633 F.2d 844 (9th Cir.1980).  This case deals with judicial immunity for an alleged conspiracy, not *Rooker-Feldman*, and it was overruled by *Ashelman v. Pope*, 793 F.2d 1072, 1078 (9th Cir. 1986).  Plaintiff also cites *Waco v. Baltad,* 934 F.2d 214 (1991), which also addresses judicial immunity, and that decision was overruled by *Mireles v. Waco*, 502 U.S. 9, 13 (1991).  Finally, plaintiff cites *Lewis v. L.A. Metro. Transit Auth.*, No. CV 19-1456 PSG (JPRx), 2019 U.S. Dist. LEXIS 208440, at *7 (C.D. Cal. Sep. 10, 2019).  Plaintiff misconstrues the holding in the *Lewis* case, which addresses the distinction between "intrinsic" fraud and "extrinsic" fraud.  *Lewis*, 2019 U.S. Dist. LEXIS 208440, at pp. 3-4.  In that case, the court granted defendants' motion to dismiss, without leave to amend, based on the *Rooker-Feldman* doctrine and finding that while plaintiff may have alleged "intrinsic" fraud, i.e., perjury or concealment of evidence, plaintiff failed to allege "extrinsic" fraud.  *Ibid*.  The *Rooker-Feldman* doctrine bars allegations of mere intrinsic fraud. *Ibid.,* citing *Kougasian*, 359 F.3d at 1141.  Plaintiff's opposition specifically alleges intrinsic fraud (Opp., pp. 15-16), which is not an exception to

Cummings, McClorey,
Davis, Acho
& Associates, P.C.
3801 University Avenue,
Suite 560
Riverside, CA 92501
Telephone (951) 276-4420
Facsimile (951) 276-4405

REPLY TO PLAINTIFF'S RESPONSE TO THE MOTION TO DISMISS THE SECOND
AMENDED COMPLAINT FILED BY THE JUDICIAL DEFENDANTS
{reply to opposition to motion to dismiss.final-1 }

the *Rooker-Feldman* doctrine.  As the Court lacks subject matter jurisdiction, the motion to dismiss should be granted without leave to amend.

**III.**

**THE SAC AS TO JUDGE CONVEY, JUDGE SPEAR AND KIM IS BARRED BY ABSOLUTE JUDICIAL AND QUASI-JUDICIAL IMMUNITY**

Plaintiff's opposition alleges that judicial immunity does not bar the SAC.  Opp., p. 11.  Plaintiff alleges there are two exceptions to absolute immunity.  First, judges are not afforded immunity for nonjudicial actions.  Plaintiff alleges that Judge Spear conspired with Deputy Koo to intimidate her, and this was a nonjudicial act.  To support this proposition, plaintiff cites to *Gregory v. Thompson*, 500 F.2d 59, 64 (9th Cir. 1974).  In that case, the allegation was that the judge used physical force to personally evict a litigant from the courtroom.  *Gregory v. Thompson*, 500 F.2d at pp. 63-64.  The court determined that the judge's use of physical force was not a judicial act and therefore the judge did not have "automatic immunity," but that the judge may be entitled to qualified immunity if his actions were taken in good faith.  Id. at pp. 64-65.  Based upon this authority, plaintiff concludes that alleged intimidation is also not a judicial act.  Opp., p. 12.

Here, the allegation against Judge Spear is clearly distinguishable from the use of physical force in *Gregory*.  Plaintiff alleges that Judge Spear "signaled" Deputy Koo during a hearing and that Deputy Koo stood behind her with his hand

Cummings, McClorey,
Davis, Acho
& Associates, P.C.
3801 University Avenue,
Suite 560
Riverside, CA 92501
Telephone (951) 276-4420
Facsimile (951) 276-4405

6

REPLY TO PLAINTIFF'S RESPONSE TO THE MOTION TO DISMISS THE SECOND AMENDED COMPLAINT FILED BY THE JUDICIAL DEFENDANTS
{reply to opposition to motion to dismiss.final-1 }

on the grip of his gun which aggressively intimidated her.  SAC, p. 26.  This is not even a clear factual allegation against Judge Spear but a conclusory allegation by plaintiff. There is no allegation that either Judge Spear or Deputy Koo used physical force against plaintiff.  The authority cited by plaintiff is plainly inapt.

