1

2

3

4

Jane Doe
9451 Charleville Blvd., #259
Beverly Hills, CA 90212
(310) 498-7975
JaneDoe4Justice@aol.com

Plaintiff Jane Doe in sui juris

**F I L E D**
CLERK, U.S. DISTRICT COURT

1/11/23

CENTRAL DISTRICT OF CALIFORNIA
BY: _____ pk _____ DEPUTY

5

6

7

8

9

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

10

11

12

13

14

15

JANE DOE,

                    Plaintiff,

vs.

CURTIS OLSON, et al.,

                    Defendants.

**Case No.: 2:21-CV-09747-SB-PD**

**PLAINTIFF'S DECLARATION IN
RESPONSE TO ORDER TO SHOW
CAUSE**

Hon. Stanley Blumenfeld, Jr.

16

17

18

**FILED LATE DUE TO POWEER OUTAGES FROM WINTER STORMS**

19

20

21

22

23

24

      Plaintiff hereby replies to the Court's Order to Show Cause of December 29,

2022, Docket 71, asking why the Court should continue allowing her to proceed

under the fictitious name 'Jane Doe,' with the following declaration under penalty

of perjury.

25

26

27

28

PLAINTIFF'S DECLARATION IN RESPONSE TO ORDER TO SHOW CAUSE

## **DECLARATION OF JANE DOE**

I, JANE DOE, declare:

1.      I am the plaintiff in this action. I am personally familiar with the facts set forth in this declaration and if called as a witness, I could and would testify as set forth herein.

2.      Before it was removed by Defendants, I brought this action in the Superior Court of California, County of Los Angeles, based in part on California Civil Code section 1708.85, which reads at subsection (a):

> (a) A private cause of action lies against a person who intentionally distributes by any means a photograph, film, videotape, recording, or any other reproduction of another, without the other's consent, if (1) the person knew that the other person had a reasonable expectation that the material would remain private, (2) the distributed material exposes an intimate body part of the other person, or shows the other person engaging in an act of intercourse, oral copulation, sodomy, or other act of sexual penetration, and (3) the other person suffers general or special damages as described in Section 48a.

3.      Subsection (f)(1) of California Civil Code section 1708.85 specifically permits the use of the anonymous pseudonym, Jane Doe:

> (f)(1) A plaintiff in a civil proceeding pursuant to subdivision (a), may proceed using a pseudonym, either John Doe, Jane Doe, or Doe, for the true name of the plaintiff and may exclude or redact from all pleadings and documents filed in the action other identifying characteristics of the plaintiff. A plaintiff who proceeds using a pseudonym and excluding or redacting identifying characteristics as provided in this section shall file with the court and serve upon the defendant a confidential information form for this purpose that includes the plaintiff's name and other identifying characteristics excluded or redacted. ***The court shall keep the plaintiff's name and excluded or redacted characteristics confidential***. (emphasis added)

4.      Plaintiffs are allowed to pursue redress of their grievances pseudonymously pursuant Cal. Civ. Code § 1708.85. *See Starbucks Corp. v. Superior Court*, 168 Cal. App. 4th 1436, 1453 n.7 (2008) ("The judicial use of 'Doe

- 2 -

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

plaintiffs' to protect legitimate privacy rights has gained wide currency, particularly given the rapidity and ubiquity of disclosures over the World Wide Web."

5.      In the Order to Show Cause, the Court specifically mentioned various factors in determining whether courts should allow a party to proceed anonymously as a general matter, following the precedent of *Does I thru XXIII v. Advanced Textile Corp.*, 214 F.3d 1058, 1067 (9th Cir. 2000). I will address these here:

6.      **a**. <u>**Severity of the Threatened Harm**</u>

I am afraid of doxing and public backlash arising from the publicity and invasion of privacy involved in this case, thus I need to protect my person from harassment, injury, ridicule and/or personal embarrassment. This case has already been followed on public websites and the Daily Journal, due to Defendants Olson, Eric Kennedy and Buchalter alerting the press to it in interviews and repeatedly mentioning it in their filed documents in the related civil lawsuits that give rise to facts in this action. The underlying civil lawsuit against Defendant Olson arose from his use of provocative sexual defamation and slander as retaliation against me. This is Olson's modus operandi.  Olson's counsel, Defendants Eric Kennedy and Buchalter and the Judicial Defendants continue this pattern, weaponizing the courts against me causing further harm as "secondary trauma" or "secondary victimization." *Id.*

7.      The case involves sexual abuse including, my allegations against Defendant Olson's sexual assault and battery, peeping me naked in the privacy of

PLAINTIFF'S DECLARATION IN RESPONSE TO ORDER TO SHOW CAUSE

1
2
3
4

my home, unauthorized filming of me naked in my bathroom and retaliation by defaming and/or slandering me as a "whore" "using a sugar daddy" "pornographer" and illegally working as a "prostitute."

