Case 2:21-cv-09747-SB-PD Document 78 Filed 02/02/23 Page 1 of 30 Page ID #:1210

Court of Appeal, Second Appellate District
Daniel P. Potter
Electronically RECEIVED on 6/14/2022 at 11:58:07 PM

Court of Appeal, Second Appellate District
Daniel P. Potter
Electronically FILED on 6/14/2022 by Melissa Real, Deputy Clerk

FILED
CLERK, U.S. DISTRICT COURT

February 2, 2023

CENTRAL DISTRICT OF CALIFORNIA
BY: \_\_\_\_\_ BP \_\_\_\_\_ DEPUTY

# B295388, consolidated with
# B298532, B298224 and B305935

## CALIFORNIA COURT OF APPEAL
## SECOND APPELLATE DISTRICT, DIVISION 2

---

### VIDALA AARONOFF et al.,

Plaintiffs and Respondents, and Appellants and Respondents,

v.

### CURTIS OLSON,

Defendant and Petitioner, and Appellant and Respondent.

---

Appeal from the Superior Court of Los Angeles,
Michael Convey, Judge
Superior Court Case No. 17SMRO00308, 17SMRO00368

---

### REPLY BRIEF OF VIDALA AARONOFF

---

Paul Kujawsky
State Bar Number 110795
5252 Corteen Place No. 35
Studio City CA 91607
818-389-5854
pkujawsky@caappeals.com

Attorney for Appellant
VIDALA AARONOFF

1

# Table of contents

**I. Introduction**...................................................................5

### *Aaronoff's appeals*

**II. (B295388) The trial court committed reversible error by preventing Aaronoff from subpoenaing attorney Dien Le as a witness, then permitting his surprise testimony**...........................................................8

**III. (B305935) The trial court committed reversible error by amending the judgment to add the ATW Trust and its trustees as additional judgment debtors**........................................................................11

> **A.  The order adding the trust and trustees as judgment debtors is void because the trial court violated the automatic stay of Code of Civil Procedure section 917.1, subdivision (d)**...........11

> **B. The trial court abused its discretion by adding judgment debtors by way of an ex parte application**........................................................17

> **C. Olson's evidence shows that Aaronoff did not own the condominium, nor was she a trustee of the ATW Trust. No trustee has an attachable interest in the property**......................................18

> **D. The trial court ruled that the trust does not exist. If the trust does not exist, the condominium reverts to its prior owner, not to Aaronoff**...........................................................22

**E. Olson already owns the property. His purchase of the condominium demonstrates his knowledge that Aaronoff was never the owner**.................................................................23

**IV. (B298244) Because there is no evidence that Aaronoff owns the condominium, the trial court abused its discretion by ordering Aaronoff to pay Olson's attorney fees**....................................................23

*Olson's appeal*

**V. (B298532) The trial court did not abuse its discretion by awarding Aaronoff more in attorney fees than she requested**.......................................................25

**VI. Conclusion**...........................................................26

# Table of authorities

**Cases**

*Avant! Corp. v. Superior Court* (2000) 79 Cal.App.4th 876 ............ 25

*Bank of San Pedro v. Superior Court* (1992) 3 Cal.4th 797 ....... 14, 15

*Davis v. Perry* (1932) 120 Cal.App. 670 ........................................... 21

*Garcia v. Santana* (2009) 174 Cal.App.4th 464 .............................. 24

*Highland Springs Conference & Training Center v. City of Banning* (2016) 244 Cal.App.4th 267 ....................................................... 17

*In re Marriage of Dick* (1993) 15 Cal.App.4th 144 ......................... 25

*Kallman v. Henderson* (1965) 234 CA2d 91 ...................................... 9

*LAOSD Asbestos Cases* (2018) 28 Cal.App.5th 862 ..................... 16

*Mallon v. City of Long Beach* (1955) 44 Cal.2d 199 ......................... 22

*Manson, Iver & York v. Black* (2009) 176 Cal.App.4th 36 ............ 17

*Paul Blanco's Good Car Co. Auto Group v. Superior Court* (2020) 56 Cal.App.5th 86 ........................................................................ 16

*Quiles v. Parent* (2017) 10 Cal.App.5th 130 ............................. 14, 15