Second, plaintiff's opposition argues that judges are not immune for actions taken in complete absence of jurisdiction, citing *See Mireles v. Waco*, 502 U.S. 9, 11-12 (1991), and *Sadoski v. Mosley*, 435 F.3d 1076, 1079 (9th Cir. 2006).  While this authority correctly states the exception, plaintiff's opposition fails to set forth any argument demonstrating that Judge Convery and Judge Spear are not entitled to absolute immunity because they acted in clear absence of all jurisdiction.

Finally, plaintiff's opposition argues that court reporters, Burris and Rivera, are not entitled to immunity.  However, the judicial defendants' motion to dismiss did not assert that Burris and Rivera were entitled to immunity.

As set forth in the motion to dismiss, the entirety of the SAC against Judge Convey and Judge Spear concern their statements, decisions and rulings made during state cases over which they presided.  Although plaintiff contends that the judges' statements, decisions and rulings violated her rights, were the product of bias, were made in furtherance of a conspiracy, and/or were made for the purpose of causing plaintiff harm, absolute judicial immunity still applies.

Cummings, McClorey,
Davis, Acho
& Associates, P.C.
3801 University Avenue,
Suite 560
Riverside, CA 92501
Telephone (951) 276-4420
Facsimile (951) 276-4405

REPLY TO PLAINTIFF'S RESPONSE TO THE MOTION TO DISMISS THE SECOND AMENDED COMPLAINT FILED BY THE JUDICIAL DEFENDANTS
{reply to opposition to motion to dismiss.final-1 }

With respect to Kim, plaintiff alleges that at all times Kim acted in her capacity as a clerk of the Superior Court in the courtroom of Judge Spear during the pendency of the state court proceedings.  SAC, pp. 4, 23-24, 28.  Because the entirety of the SAC against Kim pertains to the performance of ministerial tasks that were part of the judicial process, this action against Kim is barred by absolute quasi-judicial immunity.

**IV.**

**THE SAC FAILS TO STATE A CLAIM AGAINST ANY DEFENDANT**

As set forth in the motion to dismiss, plaintiff's SAC did not set forth factual allegations that sufficiently state all required elements for each cause of action alleged against each of the moving defendants.

Plaintiff's first cause of action is for alleged violation of plaintiff's constitutional rights guaranteed under the Fourteenth Amendment pursuant to 42 U.S.C. section 1983.  Plaintiff's opposition argues she has pled sufficient facts because she has alleged that Judge Convey and Burris acted together to alter transcripts to eliminate a conflict of interest and to remove testimony regarding a close relationship between a party and non-party which was detrimental to plaintiff's state court action.  Opp., pp.16-17.  In addition, plaintiff alleges Judge Convey did not allow further questioning regarding the close relationship which affected her case and was the reason a restraining order was denied.  Opp., p. 17.

Cummings, McClorey, Davis, Acho & Associates, P.C.
3801 University Avenue, Suite 560
Riverside, CA 92501
Telephone (951) 276-4420
Facsimile (951) 276-4405

8

Plaintiff then argues that the imposition of excessive attorneys' fees violated her rights.  Opp., p. 18.  Additionally, plaintiff alleges that Judge Convery and Judge Spear acted without jurisdiction when they issued orders against a non-party trust. Opp., p. 18-19.  Plaintiff alleges these things violated her "civil rights."  Opp., p. 20. Plaintiff fails to identify what specific civil rights were violated or how any of her allegations amount to a violation of any civil right guaranteed to her by the Constitution of the United States.