5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20

8.     First, Olson conspired to defame me as a prostitute. I sued Olson and his cronies. Then secondly, Olson and his cronies conspired to frame me as a prostitute as a pretend truth defense using Lenny Dykstra as my purported solicitor, who is an infamous public figure as the former professional baseball player and felon.  Lenny Dykstra sent me shockingly graphic sexual text messages regarding his sexual abuse of me that are part of the facts of this action. Thus publishing my identity in connection with this lawsuit will result in social stigmatization, put me in danger of physical harm, or cause the very harm that the litigation seeks to prevent. *Id; Doe v. University of Rhode Island*, 28 Fed.R.Serv.3d 366, 369 (D. R.I. 1993). District Courts have broad discretion to determine whether a plaintiff may proceed anonymously. *Advanced Textile Corp.*, 214 F.3d at 1068; *Kamehameha Schools*, 596 F.3d at 1045-1046.

21
22
23
24
25
26

9.     Then all the Defendants conspired a third time to cover up that Dykstra prostitution framing by altering the court reporter's transcripts that exposed their corrupt conspiracies. Thus the publication of my name would cause intense humiliation, embarrassment and distress to me and my family. *Id*; *Doe v. Oshrin*, 299 F.R.D. 100, 103 (D.N.J. 2014).

27
28

10.     Further, this case also involves violations of my confidentiality

regarding my private medical information in violation of the Americans with Disabilities Act (ADA) 42 U.S.C. § 12112(d)(3)(B); §12112(d)(4)(C).  Thus disclosing my name would violate ADA confidentiality and cause intense humiliation, injury, personal embarrassment and distress to me. *Id*;  *Id re Doe v. University of Rhode Island*; *Doe v. Oshrin*, 299 F.R.D. 100, 103 (D.N.J. 2014). And cause the very harm that the litigation seeks to prevent. *Doe v. University of Rhode Island*, 28 Fed.R.Serv.3d 366, 369 (D. R.I. 1993).

11.     **b.  Reasonableness of the Anonymous Party's Fears**

Defendant Olson, through his counsel Defendants Eric Kennedy and Buchalter have already filed in other courts, twice, suggesting sexual abuse which occurred in my childhood, did not occur to discredit and smear me as a liar and humiliate me. Thus childhood sexual abuse has been disclosed, which concern matters of "the utmost intimacy." Further, Defendants have subjected me to this as a malicious "secondary trauma" or "secondary victimization." *Id, Advanced Textile Corp.*; *Doe v. Stegall*, 653 F.2d 180, 186 (5th Cir. 1981) clarified that the analysis should not end with the three factors, and the court also considered threats of violence and the age of the plaintiffs (children).

12.     My family, siblings and minor relatives are innocent nonparties. Thus my childhood sexual abuse circumstances demonstrate a risk of retaliatory physical and/or mental harm to innocent non-parties. *Roe v. Bernabei & Wachtel PLLC*, 85 F. Supp. 3d 89, 96 (D.D.C. 2015) (quoting *Nat'l Ass'n of Waterfront Employers v.*

- 5 -

*Chao*, 587 F. Supp. 2d 90, 99 (D.D.C. 2008))

13.    Further, I have a reasonable belief that Olson, Eric Kennedy, Buchalter and Lenny Dykstra instructed a fan of his to stalk and harassed me. In fear of my life, I left my rental home in Los Angeles in June of 2017 and went into hiding after Lenny Dykstra's sexual abuse and attempt to frame me as a prostitute, when thugs began stalking my residence. My roommate continued to live there and weekly my roommate told me "a young man who is a baseball fan of Lenny Dykstra's is asking where you [Jane Doe ] are and when will you return." This Dykstra fan, who I did not know, would not speak to me on the phone, he wanted to know where I was and when I would return. I stayed in hiding until I was able to get a second restraining order and have it served. Thus if my name were to be known via this lawsuit, I reasonably believe Lenny Dykstra fans would begin doxing and harassing me and potentially put my life in danger, just as the fans of Johnny Depp have relentlessly abused, harassed and doxed Amber Heard. *Id*; *Roe v. Bernabei & Wachtel PLLC*, 85 F. Supp. 3d 89, 96 (D.D.C. 2015) (quoting *Nat'l Ass'n of Waterfront Employers v. Chao*, 587 F. Supp. 2d 90, 99 (D.D.C. 2008)).