*Roman v. BRE Properties, Inc.* (2015) 237 Cal.App.4th 1040 ........ 24

*Ryan v. Crown Castle NG Networks, Inc.* (2016) 6 Cal.App.5th 775 ................................................................................................. 24

*Steinhart v. County of Los Angeles* (2010) 47 Cal.4th 1298 ............. 21

*Wells Fargo Bank, N.A. v. Weinberg* (2014) 227 Cal.App.4th 1 .... 17

**Statutes**

Code of Civil Procedure section 527.6 ................................. passim

Code of Civil Procedure section 916 .............................. 12, 14, 16

Code of Civil Procedure section 917.1 ..................... 12, 13, 14, 15

Code of Civil Procedure section 1032 .......................................... 13

Code of Civil Procedure section 1033.5 ....................................... 13

Corporations Code section 17707.06 ........................................... 23

Evidence Code section 777 ............................................................ 10

Evidence Code section 912 ............................................................ 10

Stats. 1993, ch. 456 § 14 ................................................................ 12

**Treatises**

9 Witkin, Cal. Procedure (4th ed. 2020) Appeal, § 254 ............. 15

Cal. Judges Benchbook Civ. Proc. Trial (2022) § 16.102 .......... 24

Eisenberg et al., Cal. Practice Guide: Civil Appeals and Writs (The Rutter Group 2022) ¶ 7:132 ............................................. 16

# I. Introduction

To briefly recapitulate:

Aaronoff sought a civil harassment restraining order against Olson pursuant to Code of Civil Procedure section 527.6. (B295388, 1 CT 17.)  Olson also sought a restraining order against Aaronoff. (B295388, 1 CT 74.)

At the hearing there was evidence that Olson was taking pictures through Aaronoff's window. (November 14, 2018 RT 140:3-141:11.) There was evidence that Olson was looking through Aaronoff's window while she was using the bathroom. (November 14, 2018 RT 153:12-16.)

There was evidence of an incident in which Olson ran at Aaronoff in the parking area, speaking quickly and appearing angry and agitated; Aaronoff appeared to be afraid of him. (November 14, 2018 RT 160:23-162:4.) Olson made the witness feel that Aaronoff should call the police and carry a taser or other nonlethal weapon. (November 14, 2018 RT 165:4-166:1.)

There was evidence of tampering with Aaronoff's bathroom window. (November 15, 2018 RT 49:20-54:6.) There was also damage to a back door that suggested an attempted break-in. (November 15, 2018 RT 54:18-57:25.)

There was evidence of people sitting in their cars every day listening, watching and filming Aaronoff's condominium. (November 15, 2018 RT 79:11-80:21.)

There was evidence that Aaronoff spent time in hiding because she was in fear of her life. (November 15, 2018 RT 81:17-82:6.)

There was evidence that Aaronoff decided to change the locks on her home, as the police advised her, because she felt unsafe. (November 15, 2018 RT 185:15-21; November 16, 2018 RT 58:13-22.)

There was evidence of men taking photographs of Aaronoff, and following her. (November 16, 2018 RT 46:13-47:23.)

There was evidence that documents relating to Aaronoff's lawsuit with Olson were stolen from the condo. (November 16, 2018 RT 68:21-69:4.)

The trial court denied both restraining orders. (B295388, 9 CT 1536; November 19, 2018 RT 46:7-15, 51:2-8.) The court considered that while Aaronoff believed she was being watched and followed, she didn't connect it to Olson by clear and convincing evidence. (November 19, 2018 RT 46:7-15.) Aaronoff appealed from the denial of her restraining order, appeal **B295388**.

The court found that Olson was the prevailing party in Aaronoff's petition, and awarded attorney fees to Olson. By the same reasoning, the court found that Aaronoff was the prevailing party in Olson's petition, and awarded attorney fees to Aaronoff. (B305935, 4 CT 753.) Aaronoff appealed from the fee award against her, appeal **B298244**. Olson also appealed from the fee award against him, appeal **B298532**.

In resisting the fee award, Aaronoff had argued that she is indigent and has neither income nor assets. (B305935, 1 CT 151.)