Plaintiff's second cause of action alleges conspiracy to violate her constitutional rights under the Seventh and Fourteenth Amendments.  SAC, p. 31-32.  Plaintiff's SAC does not plead a statutory basis for the second cause of action and her opposition does not provide clarification.  Plaintiff's allegations in the SAC do not support a claim for conspiracy.  To plead a cause of action for conspiracy, plaintiff must first plead a viable cause of action for deprivation of a constitutional right.  As set forth above, plaintiff's SAC and her opposition fail to state facts sufficient to state a constitutional deprivation. Allegations that Judge Spear made a "signal", and that Judge Convey took an extra-long break are not *facts* evidencing an overt act in furtherance of a conspiracy.

Finally, plaintiff's opposition cannot save the third cause of action for alleged violation of the Americans with Disability Act, 42 U.S.C. section 12132, against Judge Spear, Rivera and Kim.  As set forth in the motion to dismiss, plaintiff has

Cummings, McClorey,
Davis, Acho
& Associates, P.C.
3801 University Avenue,
Suite 560
Riverside, CA 92501
Telephone (951) 276-4420
Facsimile (951) 276-4405

9

REPLY TO PLAINTIFF'S RESPONSE TO THE MOTION TO DISMISS THE SECOND
AMENDED COMPLAINT FILED BY THE JUDICIAL DEFENDANTS
{reply to opposition to motion to dismiss.final-1 }

failed to plead facts to show that any defendant excluded or denied her a "service, program or activity" based on her disability.  Therefore, as plaintiff failed to state facts sufficient to constitute any cause of action against any defendant, the judicial defendants' motion to dismiss should be granted.

## V.

## PLAINTIFF'S OPPOSITION FAILS TO ADRRESS SEVERAL BASES FOR THE MOTION TO DISMISS

As set forth in the motion to dismiss, the District Court lacks subject matter jurisdiction over the SAC against Judge Convey, Judge Spear, Kim, Burris, and Rivera pursuant to the Eleventh Amendment to the United States Constitution to the extent each defendant is named in their official capacity.  Additionally, it is the general rule that federal courts must abstain from granting injunctive or declaratory relief that would interfere with pending state judicial proceedings pursuant to the *Younger* abstention doctrine.  Finally, to the extent plaintiff is seeking an injunction to interfere with the state court proceedings, the 28 U.S.C. § 2283 prevents this Court from granting this relief.  Plaintiff's opposition failed to address any of these bases which are grounds for granting the motion to dismiss.

## VI.

## DEFENDANTS' MOTION TO DISMISS SHOULD BE DECIDED ON ITS MERITS, NOT DENIED DUE TO PERCEIVED FORMATTING ISSUES

Cummings, McClorey,
Davis, Acho
& Associates, P.C.
3801 University Avenue,
Suite 560
Riverside, CA 92501
Telephone (951) 276-4420
Facsimile (951) 276-4405

10

Plaintiff's opposition also asserts that the judicial defendants' motion is procedurally deficient. Plaintiff alleges that the memorandum of points and authorities was too long because defendants did not include the 5 pages of table of contents and table of authorities in their page count. Local Rule 11-6 states that no memorandum of points and authorities shall exceed 25 pages, excluding indices. Defendants' memorandum of points and authorities itself does not exceed the 25-page limit as indexes are specifically excluded.

Plaintiff also alleges that the motion to dismiss uses 12- or 13-point font "at the largest." Opp., p. 7. In compliance with Local Rule 11-3.1.1 and this Court's Standing Order the motion to dismiss and reply are typed in 14-point Times New Roman font.

Local Rule 11-3.2 provides each page shall be numbered on the left with no more than 28 lines per page, with the lines double spaced and numbered consecutively with line 1. Pursuant to that authority, defendants have numbered lines 1-28 in left margin using the double-spaced standard pleading paper of the WordPerfect program and the motion to dismiss is spaced exactly to correspond to these lines so the reader can track language, including citations to precise line numbers. If the Court finds this standard practice is in error, defendants profusely apologize and will refrain from doing so in all future pleadings with this Court. Regardless, a formatting issue does not affect the validity of the extensive legal