14.    The California Supreme Court, in Case No. S258498, struck down some of Defendant Olson's appellant's documents, filed by his counsel, Defendants Eric Kennedy and Buchalter because they blatantly and purposefully used my real name. Upon my motion to strike, granted by the high Court, Olson was ordered to use "redactions conforming to Civil Code section 1708.85." Thus this is not a

suspected or anticipated fear on my part – Defendants have purposely and maliciously attempted to undermine my anonymity in the past and I successfully argued at the California Supreme Court to proceed pseudonymously. See attached as Exhibit A is a true and correct copy of the California Supreme Court's order dated October 20, 2021.

15.     Recently at Defendant Olson's motion to strike hearing on January 6, 2023, he again attempted to unseal my identity among other matters arguing that Jane Doe had "waived her right to anonymity," the California Superior Court denied Olson's motion entirely giving no moment to Olson's arguments to unseal my identity proceeding as Jane Doe per California Civil Code section 1708.85, in civil case, *Jane Doe v Curtis Olson et. al.,* case No. SC126806. The court's tentative order read in part, "Defendants have not shown that it should be stricken. DENIED." Thus I have continued to fight to keep my name confidential and have succeeded to do so. *Doe v. Oshrin*, 299 F.R.D. 100, 103 (D.N.J. 2014). See attached, as Exhibit B is a true and correct copy of the Superior Court of California's Notice of Ruling stating in part: "ORDERED the follow: Defendants' motion to strike second amended complaint was denied," dated January 9, 2023.

16.     I am a ballet-trained, principal soloist in a modern dance company and a Native American indigenous sacred dancer.  In the underlying case, Defendants have mocked and discriminated against my religious dance intimating that I am "a stripper," which I am not, to target me as an initial matter, giving rise to the facts in

- 7 -

PLAINTIFF'S DECLARATION IN RESPONSE TO ORDER TO SHOW CAUSE

which this action is based. There are other religious dancers that I work with that are innocent nonparties that would be smeared along with me and hurt in the process by unsealing my identity as this matter has already garnered publicity. *Id Roe v. Bernabei & Wachtel PLLC*, 85 F. Supp. 3d 89, 96 (D.D.C. 2015) (quoting *Nat'l Ass'n of Waterfront Employers v. Chao*, 587 F. Supp. 2d 90, 99 (D.D.C. 2008))

### 17.    c. Anonymous Party's Vulnerability

I am just a single woman, a professional artist and master dance teacher of adults and children whereas Defendant Olson is a high profile, affluent and well-connected real estate developer with a vast network of personal, business, and political associates. I alleged these facts more specifically in the First Amended Complaint in this action.

18.    The law provides that a party may preserve his or her anonymity when "the party's need for anonymity outweighs prejudice to the opposing party and the public's interest in knowing the party's identity." *Id Advanced Textile Corp*., at 1068. Here the "special circumstances justify secrecy, " and outweigh any prejudice to opposing parties. *Advanced Textile Corp.*, 214 F.3d at 1067.

Based upon the foregoing, I should be permitted to proceed pseudonymously. California law requires the court to permit the 'Jane Doe' pseudonym and Federal case law permits anonymity in these circumstances.

//

//

PLAINTIFF'S DECLARATION IN RESPONSE TO ORDER TO SHOW CAUSE

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

I declare under penalty of perjury that the foregoing is true and correct under the laws of the State of California. Executed January 9, 2023 at Half Moon Bay, California.

*Jane Doe*

Jane Doe, in sui juris

PLAINTIFF'S DECLARATION IN RESPONSE TO ORDER TO SHOW CAUSE

## STATE OF CALIFORNIA, COUNTY OF VENTURA

I am employed in the County of Ventura, State of California. I am over the age of 18 and not a party to the within action. My business address is 625 E. Santa Clara Street, Suite 101, Ventura, California 93001.

On January 9, 2023, I served the foregoing document(s) described as: **NOTICE OF RULING** on the interested parties in this action, by placing ___ the original ___ a true copy thereof enclosed in a sealed envelope addressed as follows:

SEE ATTACHED SERVICE LIST

___ **(BY FIRST CLASS MAIL)___ (BY EXPRESS MAIL)** I caused such envelope with postage thereon fully prepaid to be placed in the United States mail at Ventura, California. I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. It is deposited with the U.S. Postal Service on that same day in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than 1 day after date of deposit for mailing in affidavit.