Olson therefore sought to prove that (1) ATW Trust is Aaronoff's alter ego, and (2) ATW trust owns the condominium in Chateau Colline in West Los Angeles, which Aaronoff rents. Olson moved ex parte to add the trust and its trustees as additional judgment debtors. (B305935, 3 CT 451.) The trial court granted that motion. (B305935, 7 CT 1248.) Aaronoff and trustee John Walkowiak appealed from this order, and related post-judgment orders, appeal **B305935**.

*Aaronoff's appeals*

## II. (B295388) The trial court committed reversible error by preventing Aaronoff from subpoenaing attorney Dien Le as a witness, then permitting his surprise testimony.

Aaronoff subpoenaed attorney Dien Le or Lamdien Le to appear as a witness at the restraining order hearing. (B295388, 2 CT 266.) Aaronoff wanted to examine Le because Le had threatened Aaronoff on behalf of Olson. (B295388, 3 CT 393.)

Le moved to quash the subpoena. (B295388, 2 CT 347.) He invoked the attorney-client privilege, asserting that he was Olson's lawyer in a civil action between Aaronoff and Olson. (B295388, 2 CT 348.)

The trial court quashed the subpoena, finding that Aaronoff didn't show that Le had relevant, admissible evidence against Olson. (April 2, 2018 RT 14:18-15:8.) This was reversible error. (AOB 51.)

First, the trial court found that Olson didn't authorize Le's threatening statement to Aaronoff. (April 2, 2018 RT 14:5-19, 15:5-6.) There was no basis for jumping to this conclusion. Le admitted that he was Olson's attorney at that time. (B295388, 2 CT 348; April 2, 2018 RT 12:1-24.) True, at the hearing Le tried to obfuscate the point. (April 2, 2018 RT:11:23-13:28.) But the basis of Le's

8

motion to quash was protecting Olson's attorney-client privilege.

And as the trial court observed, Le and Aaronoff were in fact discussing settling that case between Aaronoff and Olson. (April 2, 2018 RT 10:21-22 ["[H]e's alleged to have made a comment about the value of settling a case . . . ."].) Le nowhere asserts that he was speaking without Olson's knowledge or authorization. There is simply no evidence supporting the court's finding that Olson wasn't behind the threat Le made to Aaronoff.

The trial court stated: "The thing is you have to show, in order for it to be admissible, you would have to show that it was an authorized admission." (April 2, 2018 RT 14:5-7.) That was legal error. On the contrary, there is a presumption that an attorney who appears in an action on behalf of a party is authorized to represent that person. The burden of proof is on the person attacking the authority of the attorney to act. (*Kallman v. Henderson* (1965) 234 CA2d 91, 98.) The trial court erred in making that finding.

Second, the trial court found that Le's statement wasn't "necessarily" a threat. (April 2, 2018 RT 15:6-12.) A statement that isn't "necessarily" a threat is "possibly" a threat. In any event, the meaning of the statement was a

crucial question of fact that should have been explored at trial by examination and cross-examination.

In the end, *Olson himself called Le as a rebuttal witness.* (November 16, 2018 RT 125:13.) Apparently, preserving the attorney-client privilege wasn't so urgent after all. Having voluntarily called Le as a witness, Olson waived the privilege. (Evid. Code § 912, subd. (a).)

But Aaronoff was unable to seize the opportunity. The trial court's earlier order had taken Le off the table, as it were. Aaronoff was caught by surprise. (November 16, 2018 RT 128:10-11.)

Because Aaronoff's Le subpoena had been quashed, Aaronoff did not insist on excluding Le from the courtroom pursuant to the court's Evidence Code section 777 order. (November 16, 2018 RT 127:12-15.) Le, unlike all other non-party witnesses, was able to sit in the courtroom, take in all the evidence, and prepare himself. The prejudice is plain.

More important, Aaronoff was not prepared to cross-examine Le when he became a surprise rebuttal witness at the very tail-end of the trial. (November 16, 2018 RT 128:10-11.) It had the effect of preventing Aaronoff from properly putting on key evidence, crippling her case.

This was a miscarriage of justice, because the Le incident was crucial evidence. As the trial court stated: "[T]his was the must succinct, clear evidence of a threat to the safety of Ms. Aaronoff." (November 19, 2018 RT 43:12-14.)

The restraining order judgment should be reversed and remanded for a new trial.

### III. (B305935) The trial court committed reversible error by amending the judgment to add the ATW Trust and its trustees as additional judgment debtors.