Cummings, McClorey,
Davis, Acho
& Associates, P.C.
3801 University Avenue,
Suite 560
Riverside, CA 92501
Telephone (951) 276-4420
Facsimile (951) 276-4405

11

REPLY TO PLAINTIFF'S RESPONSE TO THE MOTION TO DISMISS THE SECOND
AMENDED COMPLAINT FILED BY THE JUDICIAL DEFENDANTS
{reply to opposition to motion to dismiss.final-1 }

authority and argument supporting the judicial defendants' motion to dismiss. The motion to dismiss should be decided upon its merits. Moreover, several of the bases for defendants' motion to dismiss may be decided by this Court *sua sponte* including *Rooker-Feldman*, Eleventh Amendment immunity, and *Younger* abstention. *See* Fed. R. Civ. P 12(h)(3); *see also Pahk v. Hawaii*, 109 F. Supp. 2d 1262, 1267 (D. Haw. 2000) (Eleventh Amendment immunity must also be considered *sua* sponte by federal courts); *Sosna v. Iowa*, 419 U.S. 393, 396, (1975) (*Younger* abstention raised *sua sponte* on appeal).

## VII.

## <u>CONCLUSION</u>

For all of the foregoing reasons, the motion to dismiss of the judicial defendants should be granted and the complaint dismissed with prejudice.

Dated: November 21, 2022       **CUMMINGS, MCCLOREY, DAVIS, ACHO & ASSOCIATES**

By:   /s/ Lindsay N. Frazier-Krane
Lindsay N. Frazier-Krane, Esq.
Attorneys for Defendants,
the Honorable Michael Convey and
the Honorable Emily Spear,
Judges of the Superior Court of California,
County of Los Angeles; Cindy Kim, Deputy Clerk
of the Superior Court of California, County of Los
Angeles; and Marlene Burris and Debra Rivera,
Certified Shorthand Reporters of the
Superior Court of California, County of Los
Angeles

Cummings, McClorey,
Davis, Acho
& Associates, P.C.
3801 University Avenue,
Suite 560
Riverside, CA 92501
Telephone (951) 276-4420
Facsimile (951) 276-4405

12

REPLY TO PLAINTIFF'S RESPONSE TO THE MOTION TO DISMISS THE SECOND
AMENDED COMPLAINT FILED BY THE JUDICIAL DEFENDANTS
{reply to opposition to motion to dismiss.final-1 }

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

PROOF OF SERVICE

I, the undersigned, declare as follows:

I am employed in the County of Riverside, State of California.  I am over the age of 18 years, and not a party to the within action.  I am an employee of or agent for Cummings, McClorey, Davis, Acho & Associates, P.C., 3801 University Avenue, Suite 560, Riverside, California 92501.

I hereby certify that on November 21, 2022, I electronically filed the foregoing REPLY TO PLAINTIFF'S OPPOSITION TO THE MOTION TO DISMISS THE SECOND AMENDED COMPLAINT FILED BY THE JUDICIAL DEFENDANTS with the Clerk of the Court by using the CM/ECF system.  I certify that participants in the case that are registered CM/ECF users will receive service that will be accomplished by the appellate CM/ECF system.

I further certify that some of the participants in the case are not registered CM/ECF users.  I have mailed the foregoing document by USPS, postage prepaid, or have dispatched it to a third party commercial carrier for delivery within 3 calendar days to the following non-CM/ECF participants:

Jane Doe
9461 Charleville Boulevard, #259
Beverly Hills, CA 90212

Executed on November 21, 2022, in Riverside, California.  I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

/s/ Charmaine Apacible
Charmaine Apacible

Cummings, McClorey,
Davis, Acho
& Associates, P.C.
3801 University Avenue,
Suite 560
Riverside, CA 92501
Telephone (951) 276-4420
Facsimile (951) 276-4405

13

REPLY TO PLAINTIFF'S RESPONSE TO THE MOTION TO DISMISS THE SECOND AMENDED COMPLAINT FILED BY THE JUDICIAL DEFENDANTS
{reply to opposition to motion to dismiss.final-1 }