___X___ **ONLY BY ELECTRONIC TRANSMISSION**. In accordance with Emergency Rule 12 set forth by the California Judicial Council due to the Coronavirus (COVID-19) pandemic, I caused the document(s) to be sent to the interested parties herein at the e-mail addresses included in the attached Service List. This office is working remotely, and is thus not able to send physical mail as usual, and is therefore using electronic mail as permitted by Emergency Rule 12 and Code of Civil Procedure § 1010.6(e). I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

___ **(BY OVERNIGHT CARRIER)** I placed the above-named document in an envelope or package designated by [GoldenState Overnight Carrier/UPS/Federal Express/other carrier] ("express service carrier") addressed to the parties listed on the service list herein, and caused such envelope with delivery fees paid or provided for to be deposited in a box maintained by the express service carrier. I am "readily familiar" with the firm's practice of collection and processing of correspondence and other documents for delivery by the express service carrier. It is deposited in a box maintained by the express service carrier on that same day in the ordinary course of business.

___ **(BY PERSONAL SERVICE)** I delivered such envelope by hand to the office of the addressee.

_X___ **(State)** I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

___ **(Federal)** I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made. I declare under penalty of perjury that the foregoing is true and correct.

Executed on January 9, 2023, at Ventura, California.

*/s/ P.W. Holman*
P.W. HOLMAN

1

PROOF OF SERVICE

1

**SERVICE LIST**
**Doe v. Olson, etc. et al.**
LASC Case No.: SC126806
(Related Case No.: SC128027 )

2

3

4

| | |
|---|---|
| Gloria P. Martinez-Senftner, Esq. | Benjamin F. Kanani, Esq. |
| Martinez Business & Immigration | Law Office of Benjamin Kanani, APC |
| Law Group, PC | 8730 Wilshire Boulevard, Suite 310 |
| A Professional Law Corporation | Beverly Hills, CA  90211 |
| 1600 Sacramento Inn Way, Suite 116 | |
| Sacramento, CA 95815 | Email: ben@kananilegal.com |

5

6

7

8

Phone: (916) 797-9907
Fax: (916) 797-9961
Email:  gloria.martinezsenftner@gmail.com

9

10

| | |
|---|---|
| Paul Kujawsky, Esq. | Mitchell Keiter. Esq/ |
| Law Office of Paul Kujawsky | Keiter Appellate Law |
| 5252 Corteen Place, Suite 35 | 424 South Beverly Drive |
| Los Angeles, CA  91607 | Beverly Hills, CA  90212 |
| | |
| Email: pkujawsky@caappeals.com | Email: mitchell.keiter@gmail.com |

11

12

13

14

Eric M. Kennedy, Esq.
Robert Collings Little, Esq.
Robert M. Data, Esq.
Paul A. Alarcon, Esq.
BUCHALTER, APC
1000 Wilshire Boulevard, Suite 1500
Los Angeles, CA 90017-2457

15

16

17

18

Phone:      213.891.0700
Fax:          213.896.0400
E-mail:      ekennedy@buchalter.com
                 rlittle@buchalter.com
                 rdato@buchalter.com
                 palarcon@buchalter.com

19

20

21

22

23

24

25

26

27

28

2

## PROOF OF SERVICE

I, Gilbert Romero, am over the age of 18 years.  I am not a party to the within-entitled cause.  I maintain my business address at 4454 Marine Ave Lawndale, CA 90260.  On January 9, 2023 I served the attached:

**Plaintiff's Declaration In Response To Order To Show Cause**

upon the following individuals/entities by electronic email and by placing a true and correct copy of the document in a sealed envelope with postage thereon fully prepared, in the United States mail at Los Angeles, California, addressed as follows:

Lindsay N Frazier-Krane for Marlene Burris, Debra Rivera, Michael Convey, Emily Spear, Cindy Kim
Cummings McClorey Davis and Acho
3801 University Avenue Suite 560,  Riverside, CA 92501
951-276-4420  Fax: 951-276-4405  Email: lkrane@cmda-law.com

Michael B Fisher  for Buchalter, Eric Kennedy and Ashley Milnes
Buchalter APC
1000 Wilshire Boulevard Suite 1500, Los Angeles, CA 90017-1730
213-891-0700  Fax: 213-896-0400  Email: mbfisher@buchalter.com

Andrew J. Waxler for Slaughter, Reagan and Cole, LLP and Lamdien Le
Kaufman Dolowich Voluck LLP
21515 Hawthorne Boulevard Suite 450, Torrance, CA 90503
30-540-2000  Fax: 310-540-6609  Email: awaxler@kdvlaw.com

Raymond J Fuentes  for William Koo
Fuentes and McNally LLP
700 North Central Avenue Suite 470  Glendale, CA 91203
818-543-4750  Fax: 818-543-4757  Email: fmllp@fm-llp.com

I declare under penalty of perjury under the laws of the State of California that the above is true and correct. Executed on January 9, 2023, in Los Angeles, California.

-                 /s/ Gilbert Romeo
                Gilbert Romero

- 13 -

PLAINTIFF'S DECLARATION IN RESPONSE TO ORDER TO SHOW CAUSE