Chronologically, the next topic in this brief should be the award of attorney fees. However, that argument will depend on whether the trial court erroneously added the ATW Trust and its trustees as judgment debtors.

### A. The order adding the trust and trustees as judgment debtors is void because the trial court violated the automatic stay of Code of Civil Procedure section 917.1, subdivision (d).

After denying Aaronoff's request for a restraining order, the trial court ordered Aaronoff to pay attorney fees to Olson. Aaronoff appealed from that order. (B298224, 5 CT 1057.)

An appeal from an order of attorney fees automatically stays the trial court proceedings, pursuant to Code of Civil Procedure section 917.1, subdivision (d). But the trial court has ignored the automatic stay. This has operated as a kind of original sin, giving rise to further generations of void orders. These in turn have necessitated further appeals, including this one.

The basic principle is that an appeal works an automatic stay in the trial court:

> [With certain exceptions,] the perfecting of an appeal stays proceedings in the trial court upon the judgment or order appealed from or upon the matters embraced therein or affected thereby, including enforcement of the judgment or order . . . . (Code Civ. Proc. § 916, subd. (a.).)

Among the exceptions is a judgment for money, or for costs. (Code Civ. Proc. § 917.1, subd. (a).) But subdivision (d) of section 917.1 contains an exception to that exception:

> *However, no undertaking shall be required pursuant to this section solely for costs awarded under Chapter 6 (commencing with Section 1021) of Title 14.*
> (Code Civ. Proc. § 917.1, subd. (d), emphasis added.)

The Legislature added the italicized sentence to section 917.1 in 1993. (Stats. 1993, ch. 456 § 14.)

Chapter 6, "Of Costs," to which section 917.1, subdivision (d) refers, includes section 1032, subdivision (b). That statute states:

> [A] prevailing party is entitled as a matter of right to recover costs in any action or proceeding.

Section 1033.5 goes on to define "costs":

> (a) The following items are allowable as costs under Section 1032:
> ***
> (10) *Attorney's fees, when authorized by any of the following*:
>> (A) Contract.
>> (B) *Statute.*
>> (C) Law.
> (Emphasis added.)

The attorney fees award from which Aaronoff appealed was ordered pursuant to Code of Civil Procedure section 527.6, subdivision (s):

> The prevailing party in an action brought pursuant to this section may be awarded court costs and attorney's fees, if any.

Code of Civil Procedure section 527.6, not to belabor the obvious, is a statute.

Thus, attorney fees awarded pursuant to section 527.6 are "costs" as defined by section 1033.5, subdivision (a)(10)(B), and as allowed by section 1032.

13

And thus, attorney fees awarded pursuant to Code of Civil Procedure section 527.6 are "costs awarded under Chapter 6" as stated in Code of Civil Procedure section 917.1, subdivision (d).

*Therefore, trial court proceedings were automatically stayed when Aaronoff appealed from the Code of Civil Procedure section 527.6 attorney fees award, pursuant to Code of Civil Procedure sections 916, subdivision (a) and 917.1, subdivision (d).*

The recent case of *Quiles v. Parent* (2017) 10 Cal.App.5th 130, ratifies this interpretation of section 917.1, subdivision (d):

> For nearly 125 years, the "well established" rule in this state has been that a judgment consisting solely of costs is not a money judgment requiring an undertaking. (*Bank of San Pedro v. Superior Court* (1992) 3 Cal.4th 797, 801, 12 Cal.Rptr.2d 696, 838 P.2d 218 (*Bank of San Pedro* ).) Our Supreme Court, construing statutory antecedents of sections 916 and 917.1, was concerned that if a judgment for costs was deemed to be a money judgment, "virtually every judgment would be within the scope of [the money judgment exception], and an undertaking would be required to stay every judgment pending appeal. The exception ... to the automatic stay provision ... would cease to be an exception; it would subsume the general rule. Such a result could not have been consistent with the Legislature's intent." (*Bank of San Pedro*, at p. 801, 12 Cal.Rptr.2d 696, 838 P.2d 218.)

14

Consistent or not with prior legislators' intent, this exception was finally codified in 1993 (one year after the *Bank of San Pedro* case.) (*Id.* at p. 137, citation and parenthesis omitted, ellipses in original.)

The *Quiles* court did not attempt to overrule the Supreme Court, of course. Rather, it recognized that the *Bank of San Pedro* case had already been legislatively overruled by the 1993 amendment of Code of Civil Procedure section 917.1, subdivision (d). (*Quiles v. Parent, supra,* 10 Cal.App.5th at p. 144.)

Thus, whether section 917.1, subdivision (d) applies is no longer an issue of whether the costs involved are "routine" or "nonroutine," as in the *Bank of San Pedro* analysis. The issue is whether the costs are awarded under Code of Civil Procedure section 1021 et seq. (9 Witkin, Cal. Procedure (4th ed. 2020) Appeal, § 254.)

The California Supreme Court denied review of *Quiles.* (*Quiles v. Parent, supra,* 10 Cal.App.5th at p. 130.)

No reported case subsequent to *Quiles* has quarreled with its conclusion.

*Quiles* is endorsed by the leading treatise on civil appeals:

> **Judgment or order *solely* for CCP § 1021 et seq. costs of suit:** No undertaking is required to stay a judgment or

a "costs only" judgment is *automatically* stayed on appeal. [CCP §
917.1(d); *Quiles v. Parent* (2017) 10 CA5th 130, 137-138 . . . .
(Eisenberg et al., Cal. Practice Guide: Civil Appeals and Writs (The Rutter Group 2022) ¶ 7:132, emphasis in original.)

*Quiles* must be regarded as settled law. Applying the case to the attorney fees award under Code of Civil Procedure section 527.6, subdivision (s) is no stretch.

The principal effect of the automatic stay on appeal is to remove the trial court's subject matter jurisdiction concerning proceedings within the scope of the appeal. (*Paul Blanco's Good Car Co. Auto Group v. Superior Court* (2020) 56 Cal.App.5th 86, 97.) Further trial court proceedings in contravention of the section 916 stay are in excess of the court's jurisdiction in its "fundamental sense" and thus *void*. (*LAOSD Asbestos Cases* (2018) 28 Cal.App.5th 862, 872.)

As a result, the order adding the trust and trustees as judgment debtors is void: the trial court made it after Aaronoff appealed from the attorney fees order, i.e., in violation of the automatic stay. The subsequent related orders are also void. They must be reversed.

### B. The trial court abused its discretion by adding judgment debtors by way of an ex parte application.

The trial court made its alter ego order, not by noticed motion, but under the quicker and looser conditions of an ex parte application. This also renders the order void.

The reason is simple: Code of Civil Procedure section 187, which permits adding an alter ego judgment debtor, "contemplates a noticed motion." (*Wells Fargo Bank, N.A. v. Weinberg* (2014) 227 Cal.App.4th 1, 9; *accord*, *Highland Springs Conference & Training Center v. City of Banning* (2016) 244 Cal.App.4th 267, 280; *Blizzard Energy, Inc. v. Schaefers* (2021) 71 Cal.App.5th 832, 855.) That is, even if the court already has personal jurisdiction over the proposed new judgment debtor, due process demands that the proposed judgment debtor be given proper notice and the opportunity to defend its position.

"A trial court lacks jurisdiction to amend a judgment ex parte in a manner not prescribed by statute." (*Manson, Iver & York v. Black* (2009) 176 Cal.App.4th 36, 43.) Unless the amendment merely corrects a clerical error appearing on the face of the record, amendment of a judgment requires *notice to all parties whose rights would be substantially affected*, a hearing, and presentation of evidence sufficient to

make the necessary factual determinations. Where the judgment is amended without proper notice to a party whose rights are substantially affected by the amendment, the judgment may be set aside. (*Id.* at p. 44.)

Thus, the orders must be reversed.

**C. Olson's evidence shows that Aaronoff did not own the condominium, nor was she a trustee of the ATW Trust. No ATW trustee has an attachable interest in the property.**

Even if Olson could overcome the automatic stay on appeal, there is another fundamental problem: Aaronoff not only did not own the condominium which is the basis of Aaronoff's supposed wealth; but she not a trustee of the ATW Trust.

This is the evidence regarding ownership of the property that Olson provided in his ex parte application (B305935, 4 CT 693, 7 CT 1288):

1. Limited Liability Company Articles of Incorporation for Isadora Duncan Academy, LLC, dated June 24, 2009. (B305935, 8 CT 1508.)

2. Grant deed from Max Wilcox to Isadora Duncan Academy, LLC for the condominium, recorded July 22, 2009. (B305935, 8 CT 1510-1511.)

18

3. Limited Liability Company Certificate of Amendment, changing the name of the Isadora Duncan Academy, LLC to Devon Chateau, LLC, dated July 14, 2011. (B305935, 8 CT 1515.)

4. Statement of Information, naming Max Wilcox as Chief Executive Officer of Devon Chateau, Wilcox and Aaronoff as managers, dated September 15, 2011. (B305935, 4 CT 733.)

5. Quitclaim deed from Devon Chateau, LLC to Vidala Aaronoff, Trustee of the ATW Trust for the condominium, effective January 1, 2012 but recorded February 15, 2017. (B305935, 8 CT 1519-1520.)

6. Quitclaim deed from Devon Chateau, LLC to Vidala Aaronoff, Trustee of the ATW Trust for the condominium, effective January 1, 2012 but recorded June 6, 2017. (B305935, 8 CT 1524.)

7. Limited Liability Company Certificate of Dissolution of Devon Chateau, LLC, dated December 20, 2012. (B305935, 8 CT 1517.)

8. Limited Liability Company Certificate of Cancellation for Devon Chateau, dated December 28, 2012. (B305935, 4 CT 735.)

To sum up: Olson's evidence is that the original owner, Max Wilcox, gave the property to the Isadora

Duncan Academy, which then changed its name to Devon Chateau. Devon Chateau quitclaimed the property to Aaronoff *as trustee of ATW Trust* before winding up its existence.

Throughout, Olson misstates this crucial fact, e.g.:

On July 22, 2009, *Ms. Aaronoff took title to her condo* unit under the name of the Isadora Duncan Academy, LLC. The unit was gifted *to her* by its former owner, Max Wilcox.
(B305935, 7 CT 1283, emphasis added.)

Olson here simply assumes what he has the burden of proving. And Olson's own evidence refutes this: Wilcox gave the property to the Isadora Duncan Academy, *not* to Aaronoff.

*The evidence does not show that Aaronoff ever had any ownership interest in the property.* There was a period in which she was a trustee of an entity (ATW Trust) that owned the property. But that doesn't show that Aaronoff owned the property, either.

Aaronoff ceased being a trustee for the ATW trust on April 14, 2019. (B305935, 6 CT 1161:18-19.) Aaronoff and the trust are now essentially strangers to each other. The ATW trust cannot be held responsible for Aaronoff's debts, any more than the Ford Foundation or the United Federation of Planets could.

But even if Aaronoff *were* still an ATW Trust trustee, the trust *still* could not be held responsible for her debts. Under general principles of trust law, trust *beneficiaries* hold the equitable estate or beneficial interest in property held in trust; they are regarded as the real owners of that property. The trustee merely holds the *legal title* to the property. (*Steinhart v. County of Los Angeles* (2010) 47 Cal.4th 1298, 1319.)

Consequently, trustee status by itself bestows no genuine, attachable ownership interest in the property. Naming a trustee as a "judgment debtor" in order to get at the property held in trust accomplishes nothing. "The law is well settled that the lien of a judgment does not attach to a naked title but only to the judgment debtor's interest in the real estate; and if he has no interest, though possessing the naked title, then no lien attaches." (*Davis v. Perry* (1932) 120 Cal.App. 670, 676.)

And of course this is true not only of Aaronoff, but of *every* actual trustee of the ATW Trust. The order naming ATW Trust and its trustees as additional judgment debtors should be reversed as contrary to law.

**D. The trial court ruled that the trust does not exist. If the trust does not exist, the condominium reverts to its prior owner, not to Aaronoff.**

21

The trial court, after finding that the ATW Trust is Aaronoff's alter ego, found that the ATW Trust does not exist. Aside from the internal contradiction, that conclusion has consequences that Olson may not have anticipated.

"When the trust is terminated, the corpus does not become the individual property of the trustee; it reverts to the settlor." (*Mallon v. City of Long Beach* (1955) 44 Cal.2d 199, 208.)

Aaronoff is not a trustee of the ATW Trust. (September 4, 2019 RT 4:28-5:1; 14:16-21; 17:8-14.) Olson has acknowledged that Aaronoff is not a trustee. (September 4, 2019 RT 16:6-7.)

But even if Aaronoff were a trustee, the condominium would not belong to her if, as the trial court proclaimed, the ATW Trust doesn't exist. Since an attempted transfer to a non-existent entity is a nullity, the property would again become the property of Devon Chateau, LLC, its previous owner. The fact that Devon Chateau was dissolved in 2012 is no obstacle:

> A limited liability company that has filed a certificate of cancellation nevertheless continues to exist for the purpose of winding up its affairs . . . and collecting and dividing its assets.
> (Corp. Code § 17707.06, subd. (a).)

As a result, the condominium does not become available to satisfy Olson's judgment for attorney fees.

### E. Olson already owns the property. His purchase of the condominium demonstrates his knowledge that Aaronoff was never the owner.

Olson currently owns 99.98% of the property. (*See* Motion for Judicial Notice, filed concurrently.) He bought it from Scott Robinson, who in turn received it from Devon Chateau LLC.

This demonstrates the validity of the argument above: if the ATW Trust doesn't exist, the trust property reverts to Devon Chateau, the former owner—not Aaronoff.

Aaronoff never owned the property, and Olson knows it.

### IV. (B298244) Because there is no evidence that Aaronoff owns the condominium, the trial court abused its discretion by ordering Aaronoff to pay Olson's attorney fees.

Aaronoff has had fee waivers throughout this litigation. She is unable to pay the ordered attorney fees. (B305935, 1 CT 151.) Olson persuaded the trial court that Aaronoff has the ability to pay the attorney fees because

23

she supposedly owns a valuable asset—the condominium she rents. As demonstrated above, that is not correct. (And Olson knows it—*see* Motion for Judicial Notice.) Basing a ruling on a complete misreading of the facts is an abuse of discretion.

In awarding statutory attorney fees, the proper exercise of discretion includes consideration of the financial circumstances of the losing party and the impact of the award on that party. (*Garcia v. Santana* (2009) 174 Cal.App.4th 464, 476-477; *see also Roman v. BRE Properties, Inc.* (2015) 237 Cal.App.4th 1040, 1062-1063.)

"A judge has the discretion to determine that a reasonable award is $0 when the losing party is unable to pay any fee award without financial ruin." (Cal. Judges Benchbook Civ. Proc. Trial (2022) § 16.102.)

The trial court did not exercise its discretion to consider a zero fee award. The failure to exercise discretion is itself an abuse of discretion. (*Ryan v. Crown Castle NG Networks, Inc.* (2016) 6 Cal.App.5th 775, 788-787.)

The trial court abused its discretion under Code of Civil Procedure section 527.6, subdivision (s) by requiring Aaronoff to pay *any* of Olson's legal bills.

***Olson's appeal***

## V. (B298532) The trial court did not abuse its discretion by awarding Aaronoff more in attorney fees than she requested.

The Court of Appeal reviews a decision to award attorney fees, and the amount of fees awarded, for abuse of discretion. (*Sonoma Land Trust v. Thompson* (2021) 63 Cal.App.5th 978, 278).

As long as the trial court applied governing rules of law in exercising its discretion, the court's decision cannot be said to amount to a reversible abuse of discretion. A mere disagreement—the fact that the appellate court might have ruled differently if in the trial court's shoes—does not make out an abuse of discretion. (*Avant! Corp. v. Superior Court* (2000) 79 Cal.App.4th 876, 881-882.)

Crucially, an attorney fees award greater than the fee requested is not by itself an abuse of discretion. (*In re Marriage of Dick* (1993) 15 Cal.App.4th 144, 167-168.) The trial court recognized this, stating:

> In any event, in my analysis of this case, I think it is more fair and equitable that the court consider all of Ms. Aaronoff's attorney's fees and costs expended in this matter.
> (April 16, 2019 RT 13:1-4.)

Olson does not refute this exercise of discretion. Olson has not demonstrated an abuse of discretion. The order assessing attorney fees against Olson should be affirmed.

## VI. Conclusion

The proceedings below are littered with reversible errors. The judgment denying Aaronoff's request for a restraining order should be reversed and remanded for a new hearing.

The order assessing attorney fees against Aaronoff should be reversed.

The order adding additional judgment debtors should be reversed.

The order assessing attorney fees against Olson should be affirmed.

June 1, 2022                          Paul Kujawsky
                                      Attorney for Appellant
                                      VIDALA AARONOFF

## Certificate of Compliance

Appellant's attorney of record certifies that, pursuant to California Rules of Court, Rule 8.204(c)(1), this Appellant's Reply Brief contains approximately 4,070 words. This is fewer than the total number of words permitted by the Rules of Court. Counsel relies on the word count of the computer program used to prepare this brief.

June 1, 2022                      _____

                                 Paul Kujawsky
                                 Attorney for Appellant
                                 VIDALA AARONOFF

**Aaronoff v. Olson**
**B295388, consolidated with**
**B298244, B298532 and B309136**

PROOF OF SERVICE

I am over 18 years of age. My business address is 5252 Corteen Place No. 35, Studio City CA 91607. My electronic service address is pkujawsky@caappeals.com.

On June 1, 2022 , I filed and served the **Reply Brief of Vidala Aaronoff** on Eric Kennedy and Robert Little, attorneys for Respondent, via TrueFiling, at:

ekennedy@buchalter.com
rlittle@buchalter.com

On June 1, 2022, I served the **Reply Brief of Vidala Aaronoff** by placing a true copy thereof in a sealed envelope and depositing it with the United States Postal Service, with the postage fully prepaid, addressed as follows:

Clerk's Office
Los Angeles Superior Court
111 North Hill Street
Los Angeles CA 90012

I have served the California Supreme Court by filing this brief electronically to the Court of Appeal, pursuant to the California Rules of Court, rules 8.44(b)( 1) and 8.212(c)(2).

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct. Executed at Studio City, California.

June 1, 2022                    _____

                               PAUL KUJAWSKY

Court of Appeal, Second Appellate District
Daniel B. Potter
Electronically FILED on 6/14/2022 by Melissa Real, Deputy Clerk

|  | **PROOF OF SERVICE** |
|---|---|
| **STATE OF CALIFORNIA**<br>California Court of Appeal, Second<br>Appellate District | **STATE OF CALIFORNIA**<br>California Court of Appeal, Second<br>Appellate District |

| Case Name: **Aaronoff v.**<br>**Olson** |
|---|
| Case Number: **B295388** |
| Lower Court Case Number: **17SMRO00308** |

1. At the time of service I was at least 18 years of age and not a party to this legal action.

2. My email address used to e-serve: **Paul.Kujawsky@gmail.com**

3. I served by email a copy of the following document(s) indicated below:

Title(s) of papers e-served:

| Filing Type | Document Title |
|---|---|
| BRIEF - APPELLANTS REPLY BRIEF | 2022.6.1.Aaronoff reply brief |
| BRIEF - APPELLANTS REPLY BRIEF | 2022.6.1.Trust Reply Brief |

Service Recipients:

| Person Served | Email Address | Type | Date / Time |
|---|---|---|---|
| Paul Kujawsky<br>Law Offices of Paul Kujawsky<br>110795 | pkujawsky@caappeals.com | e-Serve | 6/14/2022 11:58:06 PM |
| Gloria Martinez-Senftner<br>Martinez Bus. & Imm. Law Grp<br>164048 | gloria.senftner@gmail.com | e-Serve | 6/14/2022 11:58:06 PM |
| John Walkowiak<br>Court Added<br>108908 | Heywood_law@yahoo.com | e-Serve | 6/14/2022 11:58:06 PM |
| Eric Kennedy<br>Buchalter, A Professional Corporation<br>228393 | ekennedy@buchalter.com | e-Serve | 6/14/2022 11:58:06 PM |
| Robert Little<br>Buchalter<br>182396 | rlittle@buchalter.com | e-Serve | 6/14/2022 11:58:06 PM |
| Vidala Aaronoff | JaneDoe4Justice@aol.com | e-Serve | 6/14/2022 11:58:06 PM |

This proof of service was automatically created, submitted and signed on my behalf through my agreements with TrueFiling and its contents are true to the best of my information, knowledge, and belief.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

6/14/2022
Date

/s/Paul Kujawsky
Signature

Kujawsky, Paul (110795)
Last Name, First Name (PNum)

Law Office of Paul Kujawsky
Law Firm